UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

 Plaintiff,

v.

Island Villa Rental Properties Inc.,

 Defendant.

---

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

 Defendant, Island Villa Rental Properties Inc., by and through its attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 12, answers plaintiff Maureen Harrington's Complaint [ECF 1] and further pleads by affirmative defenses in response to this copyright trolling case.

ANSWER

 1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 and therefore denies same.

 2. Defendant admits the allegations contained in paragraph 2.

 3. Defendant admits the allegations contained in paragraph 3.

 4. Defendant admits the allegations contained in paragraph 4.

 5. Defendant admits the allegations contained in paragraph 5.

 6. Defendant admits that it has received a copy of letters testamentary appearing to appoint plaintiff as personal representative of the Estate of Blaine G. Harrington III, but otherwise

lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 and therefore denies same.

7. The allegations contained in paragraph 7 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

8. The allegations contained in paragraph 8 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

9. The allegations contained in paragraph 9 are improper bolstering and immaterial. Regardless, defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 and therefore denies same.

11. With regard to the allegations contained in paragraph 11, defendant admits that the certificate of registration attached as Exhibit A to the Complaint states that it was assigned a particular registration number, and that its effective date of registration is March 5, 2013. Defendant lacks knowledge or information sufficient to form a belief about whether what is attached to the complaint is a true and correct copy of the asserted registration.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 and therefore denies same.

13. Defendant admits that it conducts business is in the real estate market, but denies plaintiff's characterization of defendant's business, as alleged in paragraph 13.

14. With regard to the allegations contained in paragraph 14, while defendant admits that it maintains the alleged website and social media, it denies plaintiff's characterizations in this paragraph.

15. Defendant admits that the URL indicated was publicly available online in July 2018, and that the thumbnail images for each respective post, including the alleged post, remained unchanged since that date, but otherwise denies the allegations contained in paragraph 15.

16. Defendant admits that the exhibit attached as "B" to the Complaint appears to be a portion of defendant's website at the URL indicated, but otherwise denies the allegations contained in paragraph 16.

17. Defendant admits the allegations contained in paragraph 17, but denies that it used the alleged work for any commercial purpose, denies that the alleged work appeared on any social media, denies that plaintiff had any indicia of a copyright claim to the work that could have even facilitated defendant to "contact[] Plaintiff", and denies that it infringed plaintiff's copyright. In fact, Harrington intentionally avoids placing any copyright notice on its works to further his business of copyright trolling.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant admits that it may have found certain images online that are depicted on the subject website, but otherwise denies the allegations contained in paragraph 19, and denies that it used the alleged work or otherwise infringed plaintiff's copyright.

20. Defendant admits that plaintiff sent it an extortionate, copyright trolling demand letter, but denies the remainder of the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Paragraph 22 of the Complaint is a re-incorporation paragraph, for which defendant re-adopts its responses.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 and therefore denies same.

26. Defendant admits that plaintiff previously licensed its images through Getty and may have made those images available on plaintiff's website to the public—all without a copyright claim on them—but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 26 and therefore denies same.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30, and demands strict proof from plaintiff as to these allegations as of the date the complaint was filed. These allegations are demonstrably false, were false at the time when the complaint was signed by plaintiff's counsel, and are sanctionable under Rule 11. The allegation, like others in this complaint, are further evidence of copyright trolling.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

Defendant denies that plaintiff is entitled to any relief whatsoever in this action. Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which it did not specifically admit or respond to in this Answer to plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. **Defense 1 – Statute of Limitations**. Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the Copyright Act statute of limitations. 17 U.S.C. § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which the lawsuit was brought. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

2. **Defense 2 – Invalidity – § 411(b)**. Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office. Alternatively, Harrington was willfully blind to the inaccuracy. The Register of Copyrights would have considered the inaccuracy material and would have refused to register Mr. Harrington's claim had she known of the incorrect information. Mr. Harrington also submitted the knowing inaccuracy with the intent to deceive the Copyright Office—although neither scienter nor fraud is required to overcome the presumption of validity and invalidate the certificate. Unicolors Inc. v. H&M Hennes & Mauritz, L. P., 142 S. Ct. 941 (2022) ("if Congress had intended to impose a scienter standard other than actual knowledge, it would have said so explicitly").

3. **Defense 3 – Failure to State a Claim**. Because, among other reasons, the certificate of registration is invalid, plaintiff cannot state a claim for relief. 17 U.S.C. § 411(a); Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S.Ct. 881 (2019).

4. **Defense 4 – Invalidity – Insufficiently Creative.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendant's copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection. Applying the doctrines of merger, *scènes à faire*, natural elements, standard technique or practice, efficiency, compatibility, and others, plaintiff has no copyrightable (protectable) expression, and thus copying the subject work cannot infringe plaintiff's claimed copyright. There is no originality in the timing or the subject matter of the natural scene. Nothing in the work was created or staged by plaintiff. Furthermore, photography of a natural scene is ubiquitous and commonplace such that the "angle" of the image is not protectable expression but rather merely an unprotectable idea. Harner v. Wong Corp., no. 12-cv-00820 (D.N.M. Oct. 31, 2013) Kim Seng Co. v. J & A Importers, Inc., 810 F.Supp.2d 1046 (C.D. Cal. 2011); Oriental Art Printing v. Goldstar Printing Corp., 175 F.Supp.2d 542 (S.D.N.Y. 2001); see also Rentmeester v. Nike, Inc., 883 F.3d 1111, 1120 (9th Cir. 2018); Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763 (9th Cir. 2003); Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003).

5. **Defense 5 – No Statutory Damages or Attorney's Fees.** Because the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate. 17 U.S.C. § 412.

6. **Defense 6 – Damages are Limited to Objective Market Value.** Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). The objective market value of the alleged work is relevant to and limits plaintiff's claim to damages, whether statutory or actual. The actual market for unremarkable natural scenes for use online is approximately $10 for a perpetual worldwide royalty-free nonexclusive license. Furthermore, plaintiff licensed the subject image through Getty, where plaintiff offered to license the work for a relatively nominal, market-based three-figure rate.

7. **Defense 7 – Innocent, Good Faith Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites. Defendant has not willfully infringed any intellectual property or other rights owned by plaintiff and defendant acted in good faith and without any intent to injure plaintiff.

8. **Defense 8 – De Minimis Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not use any elements that are protectable expression.

9. **Defense 9 – Unclean Hands**. On information and belief, plaintiff previously offered to, and did in fact, license the subject image to the public for a nominal fee through Getty. At some time thereafter, plaintiff terminated its agreement with Getty with the goal of pursuing accused infringers for significantly larger sums after having seeded the internet with websites that obtained a license from plaintiff through Getty. Plaintiff's calculated effort to initially license its

images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief.

10. **Defense 10 – Laches**. Plaintiff's equitable relief is barred by the doctrine of laches. The subject image was allegedly publicly viewable on defendant's website at least by 2014, nearly a decade ago. Plaintiff also routinely performs reverse image searches of its portfolio, such that plaintiff had actual or constructive knowledge of the alleged infringement. Plaintiff delayed asserting its claim and that delay was inexcusable due to the public nature of the alleged wrong. To the extent plaintiff did not undertake an ongoing reverse image search, that lack of diligence was unreasonable given the programmatic and inexpensive tools available to plaintiff. Given the lapse of time, undue prejudice to defendant has resulted, including the loss of potential evidence to defend against plaintiff's claim. Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice.

11. **Defense 11 – Copyright Misuse**. Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act. Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990). Its improper conduct includes, but is not limited to, selectively enforcing against certain persons and entities, using enforcement efforts to derive revenue extortionately greater than the fair market value of the work or the fair amount of damages actually suffered, securing default judgments predicated on false or misleading affidavits which are further used to improperly extort settlements, and generally engaging in a pattern of improper pre-suit and litigation misconduct. Harrington cannot claim the benefits of his copyright monopoly.

                                                         __/s/ Griffin Klema_____
                                                         Griffin C. Klema, Esq.

              Fla. Bar No. 100279
              Griffin@KlemaLaw.com
              **Klema Law, P.L.**
              PO Box 172381
              Tampa, FL 33672
              420 W. Kennedy Boulevard
              Tampa, FL 33606
              Telephone: 202-713-5292
              *Attorney for Defendant*