IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INCORPORATED,

    Defendant.

## FIRST AMENDED COMPLAINT

Plaintiff Maureen Harrington, as personal representative for the estate of Blaine Harrington III ("Plaintiff") sues defendant Island Villa Rental Properties Incorporated ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Colorado residing in the State of Colorado.

2. Defendant is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 81681 Old Highway, Islamorada, FL 33036. Defendant's agent for service of process is Patricia Stanley, 81681 Old Highway, Islamorada, FL 33036.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## **FACTS**

**I.     Blaine Harrington III**

6. Plaintiff has been appointed as the personal representative of the estate of her late husband, Blaine Harrington III. The Estate owns and manages the copyrights to Mr. Harrington's photographic works, including those at issue in this lawsuit.

7. Mr. Harrington was a well-known and highly regarded travel/location photographer based in Denver, CO, a five-time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and worked on assignment for most major news, business and travel magazines.

8. With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Mr. Harrington had expert knowledge of Europe, as well as most regions of the world.

He maintained files of over 500,000 images from over seventy-five countries and was (until his untimely death in January 2023) continually traveling to add new and updated material to the files.

9. Mr. Harrington's travel/location photography was highly sought after and has been published in numerous magazines/travel calendars, including: *Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure*. He was also the travel photography columnist (bi-monthly "On the Road") for *Shutterbug Magazine* and had numerous corporate clients that have included his work in their marketing/advertising campaigns.

## II. The Work at Issue in this Lawsuit

10. In 2011, Mr. Harrington created a professional photograph of Alligator Reef Light House in Islamorada, Florida titled "20110427_florida_3563" (the "Work"). A copy of the Work is exhibited below:



11. The Work was registered by Mr. Harrington with the Register of Copyrights on August 29, 2011 and was assigned Registration No. VAu 1-077-015. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as "**Exhibit "A."**

12. Mr. Harrington is the owner of the Work and has remained the owner at all times material hereto.  As the appointed personal representative for Mr. Harrington's estate, Plaintiff is entitled to institute and maintain this action for copyright infringements. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

13. Defendant is a platform that specializes in listing luxury vacation rentals in the Florida Keys. Defendant lists properties including but not limited to Key Largo, Tavernier, and Islamorada.

14. Defendant advertises/markets its business primarily through its website (at https://islandvilla.com/), social media (e.g., https://www.facebook.com/IslandVillaRentals and https://www.instagram.com/island_villa_properties/), and other forms of advertising.

15. In July 2018 (after Mr. Harrington's above-referenced copyright registration of the Work), Defendant published the Work on its website, webpage, and/or social media (at https://islandvilla.com/florida-keys-and-travel-news) in connection with an article titled "10 Fun And Interesting Facts About The Florida Keys":



https://islandvilla.com/wp-content/uploads/2018/07/20110427-florida-3563.jpg



16.     True and correct copies of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, are attached hereto as **Exhibit "B."**

17.     Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

18. Defendant utilized the Work for commercial use.

19. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Mr. Harrington discovered Defendant's unauthorized use/display of the Work in November 2022. Following Mr. Harrington's discovery, Mr. Harrington notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of the Work.

21. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

24. Mr. Harrington owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

25. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as she has sufficient rights, title, and interest to such copyright (as Plaintiff has been appointed as the personal representative of Mr. Harrington's estate which is administering all of Mr. Harrington's assets, including the works at issue in this lawsuit).

26. As a result of Mr. Harrington's reproduction, distribution, and public display of the

Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

27.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Mr. Harrington and/or his estate.

28.     By its actions, Defendant infringed and violated Mr. Harrington's estate's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

29.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©2018 Island Villa, Inc.") indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional

photography such as the Work is generally paid for and cannot simply be copied from the internet.

30. Defendant's willfulness is further demonstrated by the fact that Defendant, for at least eight (8) months after receipt of Plaintiff's pre-suit notice of infringement, refused and/or failed to remove the Work from its website (see, e.g. https://web.archive.org/web/20230814200824/https://islandvilla.com/wp-content/uploads/2018/07/20110427-florida-3563.jpg) notwithstanding multiple communications sent to Defendant notifying it of the infringement and demanding that the Work be removed from Defendant's website. See, e.g. Prepared Food Photos, Inc. v. Perry Wings Plus, Inc., No. 22-CV-61883-RAR, 2022 U.S. Dist. LEXIS 227304, at *10 (S.D. Fla. Dec. 19, 2022) ("Defendant's refusal to remove Plaintiff's Work after nearly a dozen communication attempts demonstrates Defendant's willfulness."); Burch v. Nyarko, 2007 U.S. Dist. LEXIS 55345, at *3 (S.D.N.Y. July 30, 2007) ("Nyarko's conduct throughout this action – reflected in his refusal to talk to Plaintiff, to remove the photographs promptly from the website, and to respond to this suit – supported a finding of willfulness under 17 U.S.C. § 504©(2)."); Schwabel v. HPT Serv., LLC, No. 3:17-cv-791-J-34JBT, 2018 U.S. Dist. LEXIS 171820, at *10 n.8 (M.D. Fla. Sep. 6, 2018) ("Because Defendant failed to remove the Photograph from the subject sites after Plaintiff demanded that he do so, the undersigned recommends that the infringements were willful.").

31. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32. Plaintiff is entitled to recover her actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

33. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover her costs and attorneys' fees as a result of Defendant's conduct.

35. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: February 2, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
lauren@copycatlegal.com
dan@copycatlegal.com

By: /s/ Lauren M. Hausman\_\_\_
      Lauren M. Hausman, Esq.
      Florida Bar No.: 1035947
      Daniel DeSouza, Esq.
      Florida Bar No.: 19291