UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

## DEFENDANT'S EXPEDITED MOTION TO STAY

Defendant, Island Villa Rental Properties Incorporated, by and through its attorney, Griffin Klema, Esq., pursuant to the Court's inherent authority to stay the proceedings, moves on an expedited basis pursuant Local Rule 7.1(d)(2) for a stay of these proceedings until its amended motion for judgment on the pleadings [ECF 23] is decided or alternatively until the Supreme Court and Eleventh Circuit enter potentially controlling opinions. Island Villa seeks a ruling on this motion sufficiently in advance of March 7, 2024, the deadline for its response to extensive discovery served by Harrington.

## PROCEDURAL HISTORY

Harrington originally brought a 1-count complaint for copyright infringement on August 10, 2023, against Island Villa Rental Properties, Inc. ("Island Villa"). [ECF 1]. Island Villa answered, asserted a number of defenses, [ECF 6]. Harrington was then granted leave to file, [ECF 19] and then did file an amended complaint, [ECF 20]. Island Villa answered, [ECF 22], and then moved for judgment on the pleadings [ECF 23] pursuant to the Copyright Act's statute of

limitations, 17 U.S.C. § 507(b). Island Villa now moves for a stay of these proceedings pending the Court's decision on that motion or, alternatively, until the Supreme Court decides a potentially authoritative (and almost certainly persuasive) decision in <u>Nealy v. Warner Chappell Music, Inc.</u>, no. 22-1078 (Sept. 29, 2023), and/or until the Eleventh Circuit decides two related appeals directly relating to the Act's statute of limitations as applied to infringement claims, <u>Affordable Aerial Photography Inc. v. Trends Realty USA Corp.</u>, no. 23-11662 (11th Cir.) and <u>Affordable Aerial Photography Inc. v. Property Matters USA, LLC</u>, no. 23-12563 (11th Cir.).

On February 6, 2024, Harrington served extensive written discovery on Island Villa, including 24 interrogatories, 49 requests for admission, and 36 requests for production. Many of these are objectionable, and the deadline for Island Villa's response

Harrington is a copyright troll, and is using this untimely litigation as a means to drive up defendant's settlement offer and which is wholly disconnected from justice and objective market value of the asserted work. Given the extensive discovery and clear statute of limitations defense on the face of the amended complaint, Island Villa seeks an expedited ruling on this motion to stay so that the case-dispositive motion for judgment on the pleadings may be decided without putting Island Villas to the expense of continuing to litigate a clearly time-barred claim.

**STANDARD FOR GRANTING A STAY**

A district court has discretion to stay proceedings before it as a power "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). It "is not questioned" that a district court has "inherent discretionary authority … to stay litigation pending the outcome of related proceeding in another forum." <u>CTI-Container Leasing Corp. v. Uiterwyk Corp.</u>, 685 F.2d 1284, 1288 (11th Cir. 1982). A proceeding can be stayed to "promote judicial economy, reduce confusion and prejudice, and prevent possibly

inconsistent resolutions." Lopez v. Miami-Dade Cnty., 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015).

"A variety of circumstances may justify a district court stay pending resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000).

Among those reasons is a case pending before the U.S. Supreme Court that may have dispositive effects on the instant action. Lopez, 145 F. Supp. 3d at 1207-08 (granting stay "because (i) a stay is warranted to avoid unnecessary expenditures of time and resources, (ii) a stay will not prejudice Plaintiff since a decision is expected within the year, and (iii) there is a public interest in judicial economy and efficiency"). Such a stay is not "immoderate." Cf. id.

Another reason, "at least a good one, if not an excellent one [is] to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009); see also Simpson v. J.G. Wentworth Co., no. 8:23-cv-152 (M.D. Fla. Apr. 2023) (*sua sponte* ordering stay pending *en banc* decision in Eleventh Circuit).

Separately, failing to rule on an early dispositive motion on a "dubious claim" can be an abuse of discretion. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1369 (11th Cir. 1997). At a minimum, a court should "'take a preliminary peek' at the merits of [a dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." Feldman v. Flood, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997).

## ARGUMENT

A. **A stay is appropriate here, where a dispositive motion for judgment on the pleadings has been filed and a Supreme Court decision expected within a few months will affect the merits.**

Island Villa's amended motion for judgment on the pleadings [ECF 22] raises a threshold and dispositive issue of the timeliness of Harrington's singular infringement claim, which would end this case if granted.

Current Supreme Court and Eleventh Circuit law strongly indicates that an ordinary infringement claim accrues at the moment of the alleged copying, and thus the Copyright Act's 3-year statute of limitations, 17 U.S.C. § 507(b), begins running upon the occurrence of an allegedly infringing act. While Island Villa's argument is that the statute's text is clear and case law applying it in this circuit and the Supreme Court shows it embodies injury-accrual, to the extent the Court believes there is an "uncertain legal environment" then staying the case will allow it "to avoid issuing a dispositive [o]rder in the midst of" that environment. Jacobs v. Ocwen Loan Servicing, LLC, No. 16-62318-Civ-Scola, 2017 WL 1733855 (S.D. Fla. April 14, 2017).

Crucially, the Supreme Court has granted a petition for writ of certiorari to review the decision in Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325 (11th Cir. 2023), where the high court will address "[w]hether, under the discovery accrual rule applied by the circuit courts and the Copyright Act's statute of limitations for civil actions, 17 U.S.C. §507(b), a copyright plaintiff can recover damages for acts that allegedly occurred more than three years before the filing of a lawsuit." Warner Chappell Music, Inc. v. Nealy, no. 22-1078 (Sept. 29, 2023). In addition to the parties' briefing, a dozen amici have field briefs. The court will hold oral argument on February 21, 2024, and an opinion will be issued by the end of June, and likely sooner.

Given the scope of the Supreme Court's certiorari grant in Warner Chappell, the decision there has a high probability of being dispositive of Harrington's claim here, either as a direct result of the scope of damages available or as to her claim's timeliness altogether. That decision, just a few months away, has at a significant likelihood of informing how this Court should rule even if

not authoritative on the present issue.

A potential delay of a few months will not prejudice Harrington, as no further damages are occurring. The allegedly offending blog post was long ago removed in its entirety and Harrington does not even allege a continuing harm. Entering a stay would also not be an abuse of discretion because a stay, pending ruling on Baby Gizmo's 12(c) motion or the forthcoming opinion in Nealy, might prevent unnecessary litigation costs—costs that could be significant for Baby Gizmo to show that Harrington's actual damages are low, that Harrington habitually extorts settlements in abusive fashion, that Harrington's certificate is invalid, and more.

Apart from Warner Chappell, a separate, more direct petition before the Supreme Court confronts the Copyright Act's statute of limitations. In Hearst Newspapers, L.L.C. v. Martinelli, no. 23-474, the Supreme Court, on its own initiative, requested a response from Martinelli, thus showing the court's keen awareness of the importance of this issue and the possibly direct injury-vs-discovery rule it can take up in that separate petition. As the Reply of the petitioner Hearst Newspapers made clear, its petition is potentially related to the Warner Chappell case, but acknowledging that Warner Chappell may itself decide the issue, and therefore urged the court to hold its petition until that case is decided. Reply, Hearst Newspapers, no. 23-474 (Jan. 30, 2024). The court's conference on the parties' petitions is set for February 16, 2024.

### B. A stay is also appropriate due to pending Eleventh Circuit appeals that will be decisive of whether Harrington's claim is timely or not

Separate from pending Supreme Court proceedings, there are two Eleventh Circuit appeals which directly confront the Copyright Act statute of limitations for ordinary infringement claims. Both Affordable Aerial Photography Inc. v. Trends Realty USA Corp., no. 23-11662 (11th Cir.) and Affordable Aerial Photography Inc. v. Property Matters USA, LLC, no. 23-12563 (11th Cir.) present the same issue respecting when an infringement claim accrues for purposes of the statute

of limitations. Given the circuit's dicta in its recent decision in Nealy v. Warner Chappell, 60 F.4th 1325 (11th Cir. 2023), and repeated citation therein to Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014), foreshadows that it views ordinary infringement claims as injury-based accrual. Briefing in the AAP appeals is complete, and oral argument is expected to be set shortly in both. Notably, counsel for both parties here are counsel for one of those appeals. Thus even if Warner Chappell does not directly resolve the claim accrual question, the Eleventh Circuit decisions will. That alone is what that court has held is an "excellent" reason for staying district court proceedings. Miccosukee Tribe, 559 F.3d at 1198.

Entering a stay would be neither immodest nor an abuse of discretion because a stay, pending ruling on Island Villa's 12(c) motion or the forthcoming opinion in Warner Chappell, or the twin decision ins Affordable Aerial Photography, might prevent unnecessary litigation costs—costs that could be significant for Island Villa to show that Harrington's actual damages are low, that Harrington habitually extorts settlements in abusive fashion, that Harrington's certificate is invalid, and more. Island Villa is awaiting Harrington's portion of the joint conferral report. ; see also Harrington v. 360 ABQ, LLC, no. 22-cv-00063 (D.N.M. Nov. 17, 2022) (granting in part defendant's motion to compel disclosure of information related to Harrington's prior infringement claims). Given the volume and breadth of the information at issue, the parties and the Court will benefit from the Court's decision on the threshold statute of limitations issue.

It is also worth noting that in another of Harrington's copyright trolling cases in another district (also between the same counsel here), the defendant's filing of a similar Rule 12(c) motion and a motion to stay—together with the court's ordering Harrington to respond to the stay motion—quickly precipitated the parties' nominal settlement. Harrington v. Baby Gizmo Co., no. 1:23-cv-5306 (N.D. Ill.). Here, as in that case, the proceedings are at an early stage, and there is

significant litigation pressure that Harrington has and will continue to assert to drive up Island Villa's cost of defense, all with the calculated and expected result that more money will be offered to Harrington. But Island Villa, unlike other targets of such abuse, intends to stand on its rights, just as the Supreme Court has encouraged defendants to do. Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519 (2016) (the Copyright Act's fee-shifting provision, § 505, "encourages parties with strong legal positions to stand on the rights and deters those with weak ones from proceeding with litigation").

Finally, the Court should also take note of Harrington's business model as a copyright troll. In a New Mexico case, the district court refused to dismiss the defendant's copyright troll (misuse) defense that alleges Harrington is a copyright troll. Harrington v. 360 ABQ, LLC, no. 22-cv-00063 (D.N.M. May 18, 2022). That case and a number of others pending in New Mexico continue to be litigated aggressively by Harrington against various defendants who have collectively refused to give in to Harrington's extortionate tactics. PACER also shows that the number of infringement cases Harrington has filed may exceed 130, and it is believed that most of those cases were dismissed early as a result of the defendant electing to settle rather than litigate.[1] As the Seventh Circuit has acknowledged, such practices are a severe disservice to justice. Live Face on Web, LLC v. Cremation Soc'y of Ill., 77 F.4th 630, 635 (7th Cir. 2023) ("this suit bears all the hallmarks of a copyright troll at work"). Harrington's conduct should give this Court pause, and provide a basis for a pause in the litigation, too.

---

[1] Counsel here were also the attorneys of record in two of them, Harrington v. BlackHat Studios, LLC, no. 23-cv-01994 (E.D. La.) and Harrington v. Baby Gizmo Co., no. 1:23-cv-5306 (N.D. Ill.). In both, each defendant elected to settle to avoid abusive litigation.

## CONCLUSION

**WHEREFORE**, defendant Island Villa Company requests the Court

(a) order Harrington to respond to this motion in expedited fashion;

(b) grant this motion on a similarly expedited basis in advance of March 7, 2024, to avoid mounting discovery burdens to Island Villa;

(c) stay these proceedings until Island Villa's motion for judgment on the pleadings is decided or alternatively until the Supreme Court issues its opinion in <u>Warner Chappell</u> and/or the Eleventh Circuit disposes of the two <u>Affordable Aerial Photography</u> appeals; and

(d) grant such further relief as the Court deems just and proper.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. The conferral on the matters raised in this motion were discussed during the parties' conferral on January 17, 2024.

    /s/ Griffin Klema
Griffin C. Klema, Esq.