**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 4:23-cv-10080-JEM**

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

      Plaintiff,

v.

Island Villa Rental Properties Inc.,

      Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REQUEST FOR ORDER TO SHOW CAUSE**

Defendant, Island Villa Rental Properties Incorporated, by and through its attorney, Griffin Klema, Esq., and pursuant to Local Rule 7.1(c)(1) files its response in opposition to plaintiff's motion requesting leave to file an amended complaint, [ECF 16], and—should this case not be stayed or dismissed—then pursuant to Fed. R. Civ. P. 11(c)(3), requests the Court to enter a show cause order to plaintiff's counsel, or alternatively sanction plaintiff's counsel pursuant to the Court's inherent authority.

Defendant does not lightly file this response. Typically, a motion seeking leave to amend a pleading at an early stage of a case can be worked out among the parties. But here sequence of events compels this response: an allegation known to be false in the first pleading, the subsequent lack of candor in the motion seeking leave to amend, and then the second false allegation topped off by bad faith refusal to stipulate to indisputable evidence to the contrary. All of that implicates attorney misconduct and Rule 11. And all counsel in favor of a very careful, very serious look at what was alleged by Harrington's counsel, who just three months ago was admonished by Judge

Middlebrooks for "conduct unbecoming of a forthright litigant in federal court" and noting CopyCat Legal's omission of factual context in its pleading "borders on deceitful." <u>Affordable Aerial Photography, Inc. v. Ditommaso</u>, no. 9:22-cv-80030 (S.D. Fla. Nov. 9, 2023) (vacating default judgment against defendant).

As the following facts show, plaintiff's counsel violated Rule 11 and then sought to cover up and deceive this Court of that violation through a further omission followed by a refusal to acknowledge the undeniable truth though feigned ignorance.

## I.   <u>PROCEDURAL HISTORY & FACTS</u>

This is a copyright trolling case. Plaintiff Harrington is represented by CopyCat Legal in this action and many other lawsuits. As is typical of CopyCat Legal, it sent a presuit demand letter seeking $30,000 on December 12, 2022, for alleged infringement of a single image online. Decl. of Glade Krepper, attached as Exhibit A, and Exhibit A-1 thereto., Island Villa is merely another victim of conduct which the Seventh Circuit has repeatedly admonished:

> The district court concluded that Live Face was not a copyright troll. But it is uncontested that Live Face has filed, in the district court's words, "dozens if not hundreds of other copyright lawsuits like the one here." PACER reveals that Live Face has filed more than 200 copyright suits in 29 different federal districts courts. The district court pointed to the one case in which Live Face has prevailed at trial to conclude that Live Face is not a copyright troll. As the defendants noted at oral argument, Live Face sought and was awarded its fees in its one win. To our eyes, **this suit bears all the hallmarks of a copyright troll at work**.

<u>Live Face on Web, LLC v. Cremation Soc'y of Ill.</u>, 77 F.4th 630, 635 (7th Cir. 2023) (reversing denial of defendant's motion attorney's fees and rendering judgment) (citation omitted, emphasis supplied).

Defense counsel has litigated a number of cases opposite CopyCat Legal, and is familiar with their court filings. Like CopyCat's other copyright infringement complaints, the pleading

filed here was consistent with its boilerplate filings elsewhere. <u>Compare</u> [ECF 1] <u>with</u>, e.g.,

<u>Harrington v. BabyGizmo Co.</u>, no. 23-cv-5306 (N.D. Ill. Aug. 10, 2023).

But what makes this case different is that Harrington's counsel, Lauren Hausman, alleged

a known untruth: asserting that Island Villa "refused and/or failed to remove the Work from its

website." [ECF 1 at ¶ 30]. That fact was *actually* known to Ms. Hausman before she signed the

pleading that started this case.

Immediately after receiving the $30,000 demand, Island Villa removed the disputed blog

post from its website in December 2022. Ex. A at ¶¶ 2-3. Thereafter, the blog post was no longer

publicly viewable or accessible. <u>Id.</u>

In an email following up on the initial $30,000 demand, CopyCat Legal emailed Island

Villa confirming that fact, stating that "simply removing the photo from display does nothing to

compensate our client for the past infringement of its work." Ex. A-2. Copied on that email was

Lauren Hausman. <u>Id.</u>

Despite her explicit knowledge to the contrary, Ms. Hausman then filed the present lawsuit

on behalf of Harrington, alleging "Defendant has refused and/or failed to remove the Work from

its website" and identifying https://islandvilla.com/florida-keys-and-travel-news as the offending

website location. [ECF 1 ¶ 30]. After learning of the lawsuit, Island Villa then sought legal

representation.

During the undersigned's investigation of Harrington's claim, Glade Krepper stated that

the disputed blog post was long ago removed. Decl. of Griffin Klema, Exhibit Ex. B, ¶ 3. The

undersigned made further effort to corroborate that fact, including reviewing a number of historical

records of the subject website on the Internet Archive. Ex. B. ¶ 4 and Ex. B-1.

Island Villa then answered the complaint, and made explicit that the allegations leveled in

paragraph 30 were demonstrably false, stating:

> Defendant denies the allegations contained in paragraph 30, and demands strict proof from plaintiff as to these allegations as of the date the complaint was filed. These allegations are demonstrably false, were false at the time when the complaint was signed by plaintiff's counsel, and are sanctionable under Rule 11. The allegation, like others in this complaint, are further evidence of copyright trolling.

[ECF 6 at ¶30]. Hoping that its clear warning to Harrington's counsel would accomplish the necessary result of withdrawal and with some conciliation for the needless effort, Island Villa elected not to serve Harrington's counsel with a Rule 11 motion. Yet humility and candor would not be forthcoming.

During the parties' discussion on the conferral report,[1] Ms. Hausman represented to the undersigned that she did not believe there was a need to amend the complaint. Ex. B at ¶ 6.

But after the conferral, Ms. Hausman then asked for leave to amend the complaint, stating that she "would like to remove the paragraph about willfulness being further demonstrated by the photograph still being published." Ex. B-2. Given the effort expended to investigate that baseless allegation, defendant would not voluntarily provide leave to amend unless Harrington would *discuss* those costs. Ex. Ex. B-3. Harrington completely refused to discuss the matter or confer further, and Ms. Hausman immediately proceeded to file a motion for leave to amend.

Incredibly, rather than admit her error, Ms. Hausman then brazenly sought to whitewash her misconduct by explicitly declining to "argue the merits" of her demonstrably false allegation. [ECF 16 at ¶ 3].

And even more incredibly, she did not simply withdraw the allegation as she stated during

---

[1] During this time (most of January) is when the undersigned's ability to timely meet certain deadlines was significantly interrupted, thus leading to Harrington's motion for leave to file the report unilaterally. See Decl. of Griffin Klema, Science Photo Library Ltd. v. Bell Performance Inc., no. 6:23-cv-2302 (M.D. Fla. Feb. 1, 2024).

conferral but rather signed a *second* pleading with yet another false allegation in its place. Specifically, Harrington alleges that subject image was "still published" on Island Villa's "website," and again asserting Island Villa "failed to remove the Work." [ECF 20 at ¶ 30].

But the revised allegation is just as false as the first because a page *element* (scripts, code, images, etc.) is neither a *website* itself nor even included in one absent an entire, renderable page that incorporates those separate individual elements. Ex. B ¶ 10. And unless a user knows, in password-like-fashion, the precise sequence of letters and characters of an element's particular URL, that element cannot be found because it's not part of a crawlable web page. Id. Thus, the disputed image was not on any Island Villa website or web page after it received the $30,000 demand letter. Ex. A at ¶ 3 and Ex. B, ¶ 10. The Internet Archive confirms that truth. Ex. B-1.

Topping off all of the foregoing was Ms. Hausman's refusal to acknowledge the truth of those Internet Archive captures showing the image was removed by feigning ignorance to a requested stipulation: "I am not sure quite what you are trying to accomplish with your last two emails. You can do whatever you feel you need to do …." Ex. B-3.

While the Court quickly granted Harrington's motion withing days of its filing, it appears the Court misapprehended that the motion was contested, characterizing plaintiff's motion as being "Unopposed." [ECF 19]. Now that the undersigned is (nearly) back at full operating speed,[2] this response to that motion follows to make the record clear why Island Villa opposed leave to amend, and to request the Court examine this issue carefully through a show cause order issued to Lauren Hausman pursuant to Rule 11(c)(3) where she should explain her conduct. The Court may thereafter consider sanctions if it deems appropriate, either pursuant to Rule 11 or its inherent authority.

---

[2] See note 1, *supra*.

## II.     STANDARD FOR *SUA SPONTE* RULE 11 SHOW CAUSE ORDERS

"The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Kaplan v. DaimlerChrysler AG, 331 F.3d 1251, 1255 (11th Cir. 2003). A district judge may levy sanctions (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose. Id.

Rule 11 embodies an objective standard, requiring the court to ask "whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." Id.

What makes court-initiated proceedings under Rule 11(c)(3) different is the fact that there is no 21-day safe harbor for the lawyer to "correct or withdraw the challenged submission." Id. Instead, (c)(3)-type proceedings are initiated by a show cause order that provides the notice and opportunity to be heard. Id. Despite that mechanism, formal compliance with the procedural aspects of the rule "is the ideal" the Eleventh Circuit "appl[ies] a flexible standard [and] in many cases substantial compliance may suffice." Id. at 1257. After a show cause order, sanctions may be imposed where the conduct is "akin to contempt." Id.; but see Chambers v. NASCO, Inc., 501 U.S. 32, 47 (1991) (Rule 11 sanctions are appropriate "for conduct which merely fails to meet a reasonableness standard"). Sanctions are particularly warranted where the offending attorney or party "exhibits a 'deliberate indifference to obvious facts.'" Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998) (quoting Davis v. Carl, 906 F.2d 533, 537 (11th Cir. 1990)).

While the Eleventh Circuit has "not elaborated on the 'akin to contempt' standard," the court's "selection of the type of sanction to be imposed lies within [its] sound exercise of discretion." McDonald v. Emory Healthcare Eye Center, 391 F. App'x 851 (11th Cir. 2010). Further, Rule 11 sanctions need not be severe, and are often suitably imposed for the purpose of

deterring future misconduct. <u>Aetna Ins. Co. v. Meeker</u>, 953 F.2d 1328, 1334 (11th Cir. 1992).

### III.   STANDARD FOR SANCTIONS PURSUANT TO INERENT AUTHORITY

Apart from Rule 11 is the court's inherent authority to police itself, providing a mechanism to address "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Chambers</u>, 501 U.S. at 46. "The inherent power extends to a full range of litigation abuses." <u>Peer v. Lewis</u>, 606 F.3d 1306, 1314 (11th Cir. 2010). Given the scope of their reach, "inherent powers must be exercised with restraint and discretion." <u>Chambers</u>, 501 U.S. at 44.

### IV.   ARGUMENT

As the foregoing facts and law should make evident, Harrington, through CopyCat Legal, continue to employ deceitful tactics in furtherance of a copyright trolling scheme. This is not the first time that CopyCat and its attorneys were sternly warned about false allegations in pleadings. Just three months ago Judge Middlebrooks made explicit that Ms. Hausman's managing attorneys, Daniel DeSouza and James D'Loughy, were less than forthcoming about the allegations that they used to successfully obtain a default judgment for their client. <u>Affordable Aerial Photography, Inc. v. Ditommaso</u>, no. 9:22-cv-80030 (S.D. Fla. Nov. 9, 2023). Specifically, the court made clear that while the pleading there "may not have risen to the level of fraud on the court" the omission of "the factual context … was **conduct unbecoming of a forthright litigant in federal court and the omission borders on deceitful**." <u>Id.</u> The same factual context was and continues to be intentionally omitted here.

First, Ms. Hausman's original allegation, [ECF 1 at ¶ 30], was demonstrably false, Ex. B-1, and its falsity was actually known to her at the time she signed the pleading. Ex. A-2 ("simply removing the photo from display does nothing to compensate our client").

Second, rather than recognize the harm and costs incurred by Island Villa investigating and

addressing that falsity, Ms. Hausman then deceitfully stated to the Court that she didn't want to address "the merits" of her false allegation. [ECF 16 at ¶ 3].

Third, rather than simply withdraw the allegation as she said she would, Ex B-2, Ms. Hausman prepared a new allegation, [ECF 20 at ¶ 30], which is also false because the subject work was not on Island Villa's "website" [ECF 20 at ¶ 30], because the blog post was long ago removed, Ex. A at ¶ 3, Ex. B-1, and the page "element" could not be found by anyone absent that element's secret URL, Ex. B at ¶ 10.

Fourth, when asked to stipulate to evidence establishing when the blog post was removed, Ms. Hausman feigned ignorance—outright refusing to even discuss the issue, let alone stipulate to the undeniable truth. Ex. B-3 ("I am not sure quite what you are trying to accomplish with your last two emails. You can do whatever you feel you need to do ….").

The totality of Ms. Hausman's conduct is deeply troubling and, like her supervising attorneys' recent conduct, unbecoming of a forthright litigant. Ms. Hausman *knew* that the blog post was removed and that the image was no longer public. Ex. A-2. Ms. Hausman deceitfully concealed her Rule 11 violation by filing a motion omitting the reason for her request. [ECF 16]. And the latest allegation fares no better because an undiscoverable, secret "element" is not a "website" or web page that could ever support a claim for willful infringement by "failing to remove" it after the actual page was long gone. Ex. B ¶¶ 10-11, Ex. B-1. All of this raises serious concerns about Harrington and her counsel's obligations under 28 U.S.C. § 1927, and general obligations of candor and fairness to opposing counsel and the tribunal.

Island Villa further notes that Harrington's (CopyCat's) making these kinds of allegations appears to goad accused infringers to irreparably damage their defense by destroying the very evidence which shows the statute of limitations has run, including the file's metadata and all other

crucial information probative of things like whether the alleged image was even the registered work, or was altered. Ex. B ¶ 11; see also, e.g., Dep. Tr. of Robert Stevens, Affordable Aerial Photography Inc. v. Abdelsayed, no. 21-cv-81331 (S.D. Fla., Sept. 21, 2022) ("I admit that the version we sent to Connie didn't have the CMI") (another case between the same counsel here). Allowing a copyright troll law firm, like CopyCat Legal, to make allegations as Ms. Hausman has, furthers its own ends, namely to eliminate case-dispositive defenses through knee-jerk reactions of understandably frightened recipients of CopyCat's *in terrorem* demand letters.

But again, the original allegation was known to be false and the amended allegation is likewise false. Rule 11 and the Court's inherent authority should be applied here to have Ms. Hausman, at a minimum, show cause as to the two allegations she made on behalf of Harrington. Sexton v. Carnival Corp., no. 20-cv-20990 (S.D. Fla. Mar. 9, 2021) (ordering counsel to show cause). Depending on her response, the Court may wish to consider sanctions. Miccosukee Tribe of Indians of Florida v. Cypress, no. 12-cv-22439 (S.D. Fla. Jan. 16, 2015) (sanctioning plaintiff's lawyers for false allegations).

At bottom, the purpose of Rule 11 is to prevent parties their attorneys from making emboldened yet unsubstantiated allegations. CopyCat Legal, as a copyright trolling law firm, should be held to account for its deceit and in particular Ms. Hausman's failure to investigate or rely upon the facts known to her. They are inexcusable and combined with her subsequent bad faith conduct merit sanctions absent a compelling explanation. See Mike Ousley Prods., Inc. v. WJBF-TV, 952 F.2d 380, 383 (11th Cir. 1992) ("imposition of the sanction on the attorney rather than the client is sometimes proper"). There is no justifiable reason for an ignorant filing. Id. Ms. Hausman clearly did not lack time to investigate the facts (she had months); she was not forced to rely solely on her client, since the allegation concerned information concerning a public website,

and she did not depend on another lawyer for the facts because she had them herself. <u>Donaldson</u> <u>v. Clark</u>, 819 F.2d 1551, 1555 (11th Cir. 1987) (*en banc*). The same holds true for the allegation in the amended complaint.

### V.     CONCLUSION

The allegations in both the original and amended complaints are false, and Ms. Hausman knew they were false when she signed each pleading. Misleading this Court in her motion and subsequent refusal to stipulate to exculpatory evidence also demonstrates bad faith and lack of humility. As Judge Middlebrooks recently did, this Court should order CopyCat Legal's attorneys to appear and show cause, and consider sanctions thereafter.

**WHEREFORE**, defendant Island Villa Rental Properties, Inc. respectfully requests the Court, if the case is not stayed or dismissed:

a) enter an order to show cause to Lauren Hausman pursuant to Rule 11(c)(3) requiring her to

   a. explain the factual support for the allegations in paragraph 30 of the original complaint or state affirmatively that she erred in filing the pleading;

   b. explain the factual support for the allegations in paragraph 30 of the amended complaint and how a secret URL proves willfulness;

   c. explain why she did not want to "argue the merits of that issue" in the motion for leave to amend; and

   d. explain why she has refused to stipulate to the removal of the blog post long before this lawsuit was filed;

b) depending on the response, sanction CopyCat Legal and Lauren Hausman for the

expense incurred by Island Villa Rental Properties Inc. investigating the false allegations; and

c) for such further relief as the Court deems just and proper.

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*
