# Exhibit A

**Exhibit A**

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

### DECLARATION OF GLADE KREPPER IN SUPPORT OF DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

I, Glade Krepper, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 of the following is true and correct:

1. I work for defendant Island Villa Rental Properties, Inc. ("Island Villa") and handle much of Island Villa's marketing, including web presence.

2. On about December 12, 2022, Island Villa received an email from Gloria Greenfield with a PDF letter attached demanding Island Villa pay Blaine Harrington $30,000 for alleged copyright infringement. A true and correct copy of that email and letter is attached as **Exhibit A-1**.

3. The same day Island Villa received that letter, I logged into Island Villa's website (a WordPress-based site), and unpublished the blog post that was identified in the letter. I then confirmed that the blog post was removed from the website, https://islandvilla.com/florida-keys-and-travel-news.

4.	Island Villa then received a second email from CopyCat Legal. A true and correct copy of that email is attached hereto as **Exhibit A-2**.

5.	Some months later and before this lawsuit was filed, I recall going through the Island Villa web server to clear out old, unused files. I believe it was at that time when I may have deleted the image at issue in this lawsuit from the server, even though it was no longer part of any website.

Dated: February 12, 2024.

*[signature]*
Glade Krepper
Island Villa Rental Properties, Inc.

# Exhibit A-1

**Exhibit A-1**

**Exhibit A-1**



Begin forwarded message:

**From:** Gloria Greenfield <gloria@copycatlegal.com>
**Subject: Blaine Harrington III v Island Villa Rental Properties Incorporated**
**Date:** December 12, 2022 at 10:36:03 AM EST
**To:** "rentals@islandvilla.com" <rentals@islandvilla.com>
**Cc:** Lauren Hausman <lauren@copycatlegal.com>

**FRE 408 SETTLEMENT COMMUNICATION**

Good morning,

Please see the attached letter, dated today. A copy will follow via FedEx.

Thank you,



Copycat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T  877-HERO-CAT (877-437-6228)
E  help@copycatlegal.com

FRE 408 SETTLEMENT COMMUNICATION

December 12, 2022

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL** (rentals@islandvilla.com)

Island Villa Rental Properties Incorporated
Attn: Patricia Stanley
81681 Old Highway
Islamorada, FL 33036

*RE:     Blaine Harrington III v Island Villa Rental Properties Incorporated*

Dear Ms. Stanley,

    This law firm represents Blaine Harrington III.  We are writing to you because it appears that one or more of our client's copyrighted works was utilized for commercial purposes by Island Villa Rental Properties Incorporated without first obtaining or purchasing a license from our client.  Such unauthorized use constitutes federal copyright infringement under 17 U.S.C. § 501 in addition to other claims potentially arising under federal law.

    This letter is sent pursuant to Federal Rule of Civil Procedure 408 and is for settlement purposes only.  This letter is an attempt to amicably resolve the dispute specified herein prior to initiation of litigation in which damages, costs, and attorneys' fees will be sought. To the extent we cannot resolve this matter privately, please see the enclosed draft Complaint that we intend to have filed in the United States District Court for the Southern District of Florida.

    Our client is a well-known and highly regarded travel/location photographer based in Denver, CO.  Mr. Harrington is a five-time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career) and has worked on assignment for most major news, business and travel magazines.  With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Mr. Harrington has expert knowledge of Europe, as

well as most regions of the world.  Our client maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

Mr. Harrington's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

The unauthorized use of our client's work deprives him of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing his rights.

Our client previously took a professional photograph of Alligator Light Lighthouse in Islamorada Key in the Florida Keys titled "20110427_florida_3563." To our knowledge, our client ***did not*** authorize you or your company to use and/or display the foregoing photograph. Notwithstanding this lack of authorization, we have identified the subject photographs appearing on Island Villa Rental Properties Incorporated's website (at https://islandvilla.com/florida-keys-and-travel-news). Screenshots of the photographs, together with our client's federally registered copyright information, are attached to and described more fully in the attached draft Complaint.

We encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages/attorneys' fees if we are forced to file the enclosed lawsuit.  Keep in mind that attorneys' fees include those you will be forced to incur to mount a defense (if any) ***and*** potentially the attorneys' fees/costs we will incur to pursue the matter (which may be awarded) if our client prevails in court.  It is important that you are cognizant of that exposure in deciding how to respond to this letter. Assuming our client prevails in court, 17 U.S.C. § 504(c)(1) provides our client the right to recover statutory damages (for ***each work*** that was infringed) "in a sum of not less than $750 or more than $30,000 as the court considers just." Further, if the infringement was committed "willfully," the court may increase the award of statutory damages (for ***each work*** that was infringed) "to a sum of not more than $150,000.

Courts in the Eleventh Circuit (which covers Florida, Georgia, and Alabama) have not hesitated (where appropriate) to impose substantial statutory damages against copyright infringers. See, e.g. Reiffer v. World Views LLC, No. 6:20-cv-786-RBD-GJK, 2021 U.S. Dist. LEXIS 38860, at *11 (M.D. Fla. Mar. 1, 2021) (awarding $45,000.00 where ***single*** photograph of Dubai's cityscape was infringed); Corson v. Gregory Charles Interiors, LLC, No. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932, at *14 (S.D. Fla. Aug. 7, 2020) (awarding $57,600.00 where ***single***

photograph was infringed); <u>CCA & B, LLC v. Toy</u>, No. 1:19-CV-01851-JPB, 2020 U.S. Dist. LEXIS 248303, at *17 (N.D. Ga. Dec. 14, 2020) (awarding $30,000 for sale of counterfeit goods that infringed plaintiff's copyright).

Please keep in mind both that the facts of these cases may be different than those here (thus militating in favor of a higher or lower award here) and that the above amounts do not account for attorneys' fees which are also recoverable under the Copyright Act.

Please note that Section 504 of the Copyright Act provides for the recovery of statutory damages (as explained above) or (at our client's election) actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue and make an election that is most beneficial to our client.

While this is a serious matter, it is not particularly complex. The utilization of our client's work(s) without proper authorization constitutes copyright infringement, and we will either resolve this issue in court (allowing a court to decide the matter) or privately between the parties. To that end, my client's demand is simple:

> *You shall pay Thirty Thousand Dollars ($30,000.00) within fourteen (14) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s)*.

Please contact us within the above-stated period to discuss resolution of this matter. If we do not hear from you or are otherwise unable to resolve the matter on amicable terms, please be aware that our client does not shy away from enforcing his rights in court.

Further, you should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

Please understand that, if we do not hear from you within the foregoing period of time, we will have no choice but to file the enclosed lawsuit and allow the courts to decide the matter.

Finally, while removing the unlicensed photograph(s) from commercial display is required, please understand that *removal alone is insufficient to end this matter*. If you do not contact us to discuss payment for your existing/past use of the photograph(s), a lawsuit **will** be *filed* and our client *will* pursue the above-described damages against you.

You should give this matter your immediate attention.

*Lauren Hausman*

Lauren Hausman, Esq.
For the Firm


Encl.

# Exhibit A-2

**Exhibit A-2**



Begin forwarded message:

**From:** Gloria Greenfield <gloria@copycatlegal.com>
**Subject: RE: Blaine Harrington III v Island Villa Rental Properties Incorporated**
**Date:** January 3, 2023 at 1:57:30 PM EST
**To:** "rentals@islandvilla.com" <rentals@islandvilla.com>
**Cc:** Lauren Hausman <lauren@copycatlegal.com>

Good afternoon,

The attached letter was sent to you via email and FedEx on **December 12, 2022**. To date, we have heard nothing in response. Please understand that if you continue to ignore this issue, our client has little choice but to file a lawsuit and pursue its claims in court. As explained in the letter, simply removing the photo from display does nothing to compensate our client for the past infringement of its work and, while removal is required, it does not fully resolve the matter. My preference is to resolve this amicably pre-suit, but I cannot do that if you and your company ignore our efforts to communicate on the matter. Please let us know if there is a convenient time to discuss. Our client's patience is running out and it is not going to delay filing suit for much longer.

Thank you,