IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES
INCORPORATED,

    Defendant.

## JOINT CONFERRAL REPORT

Pursuant to Local Rule 16.1(b), Plaintiff Maureen Harrington, as personal representative for the estate of Blaine Harrington III ("Plaintiff") and Defendant Island Villa Rental Properties Incorporated ("Island Villa" or "Defendant") jointly submit this scheduling report. Where there are competing positions, each party's concerns are prefaced with boldface "**Plaintiff**" or "**Defendant**."

I.     Discovery Plan

    (A)     Rule 26(a) Disclosures: The Parties do not propose any changes in the form of requirements of mandatory disclosures under Fed. R. Civ. P. 26(a). The Parties agree that they will exchange the materials and initial disclosures on February 14, 2024.

    (B)     Subjects of Discovery and Phases: At this time, the parties do not request any variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure. **Plaintiff** proposes that the Parties conduct general discovery, without the need for discovery to be limited in phases. The parties would anticipate the need to each serve interrogatories, requests for production, subpoenas, and requests for admission, and to take deposition discovery in accordance with the Federal Rules of Civil Procedure, covering issues raised in the pleadings and otherwise disclosed through discovery. **Defendant** seeks to phase discovery, if the case is not stayed or plaintiff's claim is not disposed of pursuant

1

    to Rule 12(c) due to the statute of limitations running. Should the Court not enter judgment for defendant based on the statute of limitations due to any factual issue (which Island Villa contends there is not given Harrington's affirmative pleading of the defense), then discovery should be limited to the dispositive issue of the statute of limitations first before general discovery.

(C) <u>Electronic Discovery Issues</u>:  The parties agree that all relevant Electronically Stored Information ("ESI") will be preserved until the resolution of this matter. This includes, but is not limited to, information owned and/or controlled by the parties that is contained in electronic documents, cellular phones, emails, text messages, cryptocurrency wallets, social media, and computer and software programs.  The parties further agree that when discovery requests are made, they will undertake good faith efforts to comply with the terms of the requests.  For structured ESI, like database data, the parties agree make reasonable efforts to procure and produce ESI in native formats.  For unstructured ESI, like emails and word processing, the parties agree to make reasonable efforts to produce discovery in a searchable PDF format and/or native format. **Defendant** anticipates a spoliation dispute with Harrington, who appears to have removed or deleted relevant evidence showing the Harrington registrations are invalid. Further complicating the matter is that Harrington's website host, PhotoShelter, has refused to preserve information notwithstanding Island Villa's preservation letter sent December 5, 2023.

(D) <u>Claims of Privilege or Protecting Trial Preparation Materials</u>:  In connection with the procedures provided by Fed. R. Civ. P. 26(b)(5), the Parties agree that any inadvertent production of privileged or trial-preparation materials shall not be considered a waiver of any privilege or protection applicable to such materials so long as the party identifies the documents mistakenly produced and requests their return.

(E) <u>Changes in Discovery Limitations</u>:  The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed under these rules or by local rule or that other limitations should be imposed.

(F) <u>Other Orders Under Rules 26(c) or 16(b)</u>:  **Plaintiff** does not request any other orders under Rules 26(c) or 16(b) at this time. **Defendant** requests that the initial scheduling order include instructions for preservation of ESI, pursuant to Rule 16(b)(3)(B)(iii).

II.    Conference Report

    A.    *Likelihood of Settlement*

    At this time, the parties are discussing settlement and the likelihood thereof is unclear.

**B.** *Likelihood of Appearance of Additional Parties*

None anticipated at this time.

**C.** *Proposals for the Formulation and Simplification of Issues*

The Parties will endeavor to stipulate to undisputed facts and issues in advance of trial. In addition, the Parties each intend to file dispositive motions in advance of trial in an effort to limit the issues. In particular, defendant Island Villa will move for judgment on the pleadings and seek a stay.

**D.** *Necessity or Desirability of Amendments to the Pleadings*

On January 29, 2024, Plaintiff moved for leave to amend the Complaint. See D.E. 16. On February 1, 2024, the Court entered an Order Granting Plaintiff's Motion for Leave to File to Amend. See D.E. 18. Plaintiff filed her First Amended Complaint on February 2, 2024, [D.E. 20], to which Island Villa filed its Answer and Affirmative Defenses to on February 8, 2024. See D.E. 22. On February 12, 2024, Island Villa filed a Response in Opposition to Plaintiff's Motion for Leave to File Amended Complaint, and requested the Court enter a show cause order pursuant to Rule 11(c)(3). See D.E. 25.

**E.** *Admissions of Fact and Stipulations of Authenticity*

The Parties will endeavor to stipulate as to the authenticity and admissibility of documents to avoid unnecessary issues, and to admit to such facts and documents as will avoid unnecessary need for discovery and issues of proof.

**F.** *Avoidance of Unnecessary Proof/Cumulative Evidence*

Unnecessary proof and cumulative evidence will be eliminated, whenever possible, through the use of admission and stipulations by the Parties.

**G.** *Advisability of Referring Matters to a Magistrate Judge or Master*

The Parties consent to referring discovery matters to the Magistrate Judge.

**H.** *Preliminary Estimate of Time Required for Trial*

The Parties estimate that trial will take 3 – 4 days.

**I.** Requested Dates for Final Pretrial Conference and Trial

    (i). Final Pretrial Conference: **October 2, 2024.**

      (ii).        Trial: **October 21, 2024.**

   **J.**    *Any Issues About:*

      (i)    <u>Disclosure, discovery, or preservation of electronically stored information, including the form or forms in it should be produced</u>: The Parties will agree on reasonable procedures for discovery of electronically stored information.

      (ii)    <u>Claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502</u>: The Parties agree that the "claw-back" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, and that such inadvertent production and "claw back" shall not constitute any waiver of such privileges.

           a.   <u>Island Villa anticipates that Harrington will refuse to disclose prior settlements, asserting "confidentiality" that Harrington, through counsel, procured for the very reason of avoiding disclosures in other of Harrington's many, many lawsuits</u> in furtherance of Harrington's copyright trolling scheme. Harrington has lost on this issue elsewhere, <u>Harrington v. 360 ABQ, LLC</u>, no. 1:22-cv-63 (D.N.M. Nov. 17, 2022) (granting defendant's motion to compel), and Island Villa intends on seeking production of Harrington's prior settlements as well as arm's length licensing.

      (iii)   <u>When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist</u>: The Parties agree to work together to develop a mutually-agreeable ESI plan. Defendant has requested that Harrington preserve information related to his (now former) website.

1. *Whether the trial will be jury or non-jury*
    a. Plaintiff has demanded a jury trial.

2. *An outline of the legal elements of each claim and defense raised by the pleadings*
    a. **Plaintiff's** Response:
        i. Plaintiff has raised a claim of copyright infringement. To establish infringement, Plaintiff must prove ownership of a valid copyright, and that Defendant copied the Work's original components.
            1. To prove validity, Plaintiff will need to show originality and a minimal degree of creativity.
            2. To show copying, Plaintiff is required to show there was access and

4

        substantial similarity to Plaintiff's Work.

b. **Defendant's** Response:
   i. Island Villa will show that the statute of limitations has expired by plaintiff's own admission, the alleged infringement having occurred July 2018—more than three years prior to suit being brought. 17 U.S.C. § 507(b); Compl. [ECF 1 at ¶ 15]. A motion for judgment on the pleadings on this issue [ECF 22] is pending.
   ii. Island Villa will show that Harrington's copyright registration is invalid. Harrington knowingly deceived the Copyright Office by registering tens of thousands of images claiming they were "unpublished" when in fact they were published on his website, which he swore by two separate affidavits in prior trolling lawsuits. The Register of Copyrights will further state that she would not have registered Harrington's claim had the Copyright Office known of the inaccuracy. 17 U.S.C. § 411(b); Unicolors Inc. v. H&M Hennes & Mauritz, L.P., 142 S. Ct. 941 (2022) (willful blindness can invalidate a registration).
   iii. The subject image's "creativity" is extremely thin, and may not be entitled to protection after filtering out unprotectable expression. Compulife Software Inc. v. Newman, 959 F.3d 1288, 1306 (11th Cir. 2020). Harrington's representation of her case is inconsistent with the procedure outlined in controlling precedent of the Eleventh Circuit in Compulife Software. The image is unprotectable as scenes a faire.
   iv. Island Villa will introduce evidence of actual market value of the next best non-infringing alternative (market substitute), based on objective arm's-length transactions.
   v. Island Villa will also show innocent good faith use as a mitigation of plaintiff's claimed statutory damages. 17 U.S.C. § 504(c)(2) ("was not aware and had no reason to believe that his or her acts constituted an infringement of copyright")
   vi. The relative proportion of Harrington's copyright is also de minimis, where the copyright claim is to the compilation of 10,845 images, not a claim to each individual image (as it might be if Harrington had not deceived the Copyright Office and filed a claim to published group), and thus 0.009% of the work is at issue. Ringgold v. Black Entertainment Television, Inc., 126 F. 3d 70, (2d Cir. 1997) (de minimis use "insulates from liability"). That amount is simply not quantitatively actionable copying. Newton v. Diamond, 349 F.3d 591 (9th Cir. 2003) (the "focus on the [portion used and its] relation to the plaintiff's work as a whole embodies the fundamental question in any infringement action"); Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc., 166 F.3d 65, 71 (2d Cir. 1999) (twenty percent not actionable copying because "one-paragraph abstract of a six-paragraph article is not substantially similar");
   vii. Finally, Island Villa will show that Harrington's claim is barred for copyright trolling because plaintiff engages in the business of litigation, ignores the realities of its true damages and focuses on the defendant's cost

>   to defend combined with the threat that defendant will also be liable for plaintiff's attorney's fees. Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990).

3.  *A good-faith estimate of the specific dollar valuation of actual damages and other relief at issue*
    a.  **Plaintiff's** Response: Blaine Harrington III ("Blaine") would have licensed this work to Defendant for $2,500 per year. Upon information and belief, Defendant utilized Mr. Harrington's Work at least as early as July 2018, and continued to use it up and until at least August 14, 2023. Accordingly, Plaintiff would calculate her damages as at least six years of lost licensing, in light of Mr. Harrington not pro-rating his licenses. Plaintiff reasonably calculates her actual damages (not inclusive of a disgorgement of Defendant's profits) to be at least $15,000. In her pleadings, Plaintiff also reserved the rights to elect statutory damages, which could result in a higher dollar value, based on a statutory multiplier and/or willfulness.

    b.  **Defendant's** Estimate: This is a copyright trolling case where the well-established market rate for a fully paid-up royalty free nonexclusive worldwide perpetual license for online use is $10—for an equivalent image, and one used solely as a blog post *thumbnail*. E.g., https://www.istockphoto.com/photo/sombrero-reef-lighthouse-florida-keys-gm1977621806-558830539:

        Objective market value $10:   vs.   Plaintiff's claimed value/damages:
        $150,000 (complaint)
        $30,000 (demand letter)
        $12,500 (initial conferral report draft)
        $15,000 (now)

          

        Plaintiff's purported "per year" fee is either irrelevant or wholly fabricated to bootstrap its trolling business model and misleading as to the law on the scope of recoverable damages. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 672 (2014) (a plaintiff may, due to "§ 507(b)'s limitations period, … gain retrospective relief running **only three years back from the date the complaint was filed**") (emphasis supplied). Here, that's two years of time given plaintiff's recognition that the allegedly infringing image was removed more than a year ago. Further, Harrington previously licensed images through Getty (on a perpetual basis) for a

few hundred dollars (at most) before withdrawing from that arrangement to employ the current copyright troll business model. There are no disgorgement damages. Thornton v. J Jargon Co., 580 F.Supp.2d 1261 (M.D. Fla. 2008) ("plaintiff must show that the infringement itself—that is, the use of the plaintiff's work—was causally linked to the gross revenue claimed"); cf. Jordan v. Time Inc., 111 F.3d 102, 104 n.2 (profits must be "directly attributable" to the infringement). Plaintiff further misrepresents the law as to a "multiplier" (which does not exist) and which defendant will brief if this case is not disposed of on defendant's Rule 12(c) motion. Defendant's good faith estimate of Harrington's damages (assuming defendant is even liable) is a few hundred dollars at most, and not more than $10. Rather than recognize those facts CopyCat Legal and Harrington abuse the copyright laws and leverage the cost of defense and a defendant's risk of paying plaintiff's attorney's fees to extort unreasonable settlements from them.

4. The need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance
    a. The Parties do not anticipate the need for variance from the discovery limitations imposed by Local Rules and/or the Federal Rules of Civil Procedure, except as already identified, above.

Respectfully submitted on February 15, 2024.

## CONFERRAL CERTIFICATE

The Parties certify and represent that they conferred telephonically on January 10, 2024.

| | |
|---|---|
| COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br>lauren@copycatlegal.com<br><br>*Attorneys for Plaintiff*<br><br>By: /s/ Lauren M. Hausman<br>Lauren M. Hausman, Esq.<br>Florida Bar No.: 1035847<br>Daniel DeSouza, Esq.<br>Florida Bar No.: 19291 | KLEMA LAW, P.L.<br>420 W. Kennedy Boulevard<br>Tampa, FL 33606<br>P.O. Box 172381<br>Tampa, FL 33672<br>Telephone: (202) 713-5292<br>griffin@klemalaw.com<br><br>*Attorney for Defendant*<br><br>By: /s/ Griffin Klema<br>Griffin C. Klema, Esq.<br>Fla. Bar No. 100279 |