IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES
INCORPORATED,

    Defendant.

## PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff[1] hereby files this reply memorandum in further support of her Motion for Leave to File First Amended Complaint (the "Motion for Leave") [D.E. 16], and states as follows:

## INTRODUCTION

The Motion for Leave sought leave to file a First Amended Complaint as a result of certain assertions made by Defendant in its then-filed Answer [D.E. 6]. On February 1, 2024, the Court entered an Order [D.E. 19] granting the Motion for Leave. On **February 2, 2024**, Plaintiff filed her First Amended Complaint [D.E. 20] to which Defendant filed its Answer [D.E. 22] on February 8, 2024. Logically, one would assume that the Motion for Leave was thus no longer before the Court. Unfortunately, Defendant and its counsel apparently did not get that memo. Moreover, Defendant's counsel thought it appropriate to demean the capabilities of the Court stating, "I will be filing a response to your motion notwithstanding the erroneous ruling misunderstanding that it

---

[1]     Terms not defined herein shall have the meaning ascribed to them in the Motion.

was actually a contested motion."[2]

On **February 12, 2024** (ten days after the First Amended Complaint was filed), Defendant inexplicably filed a vitriolic Response in Opposition to Plaintiff's Motion for Leave to Amend and Request for Order to Show Cause (the "<u>Opposition Memorandum</u>") [D.E. 25] whereby it opposes the filing of a pleading it already answered and seeks sanctions against Plaintiff's counsel for having the audacity to amend a pleading in response to Defendant's assertions. The Opposition Memorandum is, unfortunately, the latest in a growing number of aggressive/vitriolic filings by Defendant's counsel across a number of lawsuits. He has now allowed his animus toward undersigned counsel to spill over to this lawsuit in an attempt to convert a previously-granted motion for leave to amend into a veritable witch hunt. Suffice to say, the Opposition Memorandum is not well-taken and Defendant's counsel should perhaps be reminded that he is a zealous advocate for his clients… not for his own self-interest in exacting 'revenge' against undersigned counsel for prevailing in a prior matter whereby Defendant's counsel was denied > $400,000.00 in fees he sought to recover on a contingency basis.[3]

## ARGUMENT

As a threshold matter, it is unclear what precisely defendant is opposing by virtue of its Opposition Memorandum. The Motion for Leave was granted, Plaintiff filed her First Amended Complaint, and Defendant filed its Answer thereto. As a result, the Opposition Memorandum

---

[2] A true and correct copy of the e-mail from Defendant's counsel, Griffin Klema, is attached hereto as **"Exhibit A."**

[3] In <u>Affordable Aerial Photography, Inc. v. John Abdelsayed et al.</u>, Case No. 9:21-cv-81331 (S.D. Fla.), Mr. Klema represented the defendants therein pursuant to a contingency fee agreement whereby he promised to split any attorneys' fees he recovered with his clients. He pursued a motion to recover > $400,000.00 of fees which was denied by Judge Cannon and which he has now appealed to the Eleventh Circuit. Following that case, Mr. Klema has curiously appeared in multiple lawsuits adverse to undersigned counsel (as if he is soliciting clients solely to be adverse to undersigned counsel) and, quite consistently, resorted to name-calling and accusations in his filings in each and every such case.

appears to be nothing more than a thinly-veiled substitute for a motion seeking the actual relief at issue – to sanction Plaintiff's counsel for fixing an error in the original Complaint when such error was pointed out by Defendant's original Answer.

Under Fed. R. Civ. P. 7(b)(1), "[a] request for a court order must be made by motion." Such motion must "state with particularity the grounds for seeking the order and state the relief sought." Fed. R. Civ. P. 7(b)(1). Despite Defendant requesting a litany of relief therein, the Opposition Memorandum is ***not*** a motion and therefore runs afoul of Fed. R. Civ. P. 7(b)(1). See Newton v. Florida, 895 F.3d 1270, 1277 (11th Cir. 2018) ("Plaintiffs' inclusion of the request for leave in their opposition to a motion to dismiss did not constitute a 'motion' and thus did not comply with this Rule 7(b) command."); Cottingham v. Wal-Mart Stores E., LP, No. 20-61991-CIV-SMITH, 2020 U.S. Dist. LEXIS 263748, at *6 (S.D. Fla. Dec. 11, 2020) (holding that defendant's request to strike certain paragraphs of complaint, made in reply memorandum, did not comply with Fed. R. Civ. P. 7(b)(1) and would not be considered); Ioselev v. Schilling, No. 3:10-cv-1091-J-34MCR, 2013 U.S. Dist. LEXIS 9723, at *18–21 n.8 (M.D. Fla. Jan. 24, 2013) (noting that it was improper for defendant to include a request to strike plaintiff's affidavits in a memorandum in opposition to plaintiff's motion for summary judgment rather than in a motion); Lazard v. E. Baton Rouge Par. Sch. Bd., No. 3:12-00552-BAJ-RLB, 2013 U.S. Dist. LEXIS 100086, at *9 (M.D. La. July 15, 2013) ("It is axiomatic that a memorandum in opposition does not equate to a motion for leave of court.") (emphasis in original). Thus, if Defendant desires to seek 'sanctions' or an 'Order to Show Cause' against Plaintiff's counsel, it must file an actual motion seeking such relief – not an opposition memorandum to an already-granted motion.

The Court, however, should not entertain any such motion. While Defendant's counsel

sees evil intent and trolling in every direction he turns, the point remains that undersigned counsel mistakenly included the allegation in the original Complaint that the subject photograph was still published in the blog article at the time of filing.[4] Undersigned counsel's law firm was counsel of record in approximately 150 lawsuits filed in 2023.[5] Each Complaint is reviewed by the attorney signing the pleading prior to filing and, if undersigned counsel is not the lead attorney on the file, the Complaint is again reviewed by undersigned counsel prior to filing.[6] This has always been undersigned counsel's policy with respect to the filing of copyright infringement/trademark infringement lawsuits, and the foregoing process was followed with respect to this case.[7] Here, Lauren Hausman, Esq. (the subject of Mr. Klema's ire) originally reviewed/edited the Complaint on August 19, 2023.[8] After Ms. Hausman's edits were completed, undersigned counsel further reviewed/edited the Complaint on August 23, 2023.[9]

Those reviews, unfortunately, overlooked that the subject photograph had at the time been removed from the blog while still being 'hosted' on the website itself.[10] It was not until Ms. Hausman and undersigned counsel reviewed the original Answer and Defendant's assertion denying that the photograph was still published that undersigned counsel confirmed the error in the original pleading, on January 26, 2023.[11] As a result, undersigned counsel instructed Ms. Hausman to amend the pleading – which would be a routine event with any attorney other than

---

[4] See the February 19, 2024 Declaration of Daniel DeSouza (the "DeSouza Decl.") attached hereto as **Exhibit "B."**
[5] Id. at ¶ 3.
[6] Id. at ¶ 4.
[7] Id.
[8] Id. at ¶ 5.
[9] Id.
[10] Id. at ¶ 6.
[11] Id. at ¶ 7.

Mr. Klema who would not consent to such unless Plaintiff and/or undersigned counsel agreed to pay Mr. Klema's fees incurred in reviewing/responding to the willfulness paragraph of the Complaint.[12]  Rather than engage with Mr. Klema's threats of a "Rule 11 violation and 1927 misconduct," undersigned counsel elected to file the Motion for Leave.[13]

Somewhat ironically, the Opposition Memorandum 'jabs' at undersigned counsel by asserting that "the pleading filed here was consistent with [CopyCat Legal's] boilerplate filings elsewhere."[14]  Defendant is not incorrect as cases involving infringement of a photograph on a business' website/social media share many similarities and certain paragraphs of a Complaint (i.e., venue, jurisdiction, describing the plaintiff's business, etc.) need not change pleading to pleading.  Defendant's counsel, however, should perhaps not throw stones from within his glass house.  Indeed, on January 29, 2024, Defendant's counsel filed an Answer for his client in Affordable Aerial Photography, Inc. v. Sync RFID Inc., Case No. 2:23-cv-14379-KMM (S.D. Fla.) that included a "License" defense whereby he speculates that a license may have been provided by "a listing agent or broker, and/or a multiple listing service and its affiliates."  Such defense generally makes sense in the context of the real estate photography in that case.  It makes *somewhat* less sense in Science Photo Library Ltd. v. Bell Performance, Inc., Case No. 6:23-cv-02302-PGB-LHP (M.D. Fla.), a case involving a microscope photograph of a cell that was published by a fuel development company… yet that is the *verbatim* defense proffered by Mr. Klema a day after filing the Answer in Sync RFID Inc.  While it is certainly *possible* that a real estate listing included a microscopic photograph of cells to market a home sale, it seems *somewhat* more likely that Mr.

---

[12]    Id. at ¶ 8.

[13]    Id. at ¶ 9.

[14]    See Opposition Memorandum, at pp. 2 – 3.

Klema simply made a mistake… for which undersigned counsel has no interest in raising the specter of sanctions.

Finally, Defendant not only takes issue with the original pleading but likewise Plaintiff's statement in the First Amended Complaint that Defendant refused to remove the photograph itself from being hosted on its website for more than eight (8) months after receipt of Plaintiff's pre-suit demand letter (as evidenced by https://web.archive.org/web/20230814200824/https:/islandvilla.com/wp-content/uploads/2018/07/20110427-florida-3563.jpg). According to Defendant, this allegation is untruthful because a "page *element* (scripts, code, images, etc.) is neither a *website* itself nor even included in one absent an entire, renderable page that incorporates those separate individual elements,"[15] at least according to Mr. Klema's own 'expert' declaration attached thereto. But while Mr. Klema may undoubtedly have experience creating websites, he does not challenge that the photograph was still published at the above pinpoint URL at least as of August 14, 2023 (more than eight months after the pre-suit demand letter was sent). Nor does he challenge that such may certainly constitute copyright infringement notwithstanding that the photograph itself was not viewable by simply visiting Defendant's main website. See, e.g., Bell v. Wilmott Storage Servs., LLC, 12 F.4th 1065, 1078 (9th Cir. 2021) (holding that defendant in copyright infringement lawsuit could not rely on de minimis defense to avoid liability where photograph was only viewable via pinpoint URL or a reverse-image search). It is thus unclear precisely what Defendant is complaining about given that the allegation in the First Amended Complaint is accurate.

## CONCLUSION

The Opposition Memorandum is a tremendous waste of judicial resources driven less by

---

[15] Id. at p. 5.

Defendant itself and more by the personal spite/feelings of its counsel. It is procedurally improper in seeking relief in an opposition memorandum and frankly incorrect in its factual assertions. Because Defendant's counsel is not likely to give up on his endless quest to exact revenge against undersigned counsel, the Court should specifically and explicitly inform Defendant and its counsel that a motion seeking the same relief will not be entertained.

Dated: February 19, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.