IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INCORPORATED,

    Defendant.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S EXPEDITED MOTION TO STAY**

Plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III ("Plaintiff") hereby files this memorandum in opposition to defendant Island Villa Rental Properties Incorporated's ("Defendant") Expedited Motion to Stay (the "Motion") [D.E. 24].

Plaintiff notes that Defendant's counsel has filed substantially the same Expedited Motion to Stay in two other cases (Affordable Aerial Photography, Inc. v. Sync RFID Inc., 2:23-cv-14379-KMM and Science Photo Library Limited v. Bell Performance, Inc., 6:23-cv-02302-PGB-LHP). Plaintiff respectfully suggests that, for the purposes of judicial economy, this Court defer ruling on this Motion until the court in Sync RFID Inc. (which has already been fully briefed) decides on Sync RFID's motion to stay to avoid inconsistent results.

**INTRODUCTION**

Defendant utilized one of Plaintiff's copyrighted photographs to advertise/support its

business. Defendant did not have permission and/or license from Plaintiff to do so, and such constitutes copyright infringement. While the inquiry should end there and this case should be straightforward/simple, Defendant and its counsel have opted instead to lob insults, belittle Plaintiff, and villainize Plaintiff's counsel – all in an effort to deflect attention away from Defendant's own conduct. In addition to hurling such insults, Defendant's latest ploy is to seek a stay of this lawsuit pending the outcome of a matter before the Supreme Court that has nothing to do with Defendant's statute of limitations argument and two substantially similar cases before the Eleventh Circuit, one of which Defendant's counsel himself initiated after seeking and being refused > $400,000.00 in purported attorneys' fees at the trial court level. While Mr. Klema is both bitter (as evidenced by the increasingly hostile tone of his filings) and desperate to reverse 30+ years of uniform interpretations of the statute of limitations in copyright actions, those feelings are plainly insufficient to justify a stay in this matter. Suffice to say, Plaintiff has an interest in the timely resolution of its claims against an infringer that ignored its efforts to resolve this matter pre-suit.

As set forth herein, there is no justification for a stay of this case. The only matter currently before the Supreme Court – <u>Warner Chappell Music, Inc. v. Nealy</u>, No. 22-1078 (Sept. 29, 2023) – will not resolve the statute of limitations issue that Defendant has raised. The Motion conveniently fails to disclose that such case concerns only the lookback period during which a copyright plaintiff may recover damages – whether such is limited to 3 years or not. There is little danger that this case will have proceeded to trial/judgment by the time that <u>Nealy</u> is decided, and therefore no reason to stay this action pending such decision. With respect to the appeals before the Eleventh Circuit, those are – unfortunately – appeals as of right initiated by litigants and their counsel wholly uninterested in 30+ years of law in this Circuit and across the country. The appeals

argue for an injury rule as opposed to a discovery rule when calculating the statute of limitations in a copyright case. Both appeals turn their nose up in response to well established law across the circuits. Opposing counsel's fanciful hoping to make new case law, and change all of copyright law, seems a bit far-fetched of a reason to stay this case. Accordingly, this Court should deny Defendant's Motion.

## BACKGROUND

1. On February 2, 2024, Plaintiff filed her First Amended Complaint against Defendant for one count of copyright infringement. See D.E. 20.

2. On February 8, 2024, Defendant filed its Answer and Affirmative Defenses. See D.E. 22.

3. On February 8, 2024, Defendant filed its Expedited Motion to Stay the Proceedings pending Supreme Court and Eleventh Circuit dispositive opinions. See D.E. 24.

## ARGUMENT

**I.  Legal Standard**

As this Court has succinctly applied the legal standard for a motion to stay in Hodek v. Lexington Ins. Co., No. 4:20-cv-10038-KMM, 2021 U.S. Dist. LEXIS 70663 (S.D. Fla. Jan. 28, 2021) and in Oueiss v. Saud, No. 1:20-cv-25022-KMM, 2021 U.S. Dist. LEXIS 266278 (S.D. Fla. Apr. 5, 2021):

> "The decision whether to grant a stay is committed to the district court's sound discretion, and the court is 'given considerable leeway in the exercise of its judgment.'" Bos. Sci. Corp. v. Cook Grp. Inc., No. 1:17-cv-03448-JRS-MJD, 2019 U.S. Dist. LEXIS 101450, 2019 WL 2511162, at *1 (S.D. Ind. June 17, 2019) (quoting Ultratec, Inc. v. CaptionCall, LLC, 611 F. App'x 720, 721-23 (Fed. Cir. 2015)). Indeed, "district courts have inherent, discretionary authority to issue stays in many circumstances." Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008). "Federal courts routinely exercise their power to stay a proceeding where a

      stay would promote judicial economy and efficiency." Morrissey v. Subaru of Am., Inc., No. 1:15-cv-21106-KMM, 2015 U.S. Dist. LEXIS 96810, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (citation and internal quotation marks omitted). "The moving party bears the burden of demonstrating that a stay is appropriate." Friends of the Everglades v. United States, No. 08-21785-CIV-ALTONAGA/Brown, 2008 U.S. Dist. LEXIS 139914, 2008 WL 11410108, at *2 (S.D. Fla. Nov. 7, 2008).

II.      **The Stay is Not Appropriate Where a Supreme Court Decision Will <u>Not</u> be Dispositive**

    a.    **The <u>Nealy</u> Case is Not Dispositive**

The Motion places significant emphasis on Warner Chappell Music, Inc. v. Nealy, No. 22-1078 (Sept. 29, 2023), asserting that the Supreme Court's decision in Nealy *may* have dispositive effects on the case at bar. This assertion is, in a word, incorrect. As Defendant correctly notes in its Motion, the Supreme Court will address "[w]hether, under the ***discovery accrual rule applied by the circuit courts*** and the Copyright Act's statute of limitations for civil actions, 17 U.S.C. §507(b), a copyright plaintiff can ***recover damages*** for acts that allegedly occurred more than three years before the filing of a lawsuit." Warner Chappell Music, Inc. v. Nealy, No. 22-1078 (Sept. 29, 2023) (emphasis added). Ironically, Defendant's quote hits the nail on the head as to what the Nealy appeal is about – whether there is a limitation to the number of years a copyright plaintiff may look back in a damages calculation under the discovery accrual rule. In Nealy, the Supreme Court is positioned to resolve the Circuit split between the Second Circuit[1] and the Ninth Circuit[2]/Eleventh Circuit (which held the same as the Ninth Circuit) regarding damage

---

[1]    The Second Circuit has held that the Copyright Act imposes a 3-year lookback damages bar, meaning a plaintiff can only recover for damages incurred in the three years prior to the filing of the lawsuit. See Sohm v. Scholastic Inc., 959 F.3d 39 (2d Cir. 2020).

[2]    The Ninth Circuit has held that the Copyright Act and Petrella v. Metro-Goodwyn-Mayer, Inc., 572 U.S. 663 (2014) do not impose a three-year lookback limitation on damages. See Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1243 (9th Cir. 2022) ("When copyright infringement occurs prior to discovery, a simple application of the general rule to the three-year statute of limitations in § 507(b), undertaken by the Court in Petrella, is impossible. Instead, the three-year limitations period begins only when the copyright holder knows or should know of the infringing act. Neither the text of the Copyright Act nor Petrella imposes a three-year damages bar

calculations. Although Defendant's crystal ball posits otherwise, <u>Nealy</u> is not poised to answer any questions about how to calculate the statute of limitations on a copyright case – only whether a plaintiff may look back 3 years to recover damages or whether no such limitation exists.

Notably, even if the Supreme Court agrees with the Second Circuit's decision in <u>Sohm</u> and finds that damages are limited to a three-year lookback limitation, <u>Sohm</u> itself was decided based on the discovery rule for calculating the statute of limitations. See <u>Sohm v. Scholastic Inc.</u>, 959 F.3d 39, 49–50 (2d Cir. 2020) ("In <u>Psihoyos</u>, this Court adopted the 'discovery rule' for determining when a copyright infringement claim accrues. … Scholastic nevertheless urges this Court to adopt the 'injury rule' … [w]e disagree and decline to alter this Circuit's precedent mandating use of the discovery rule; we therefore affirm the district court's holding that ***the discovery rule applies for statute of limitations purposes in determining when a copyright infringement claim accrues under the Copyright Act***.") (emphasis added). Thus, even if the Supreme Court follows the approach announced in <u>Sohm</u>, the end result would affect only the amount of damages that Plaintiff can recover in this lawsuit – not whether Plaintiff's claims are barred as untimely.

b. The <u>Martinelli</u> Case is Not Ripe for Discussion

Defendant next attempts to persuade the Court that the case at bar should be stayed in light of <u>Hearst Newspapers, L.L.C. v. Martinelli</u>, no. 23-474. Again, Defendant's argument misses the mark. While it is certainly true that Hearst Newspapers, L.L.C. has **filed a petition** for writ of certiorari to the Supreme Court on the issue of whether the discovery rule or the injury rule applies, a review of the docket as of today shows that the Supreme Court has not (as of yet) accepted such petition. Thus, Defendant seeks a stay on the **hope** that the Supreme Court may take up the petition

---

in a discovery rule case.").

(which appears unlikely given that each and every federal Circuit Court to address the issue has followed a discovery rule and therefore no Circuit split exists). With no acceptance of the petition, no briefing schedule, no initial brief, no opposition brief, no oral argument, etc., Defendant essentially seeks a 1 – 2 year stay of this case.

### III. The Stay is Not Appropriate Where Courts Have Not Recognized Defendant's Argument

Defendant finally attempts to persuade the Court to stay the proceedings by pointing to two appeals currently before the Eleventh Circuit: Trends Realty USA Corp. v. Affordable Aerial Photography, Inc., no. 23-11662 (11th Cir.) and Property Matters USA, LLC v. Affordable Aerial Photography, Inc., no. 23-12563 (11th Cir.). While it is notably self-aggrandizing that Mr. Klema asks for a stay on this matter to await a decision on his own appeal (the Trends Realty case where he also appears as counsel), the fact remains that his proposition regarding how to calculate the statute of limitations is wrong, again. Defendant is requesting that the Court stay this proceeding based on Mr. Klema's belief of how the statute of limitations should be determined in a copyright case. However, Mr. Klema's personal beliefs (which are contrary to the uniform conclusions of every federal Circuit and District court to address the issue) are not a sufficient reason to say the proceedings.

As stated in Tomelleri v. Natale, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. Feb. 18, 2022), "the critical question here is whether the statute of limitations had run on Plaintiff's claims against each Defendant at the time that the order of dismissal was entered." Tomelleri, 2022 U.S. Dist. LEXIS 65893, at *6.

Although Defendant and its counsel would like to suggest that a claim accrues when the injury occurs, Tomelleri and *almost* every other court in this Circuit has held differently:

> To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims. However, *the Southern District of Florida has consistently applied the discovery rule*, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement.

Id. at *6–7 (S.D. Fla. Feb. 18, 2022) (emphasis added); see also Athos Overseas, Ltd. v. YouTube, Inc., No. 1:21-cv-21698-GAYLES/TORRES, 2022 U.S. Dist. LEXIS 57302, at *11 (S.D. Fla. Mar. 29, 2022) ("Therefore, based on the Complaint, Plaintiff's copyright infringement cause of action began accruing as early as 2015 when Plaintiff knew or should have known of the alleged infringement."); Music v. Atl. Recording Corp., No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. Mar. 8, 2021) (applying discovery rule to copyright infringement claim); Wilson v. Kelly, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, at *16 (N.D. Ga. Mar. 5, 2020) (Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.' 17 U.S.C. § 507. '"The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement.'" (quoting Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1236 (11th Cir. 2002)); Johansen v. Modrak, No. 18-cv-63120, 2019 U.S. Dist. LEXIS 11185, at *4 (S.D. Fla. Jan. 23, 2019) ("The statute of limitations for a copyright infringement claim is three years. See 17 U.S.C. § 507(b). Plaintiff alleges that from November of 2000 until November of 2001 his wife was involved in litigation relating to a book contract for the book 'I Lisa Marie' and that the book was first printed in 1998. Because *Plaintiff knew or should have known of the alleged copyright infringement at that time*, his claim is 16 years too late.") (emphasis added); On Top Records Corp. v. Sunflower Entm't Co., No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. Oct. 28, 2015) ("A copyright infringement cause of action accrues when

a copyright owner knew or should have known of the alleged infringement."); Duncanson v. Wathen, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. Apr. 14, 2016) (applying discovery rule to copyright infringement claim); Brandon v. Warner Bros Records, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. Dec. 15, 2015) ("The majority of federal courts have concluded that a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp., 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014) ("Given the weight of authority supporting the discovery rule, and determining it to be the better practice, this Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, in the exercise of reasonable diligence, should have learned of Defendant Arquitectonica's alleged infringement."); Lorentz v. Sunshine Health Prods., No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. Aug. 27, 2010) ("The discovery rule has been explicitly adopted by a majority of the Circuit Courts of Appeal as well as by the Middle District of Florida.") (collecting cases); Calhoun, 298 F.3d at 1236 (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."); Home Design Servs. v. Hibiscus Homes of Fla., Inc., No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. Dec. 13, 2005) ("A copyright infringement claim accrues when a plaintiff learns, or should as a reasonable person have learned that the defendant was violating his rights.") (collecting cases).

Curiously, the Motion fails to cite this legal authority to the Court, opting instead to act as if the contrary holding is 'normalcy' within the Eleventh Circuit. It is not. Indeed, to undersigned counsel's knowledge, the 'injury' rule has only been recognized by a *single* decision by Judge

Gayles in <u>Oppenheimer v. Palange et al.</u>, Case No. 1:23-cv-20507-DPG. In that case, the parties lightly briefed the discovery vs. injury rule issue, and the court appears to have provided limited analysis of such (not citing or discussing any of the ***dozens*** of prior decisions from within the Eleventh Circuit on the issue).

These cases are not an anomaly. The same analysis has been uniformly applied by the courts around the country. See, e.g., <u>Starz Ent., LLC</u>, 39 F.4th at 1237-38:

> In 2014, the Supreme Court addressed the interplay between § 507(b) and the doctrine of laches, holding that laches does not bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 667-68, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). ***Since then, defendants accused of copyright infringement have seized upon certain language in Petrella to argue that the Court also did away with the discovery rule. Most courts, including the district court here, have rejected that argument, reasoning that Petrella addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed***. Moreover, because Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. ***Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.***[3]

<u>See also</u> <u>Am. Bd. of Internal Med. v. Rushford</u>, 841 F. App'x 440, 441 (3d Cir. 2020) ("At issue in this case is whether the three-year statute of limitations for copyright infringement under 17 U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined below, we will reverse that judgment."); <u>Graper v. Mid-Continent Cas. Co.</u>, 756 F.3d 388, 393 &

---

[3] Emphasis added.

n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based."); Stross v. Hearst Communs., Inc., No. SA-18-CV-01039-JKP, 2020 U.S. Dist. LEXIS 161293, at *21 – 22 (W.D. Tex. Sept. 3, 2020) (distinguishing Petrella and applying discovery rule to determine accrual of copyright infringement claim); Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist. LEXIS 119246, at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule to copyright infringement claims, notwithstanding the Supreme Court's express reservation of whether the discovery or injury rule applies to such claims."); Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit a copyright claim accrues when [the party] knew or had reason to know of the injury upon which the claim is based."); D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., 516 F. Supp. 3d 121, 132 (D.N.H. 2021) ("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).") (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008)); Chelko v. Does JF Rest., LLC, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim accrues when a copyright holder 'has knowledge of a violation or is chargeable with such knowledge,' an approach known as the discovery rule.") (quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir. 2001)).

These courts have ***all*** held that a discovery rule applies (i.e., when a plaintiff discovered or, with reasonable diligence, should have discovered the infringement) to copyright infringement cases. The Motion would like the Court to stay these proceedings in anticipation and hope that Defendant's counsel is successful on his other client's appeal. However, no law supports the idea that either the Trends Realty or the Property Matters appeals will prove successful. Indeed, as

recently as 2020, the Eleventh Circuit itself was called upon to determine when a claim for copyright ownership (rather than infringement) accrues. In Webster v. Dean Guitars, 955 F.3d 1270, 1276 (11th Cir. 2020), the Eleventh Circuit clearly held that "an ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights—as this approach is most consistent with our existing precedent." This is the *same* discovery rule that the courts of this Circuit have been applying for 20+ years to infringement claims.

17 U.S.C. § 507 does not differentiate between ownership and infringement claims. Rather, it plainly states that "*[n]o civil action* shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."[4] The Eleventh Circuit – in both Nealy and Webster – held that accrual under § 507 was measured by a discovery rule with respect to copyright ownership claims. Nearly every federal court to address the issue has applied a discovery rule with respect to accrual of copyright claims, and it would be nonsensical to somehow read a different claim accrual rule with respect to ownership vs. infringement claims. Indeed, even Sohm v. Scholastic Inc., 959 F.3d 39 (2d Cir. 2020) – while reaching a contrary conclusion on the lookback period for damages – recognized that the discovery rule applies to claim accrual under the Copyright Act and that Petrella v. MGM, 572 U.S. 663 (2014) did not change this conclusion.

Ultimately, if Defendant pointed to any cases to support the proposition that the statute of limitations accrued on an injury rule, and that there was merit behind the Eleventh Circuit appeals, thus making practicable to wait for the decisions, that would be a different matter than what is before the Court. Currently, Defendant is asking this Court to stay these proceedings because

---

[4] Emphasis added.

Defendant's counsel wants the statute of limitations to accrue differently than it does now. There is simply no reason to stay this case pending the outcome of the appeals before the Eleventh Circuit when there is no idea how they will resolve, and there is no guarantee that further appeals will not follow.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion; and (b) for such further relief as the Court deems proper.

Dated: February 22, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.
Florida Bar No.: 19291
Lauren Hausman, Esq.
Florida Bar No.: 1035947

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.