UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

## DEFENDANT'S REPLY IN SUPPORT OF ITS EXPEDITED MOTION TO STAY

Defendant, Island Villa Rental Properties Incorporated, ("Island Villa"), by and through its attorney, Griffin Klema, Esq., pursuant to Local Rule 7.1(c) files this reply to plaintiff Maureen Harrington ("Harrington") opposition to defendant's expedited motion to stay [ECF 28].[1]

### SUMMARY OF THE REPLY

Harrington's response to the issues presented in the motion to stay show that a stay is needed. (A) She concedes that the underlying motion is dispositive; (B) She incorrectly argues that Warner Chappell is entirely irrelevant; (C) She also concedes the unsettled state of the law in the Eleventh Circuit while falsely suggesting every case supports her position; and (D) her counsel's continued false and unprofessional rhetoric is unbecoming of an experienced federal litigator and should not be tolerated. Harrington's response reads as a preview to the arguments it should make in opposition to the dispositive motion, not as to whether a stay should be entered. Staying these

---

[1] A subsequent docket entry, [ECF 30] appearing to be the same filing has no document associated with it, and defendant believes the sole filing is the earlier-docketed opposition.

Page 1

proceedings would not be an abuse of discretion.

## ARGUMENT

**A. Harrington concedes that defendant's motion for judgment on the pleadings would be dispositive of the case**

Harrington implicitly concedes that Island Villa's motion for judgment on the pleadings would be completely dispositive of this lawsuit. Though she believes she will win on the merits and fills her response with red herring, she doesn't deny the motion's dispositive character. That weighs heavily in favor of a stay at least with respect to a decision on that motion, Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1369 (11th Cir. 1997), apart from forthcoming authoritative decisions of higher courts, Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009) (constituting an "excellent" reason alone).

As part of this Court's decision on whether to stay these proceedings, it should "'take a preliminary peek' at the merits of [that motion] to see if it appears to be clearly meritorious and truly case dispositive." Feldman v. Flood, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997). That motion is undeniably dispositive, and is clearly meritorious as the recent oral arguments two days ago at the Supreme Court make evident.

**B. Harrington misunderstands and mischaracterizes pending Supreme Court cases, which that court just two days ago suggested in oral argument cases like this should be stayed**

First, Harrington incorrectly characterizes Warner Chappell as being wholly irrelevant to Island Villa's dispositive argument. Opp'n at 2 (the Warner Chappell case "has nothing to do with Defendant's statute of limitations argument"). Undeniably, Harrington seeks damages for an act that occurred more than three years prior to when she initiated this case comes squarely within the question presented there, which directly cited to the Act's statute of limitations. The extensive amicus briefing which almost uniformly focus on the discovery-vs-injury issue belies Harrington's

assertion, and it strains credulity to argue that Warner Chappell is entirely irrelevant. The high court may well decide the predicate issue definitively, or it may not truly be part of its holding while still alluding (yet again) to how the injury rule operates to arrive at its damages holding, or its holding may have some other dispositive effect from a damages-only standpoint that is bottomed on the statute of limitations. Any of those outcomes would have clear import to the issues presented by Island Villa here even if not directly controlling.

Second, Justice Alito, in the Warner Chappell oral argument (on Wednesday) all but suggested that courts, as here, should stay proceedings while the Supreme Court resolves this vitally important issue. He said if the "district court [were] aware that we recently granted review in a case that does present the issue of whether there is a discovery rule for the Copyright Act statute of limitations, [then] if I were the district court judge in those circumstances, **I might choose not to plow ahead with further proceedings in this case until that issue was resolved**." Tr. Of oral argument, Feb. 21, 2024, at 17:13-17:21.[2]

Further argument before the court also discussed the Hearst Newspapers v. Martinelli petition for certiorari. Id. While Martinelli was distributed for conference last week (February 16, 2024), it is near-certain that the high court simply waited for Wednesday's oral arguments in Warner Chappell before it decides whether to grant certiorari in Marinelli. That case hews more closely to the discovery-vs-injury accrual issue, which Justice Gorsuch acknowledged in his colloquy with petitioner's counsel, indicating that "nobody's going to say [the discovery-vs-injury rule is] off the table … it may not be on this table. It may be on another table. But it's on the table, okay?" and then stating that he's "well aware" of the Martinelli petition. Id. at 27:18-28:7. He also

---

[2] Available at https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/22-1078_4g25.pdf

Page 3

alluded to the court's likely position on the statute of limitations: We "have a lot of cases in this Court casting doubt on the existence of a discovery rule. We've called it wine from a bad vintage or something like that, and we've done it several times, including, two years ago." Id. at 37:22-38:2 (cleaned up).

Therefore, for Harrington to claim that Warner Chappell is irrelevant is simply untenable. It is potentially controlling and will certainly be highly persuasive no matter how the court rules. It provides its own basis for granting a stay even apart from the two, more directly dispositive pending AAP appeals that undeniably *will* control the outcome here.

C. **Harrington concedes that the law in the Eleventh Circuit is unsettled and the AAP appeals will decide the issue**

Harrington's memorandum also tacitly concedes the law in the Eleventh Circuit is unsettled and that the AAP appeals will control Island Villa's pending dispositive motion. She spilled much ink arguing the *merits* of the underlying motion rather than reasons for granting a stay and couched that argument under an improper *ad populum* tactic rather than expressly conceding the state of Eleventh Circuit jurisprudence, which recognizes that the injury-vs-discovery rule for ordinary infringement claims is unsettled. That was made explicit by two judges who sat on the Nealy panel: "We have not decided whether or not there is a discovery rule for copyright infringement for accrual purposes, right? We have not decided that yet in a published opinion, right?" Oral Argument at 1:50, Nealy v. Warner Chappell Music, Inc., no. 22-13232, (Jordan, J.); "Webster, I think we all agree says that in a copyright ownership dispute, the discovery rule applies, right? I think as Judge Jordan pointed out, **we have never answered the question of whether the discovery rule applies outside of that context**." Id. at 16:16. (Brasher, J.).[3] Harrington herself

---

[3] Available at https://www.ca11.uscourts.gov/system/files_force/oral_argument_recordings/21-13232.mp3

likewise implicitly acknowledges that through her quote from Tomelleri: "neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for 'accrual' applies in copyright infringement claims." Tomelleri v. Natale, No. 19-cv-81080, 2022 WL 2341237, at *2 (S.D. Fla. Feb. 18, 2022).

Because both parties acknowledge the lack of unsettled law in the Eleventh Circuit and both agree that the pending AAP appeals will directly control the legal issue in the underlying dispositive motion, that is an entirely proper, "excellent" basis to stay this case. Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009).

Harrington is also dead wrong that "Courts Have Not Recognized Defendant's Argument," Opp'n at 6. She fails to acknowledge the increasing frequency that district court judges are disposing of cases based on the injury rule and jettisoning the atextual discovery rule: Judge Gayles recently dismissed claims—just like Harrington's here—as being untimely. Oppenheimer v. Palange, no. 23-cv-20507 (S.D. Fla. Dec. 24, 2023) ("claims based on acts of infringement that occurred before [three years prior to suit] would be time-barred"). Surprisingly, Judge Gayles came to that conclusion without hardly any briefing on it from the parties—illustrating that district court judges are coming to the independent realization of what the future portends from both the Eleventh Circuit and the Supreme Court.

Other district courts have held similarly, and with increasing frequency post-Petrella: E.g., Carter v. Pallante, 256 F. Supp. 3d 791, 800 (N.D. Ill. 2017) ("the dates of the alleged infringement [] are the dates that govern for purposes of the statute of limitations"); Darger v. Lerner, no. 22-cv-3911 (N.D. Ill. Mar. 28, 2023) ("each wrong gives rise to a discrete claim that accrues at the time the wrong occurs"); Boatman v. Peoria Area Ass'n of Realtors, no. 20-cv-1248 (C.D. Ill. Nov. 5, 2021) (Plaintiff "alleges that the last photographs were uploaded to PAAR's MLS in 2016. Yet,

he waited until 2020 to file his Complaint.... Therefore, this Court finds that Boatman's claim against PAAR is barred by the three-year statute of limitations under § 507(b)").[4] An increasing number of trial and appellate judges lament the "trend" of the discovery rule:

> In the last few decades, though, circuit courts began switching to the discovery rule.
> ….
> I predict that the Supreme Court may one day hold that the plain text of the Copyright Act's statute of limitations contains an occurrence rule, not a discovery rule.
> ….
> I fear the courts may have gotten into [] a "groove" in this copyright context.

Everly v. Everly, 958 F.3d 442, 460-68 (6th Cir. 2020) (Murphy, J., concurring); see also Affordable Aerial Photography, Inc. v. Property Matters, No. 22-cv-14296 at *3 (S.D. Fla. Jul. 5, 2023) (Cannon, J.) (acknowledging that the discovery rule is merely a "trend"). Island Villa's underlying dispositive motion has *substantial* merit.

In the end, Harrington's opposition is actually a concession of the unsettled state of the law, a concession about the controlling character of the AAP appeals, and otherwise fails to wrestle with the key legal issues respecting a stay. A stay is strongly warranted on the current record.

Harrington also has no real argument for why it would be an abuse of discretion to stay this case and permit her to aggressively press the gas pedal in this litigation to drive up the likelihood of an excessive settlement. That failure should give this Court serious concerns about Harrington's

---

[4] Separately, AAP misunderstands the law in the Seventh Circuit. That circuit too does not employ a discovery rule, which the plaintiff there (another of CopyCat Legal's troll clients) chose not to respond to and accepted a reasonable (nominal) settlement. Dfnt's Mot. for J. on the Pleadings, [ECF 13] Harrington v. Baby Gizmo Co., no. 23-cv-5306 (N.D. Ill. Nov. 1, 2023) (harmonizing Seventh Circuit case law, in view of Petrella, "that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed."), available at https://storage.courtlistener.com/recap/gov.uscourts.ilnd.436613/gov.uscourts.ilnd.436613.13.0.pdf

trolling motivations—none of which she refuted while her counsel's rhetoric consistent with that ethos.

**D. Harrington's continued false statements, rhetoric, and *ad hominem* attacks are not well taken**

Finally, Harrington's continued *ad hominem* is not well taken, but what the undersigned counsel has come to expect from CopyCat Legal over a number of years of litigation across many cases. In its prior filing here, [ECF 27], CopyCat Legal admitted to a Rule 11 violation, but buried that sanctionable misconduct in extensive and improper *ad hominem* attack. More alarmingly, that filing and its recent opposition memoranda include yet another outright falsity known to CopyCat Legal. Specifically, Mr. DeSouza asserted that defense counsel "promised to split any attorneys' fees he recovered with his clients." [ECF 27 at 2, n.3]; see also [ECF 28 at 2] ("purported attorneys' fees"). That statement is false, and one that Mr. DeSouza made knowing it was false. Ex. A at ¶¶ 3-5 and Ex. A-1. Attorneys at CopyCat Legal would do well to heed the obligation all counsel owe to the judicial process and the tribunal:

> All attorneys, as 'officers of the court,' owe duties of complete candor and **primary loyalty to the court** before which they practice. An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly. This concept is as old as common law jurisprudence itself. ….
> [The] Rules of Professional Conduct underscore the duty to advocate zealously while neglecting the corresponding duty to advocate within the bounds of the law. As a result, too many attorneys have forgotten the exhortations of these century-old canons. Too many attorneys … have allowed the objectives of the client to override their ancient duties as officers of the court. In short, they have sold out to the client.
> We must return to the original principle that, as officers of the court, attorneys are servants of the law rather than servants of the highest bidder. We must rediscover the old values of our profession. The integrity of our justice system depends on it.

Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1546-47 (11th Cir. 1993) (emphasis supplied);

Page 7

see also Bautista v. Star Cruises, 696 F. Supp. 2d 1274, 1280-81 (S.D. Fla. 2010) (imposing sanctions for failing to be forthright in the first instance as well as "counsel's continuing lack of candor and continuing indifference to obvious known facts").

CopyCat Legal's improper conduct thwarting the clear presentation of disagreements about the law and how it applies to facts should not be tolerated. Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1127-28 (2d Cir. 1989) (sanctioning overaggressive copyright plaintiff lawyer for "tactics [that] make a farce and mockery of the entire briefing and legal memorandum process"); see also Liebowitz v. Bandshell Artist Mgmt., 6 F.4th 267 (2d Cir. 2021) (affirming sanctions against copyright troll lawyer for misconduct); In re Liebowitz, 200 A.D. 124, 138 (N.Y. App. Div. 2021) (suspending copyright troll lawyer for, *inter alia*, "multiple misrepresentations"). Inappropriate remarks are an independent basis to censure and reprimand counsel. Thomas v. Tenneco Packaging Co., 293 F.3d 1306 (11th Cir. 2002) (affirming sanctions for counsel's conduct the trial court "deemed abusive and offensive").

Here, once again, Harrington characterizes Island Villa's legal arguments as the undersigned counsel's "beliefs," Opp'n at 6. Her filings are inappropriately toned, stating things like: defense counsel has "opted to lob insults, belittle Plaintiff, and villainize Plaintiff's counsel" and "Mr. Klema is both bitter … and desperate," together with outright false statements like the AAP appeal "which Defense counsel himself initiated," Opp'n at 2. Harrington's filings are replete with unprofessional harangue that only this Court can cause to cease. Harrington, appears committed to abusing trolling victims and bully their attorneys for as long as she (and others like her) can until the Supreme Court or the Eleventh Circuit finally makes clear that there is no discovery rule for ordinary infringement claims. Island Villa and the undersigned urge the Court to take swift and definitive action on both the legal issues as well as the unprofessionalism.

And to the extent the Court finds that any conduct by the undersigned is inappropriate, then he welcomes all critical and specific feedback on same so that he might better discharge his obligations to his client and the tribunal.

## CONCLUSION

This Court should stay these proceedings given the multiple independent bases for doing so—none of which would constitute an abuse of discretion, and all of which together are compelling. Harrington tries to argue the merits of the underlying motion, misrepresents the law, and generally failed to argue whether a stay is warranted. It is.

   /s/ Griffin Klema  
Griffin C. Klema, Esq.  
Fla. Bar No. 100279  
Griffin@KlemaLaw.com  
**Klema Law, P.L.**  
PO Box 172381  
Tampa, FL 33672  
420 W. Kennedy Boulevard  
Tampa, FL 33606  
Telephone: 202-713-5292  
*Attorney for Defendant*