UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Island Villa Rental Properties Incorporated, ("Island Villa"), by and through its attorney, Griffin Klema, Esq., pursuant to Local Rule 7.1(c) files this reply to plaintiff Maureen Harrington ("Harrington") opposition to defendant's motion for judgment on the pleadings [ECF 29].[1]

**SUMMARY OF THE REPLY**

Harrington's memorandum of law on the Copyright Act statute of limitations is unavailing *ad populum* without real analysis of either § 507(b) or persuasive decisions. Judgment is due to be entered for defendant Island Villa, which would bring this case to an end, because (A) Harrington concedes that if an injury rule applies, her claim is time-barred; (B) Harrington's opposition doesn't analyze the legal issue but merely urges this Court to follow its preferred line of cases; (C)

---

[1] A subsequent docket entry, [ECF 32] appearing to be the same filing has no document associated with it, and defendant believes the sole filing is the earlier-docketed opposition.

Page 1

It doesn't matter if the pleading sets forth a prima facie claim for infringement if it also sets forth an affirmative defense; (D) Even if a discovery rule applies, Harrington's complaint still shows her claim is time-barred. Apart from the merits, (E) her counsel's continued false statements remain improper.

## ARGUMENT

Island Villa's argument is simple: Courts must apply statutory provisions as written by Congress to the facts before them. The Copyright Act's statute of limitations uses the word "accrues." "Accrues" meant and continues to mean the time when a plaintiff has a complete and present cause of action. Knowledge is not an element of copyright infringement, and Harrington's claim arose when the alleged act occurred. Because Harrington alleged that in her pleading, her claim is time-barred.

Harrington's opposition is likewise simple but superficial: The trend in many circuit courts is to apply a "discovery rule" to copyright claim accrual. This Court should follow those courts because that's the majority position.

Harrington's approach is wrong. Essentially she (i) doesn't trust this Court to consider how the Supreme Court decisions on other statutes of limitations affect the analysis, (iii) doesn't trust this Court to exercise its own independent judgment, and (iii) doesn't trust this Court to engage in a textual analysis of the statute. She urges this Court to simply follow suit because that's what other courts historically have done.

**A. Harrington concedes that if the injury rule applies, her claim is time-barred**

First, Harrington correctly notes that her own allegations are assumed to be true. Opp'n at 3. That means her allegations about when the alleged conduct occurred (July 2018) are established, indisputable facts for purposes of applying those facts to the law. Opp'n at 5 ("Plaintiff alleged

that in July 2018, Defendant published the Work"). Indeed, Harrington does not disavow her pleading at all, confining her argument solely to whether the Copyright Act itself embodies a discovery rule for ordinary infringement claim accrual, Opp'n at 5 ("the only 'question' that remains … is whether Plaintiff's claim is time-barred"), even though she improperly attempts to supplement her allegations through unsworn hearsay statements, Opp'n at 12. Those issues are outside the pleadings and must be disregarded. See Horsley v. Feldt, 304 F.3d 1125, 1136 n.6 (11th Cir. 2002) (a court must "not consider matters outside the pleadings when passing on a Rule 12(c) motion for judgment on the pleadings"). The parties thus agree that the Court must analyze a purely legal issue, and the pleadings alone supply the facts.

Harrington also does not refute that only two elements are required for her to have a complete and present cause of action for copyright infringement. Opp'n at 4 (citing Home Design Servs., Inc. v. Turner Heritage Homes Inc., 825 F.3d 1314, 1320 (11th Cir. 2016) ("(1) ownership of a valid copyright, and (2) copying of protectable elements")).[2] She also does not dispute that had she known of the blog post as soon as it was live, then she could have filed suit at that moment.

In view of all the foregoing, Harrington has conceded that if an injury rule applies, her claim is time-barred because she had a complete and present cause of action not later than July 31, 2018. See Rotkiske v. Klemm, 140 S.Ct. 355, 360 (2019).

### B. Harrington's opposition is unavailing for its lack of analysis and string-cite of unreported and out-of-circuit decisions

Harrington's memorandum is analytically bereft. Her string-citing to predominantly unreported decisions is classic *ad populum* argument because she never explains why—from the

---

[2] For avoidance of doubt, Island Villa does not concede that Harrington actually has a valid registration, only that for purposes of a Rule 12(c) motion are the allegations simply *assumed* to be true. If this case is not disposed of on the present motion, Island Villa would develop that defensive matter in discovery.

Page 3

text of the relevant statute—they are correct. Her total failure to engage in any textual analysis of § 507(b) itself is the *same* reason why most courts have gone astray, as Judge Murphy aptly noted: "most of these decisions merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent." Everly v. Everly, 958 F.3d 442, 461 (6th Cir. 2020); see also Auscape Int'l v. Nat'l Geographic Soc'y, 409 F. Supp. 2d 235, 243 (S.D.N.Y. 2004) (noting that TRW rejected "automatic application of the discovery rule," and that the Second "Circuit simply applied this general rule without examining the text or the legislative history of the Copyright Act"). Apart from her string cites, Harrington fails to address the authorities cited by Island Villa, particularly those numerous Supreme Court decisions noted in Everly. Seventh Circuit cases also support a careful approach here. Chicago Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610 (7th Cir. 2014) (finding that "Petrella casts the limitations question in quite a different light" and pondering "whether Petrella abrogates the discovery rule in copyright cases").

Harrington's opposition is unavailing because it provides no meaningful guidance for this Court in resolving the textual analysis now before it. In contrast, Island Villa's does, with reasoned, statute-based argument buttressed by a growing line of Supreme Court decisions about what the word "accrue" means in statutes of limitations.

### C. Harrington's argument that her complaint states a claim is irrelevant to whether it also states a limitations defense

Next, Harrington also misses the mark by arguing that she stated a claim for relief. Opp'n at 4-6. That is irrelevant to the issue of whether her pleading *also* affirmatively shows that her claim is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004); Padilla v. Porsche Cars N. Am., Inc., 391 F. Supp. 3d 1108, 1112 (S.D. Fla. 2019) ("When the time-bar is apparent from the face of the complaint, Plaintiffs bear the burden of pleading allegations sufficient to toll the statute of limitations."). Rather than plead an adequate factual

predicate for equitable tolling, Harrington asserts ignorance until her mysterious "due diligence" process found Island Villa's website. Am. Compl. [ECF 20-1 at ¶ 20]. That, unfortunately, does not satisfy the "extraordinary" requirement to save her untimely claim based on equitable tolling. Holland v. Florida, 560 U.S. 631, 652 (2010). Apart from that doctrine, her pleading still fails to show a timely claim even under the discovery rule.

D. **Harrington's pleading fails to allege her inability to learn of the alleged infringement, or what her diligence was, even assuming this Court should apply the discovery rule from other circuits**

Harrington's opposition fails to argue, based on what she plead, that the infringement was undiscoverable or actively concealed from her, or that her pleading sets forth articulable facts satisfying a reasonableness standard. Instead, she alleges that the website was public, accessible, and published not later than July 31, 2019. Am. Compl. [ECF 20-1 at ¶¶ 14-16].[3]

Like the existence of a registration publicly discoverable within the records of the Copyright Office, Jordan v. Sony BMG Music Entm't, Inc., 354 F. App'x 942 (5th Cir. 2009) (observing that under § 205(c) documents recorded "in the Copyright Office give[] all persons constructive notice of the facts stated in the recorded document"), the existence of Island Villa's website provided Harrington with the same constructive public notice of her claim. Under the discovery rule, plaintiffs can be *charged with* knowledge of public information even if they're not *actually* aware of it. Critically, the pleading does not set forth why Harrington could not be on constructive notice or could not be chargeable with knowledge of the infringement on a public website, and unsurprisingly her opposition memorandum barely applies the undisputed facts to the discovery rule as articulated in other circuits. This is the sum total of her analysis:

---

[3] Clearly Harrington also believes that she started suffering injuries as soon as that occurred given how she has calculated damages stretching all the way back to that precise moment in time. See Joint conferral report [ECF 26 at 6].

> Plaintiff has plainly alleged that, through Mr. Harrington's ongoing diligent effort to identify unauthorized use of his photographs, Mr. Harrington discovered Defendant's unauthorized use/display of the Work in November 2022.

Opp'n at 11. Even under the discovery rule, that is inadequate.

Contrary to Harrington's argument, Congress itself understood that "copyright infringement by its very nature is not a secretive matter." House Hearings at 11 (statement of George D. Carey, Principal Legal Advisor to the Copyright Office). In other contexts, courts have similarly found online material to be constructively known for purposes of starting the statute running. Masters v. Boston Sci. Corp., D.C., no. 09-17428 (9th Cir. 2010) (existence of a document in the public records and "available on the SEC's website" meant the plaintiff's claim was not an "inherently unknowable wrong" and was time-barred); Velocity Databank, Inc. v. Shell Offshore, Inc., 456 S.W.3d 605, 611 (Tex. Ct. App. 2014) (information published on a website "accessible to the public without charge or subscription, [is] 'public knowledge' and [is] not inherently undiscoverable"); Douglas Asphalt Co. v. Qore, Inc., 657 F.3d 1146, 1153 (11th Cir. 2011) (under Georgia law a "claim for libel arises when the defamatory statement is published" online); Jacobs v. The Journal Pub'g Co., no. 21-cv-690 (D.N.M. May 17 2022) (New Mexico law).

So even if this Court were to apply the discovery rule, Harrington's claim is still untimely because that rule includes a "should have known" or "reasonable diligence" component which is unalleged. E.g., Jordan v. Sony BMG Misic Entm't, Inc., 637 F. Supp. 2d 442, 454 (S.D. Tex. 2008) ("knowledge or notice of facts that, in the exercise of **due diligence**, would have led to such knowledge" and dismissing claim), aff'd, 354 F. App'x 942 (5th Cir. 2009) (plaintiff had "**constructive notice**" based on a registration certificate alone); Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994) ("or is **chargeable with** such knowledge") (emphasis supplied).

Harrington's vague assertion of diligence, Am. Compl. [ECF 20-1 at ¶ 20] ("ongoing diligent efforts"), without any description of what she actually did, how often she did it—or even how she identified the image in this particular suit—is plainly insufficient as a matter of basic pleading to satisfy that she was not chargeable with knowledge or that whatever she did was reasonable. Cf. Chaparro v. Carnival Corp., 693 F.3d 1333, 337 (11th Cir. 2012) (labels and conclusions or formulaic recitations are insufficient; a complaint must contain sufficient factual matter). Regardless, the amended complaint shows the website was public; it does not aver that the defendants hid the infringement, made false or misleading statements to Harrington, or otherwise committed deception or fraud to conceal the alleged infringement. Nor does the pleading aver that the website was undiscoverable even with her due diligence until some other moment in time when she became actually aware of it. And crucially, the pleading doesn't say what she did that could conceivably satisfy a reasonableness-based diligence standard. Consequently, Harrington has not discharged her obligation to show facts sufficient to support tolling on the face of her amended complaint, Padilla, 391 F. Supp. 3d at 1112, or facts sufficient to make her claim timely under the discovery rule.

Harrington simply urges this Court to recognize an entirely new and limited actual-knowledge-only theory of claim accrual. Her pleading never alleges facts that show she could not be chargeable with knowledge of Island Villa's website until she became actually aware of it. Her opposition likewise does not suggest what should suffice for constructive knowledge or reasonable diligence under a discovery rule. Not only is Harrington's argument an entirely novel, exceedingly narrow reading of "accrue," it is entirely disembodied from § 507(b), and entirely inconsistent with Supreme Court precedent. Nowhere in her memorandum does she cite any Supreme Court decision aside from passing reference to Petrella, and she does not even attempt to harmonize those

decisions with the discovery rule. That alone should give this Court pause and inform how claims accrue under § 507(b).

### E. Harrington's counsel continues to falsely represent the truth to this court

Finally, Harrington's counsel once again makes false statements to this court. Plaintiff's counsel claims that the defendants in Affordable Aerial Photography Inc. v. Abdelsayed, "lost" the same statute of limitations argument in that case. Opp'n at 1. That is yet another knowingly false statement. The record there shows the court never ruled on the statute of limitations issue even though the defendants repeatedly raised it. The court never ruled substantively on any of the defendants' three motions for summary judgment and even during the fees litigation that court never passed on the limitations issue. See Order, [ECF 180], Affordable Aerial Photography Inc. v. Abdelsayed, no. 21-cv-81331 (S.D. Fla. Apr. 17, 2023). Indeed, the defendants expressly argued on appeal that the district court's failure to rule on that issue was legal error.[4]

Besides further knowingly false statements, plaintiff's counsel continues his *ad hominem* attack unabated. E.g. "hubris of opposing counsel" "his own personal belief" Opp'n at 2; "Mr. Klema (through his client) says so" Opp'n at 11.

Harrington also claims Island Villa did not identify case law from other circuits applying the incorrect discovery rule. Opp'n at 5 ("curiously absent"). Once again, that is false. Island Villa cited two of them: a concurrence in a recent Sixth Circuit decision that (A) collected those cases and recognized that the Sixth Circuit and many others apply a discovery accrual rule while also (B) illustrating that even that court is starting to doubt the rule's continuing vitality, see Mot. at 5-6; and a Seventh Circuit decision that similarly cited some of those cases, see Mot. at 8. And so

---

[4] Island Villa notes that the Eleventh Circuit entered an opinion in that appeal on February 28, 2024, affirming the district court's order, but the time for a petition for rehearing will not expire until 21 days after the mandate issues.

Page 8

Harrington is quite incorrect that the underlying motion either omitted that law or otherwise implies that Island Villa misled this Court.

Again, plaintiff's counsel should "rediscover" what its role in this process is, Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1546-47 (11th Cir. 1993), and be forthright about both the facts and the law, Bautista v. Star Cruises, 696 F. Supp. 2d 1274, 1280-81 (S.D. Fla. 2010).

And once again, to the extent the Court finds that any conduct by the undersigned is inappropriate, then he welcomes all critical and specific feedback on same so that he might better discharge his obligations to his client and the tribunal.

## CONCLUSION

From an efficiency and administration standpoint, keying the limitations to the date of injury avoids an otherwise murky analysis of a plaintiff's state of mind, what is or is not "due" diligence, or warning signs—the same type of analysis the Supreme Court has viewed as "unproductive" in determining whether a claim is time-barred. Wilson v. Garcia, 471 U.S. 261, 275 (1985) (calculating a limitations period should "be an uncomplicated task for judges, lawyers, and litigants," to avoid "useless litigation on collateral matters"). There is no dispute about what Harrington alleged about when the infringement occurred. This Court should undertake a textual analysis of § 507(b), analyze what "accrue" means—with particular regard to what the Supreme Court has said it means—find that Congress wrote the Copyright Act to include an injury-based accrual rule, and enter judgment for Island Villa.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard

                        Tampa, FL 33606
                        Telephone: 202-713-5292
                        *Attorney for Defendant*