UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

---

**JOINT STATUS REPORT**

The parties, pursuant to the Court's order granting a stay of this case, [DE 38], and requiring a joint status report within seven days following the Supreme Court's opinion in Warner Chappell music Inc. v. Nealy, hereby provide same. The parties have slightly differing positions on what should be included herein, and therefore provide separate statements. A brief description of the status of this case together with a copy of the decision in Warner Chappell (syllabus omitted) is included for the Court's convenience.

**Procedural History & Joint Position**

In this case, plaintiff Maureen Harrington ("Harrington") alleges one count of copyright infringement for a single photograph displayed on defendant Island Villa Rental Properties Inc.'s ("Island Villa") website. [DE 1]. Island Villa answered, [DE 6], and moved for judgment on the pleadings, [DE 23], and simultaneously moved for a stay, [DE 24], arguing Warner Chappell and Hearst Newspapers, L.L.C. v. Martinelli in the Supreme Court and Affordable Aerial Photography Inc. v. Property Matters USA LLC, no. 23-12563, in the Eleventh Circuit—were all potentially

dispositive of the issue presented in Island Villa's Rule 12(c) motion concerning the Copyright Act statute of limitations. Harrington opposed both motions, [DE 29 and 30], and Island Villa replied, [DE 34 and 35]. The Court then stayed this case. [DE 38].

Presently, the parties agree this case should remain stayed pending the Eleventh Circuit's decision in Property Matters.

**Defendant's Position**

This is a copyright trolling case in which Harrington seeks $150,000 for an image displayed as a blog post thumbnail, whose market value is $10. In Warner Chappell the Supreme Court decided a narrow issue regarding the scope of damages available to a copyright plaintiff for a timely claim despite pressure from parties and fifteen amici to decide whether the Copyright Act tolerates a discovery accrual rule.

Writing for the majority, Justice Kagan contrasted the injury-occurrence rule (and cited Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014)) with that of the "alternative view" and "so-called discovery rule" which it characterized as an "assumption" in the question it answered. The court twice highlighted that "Warner Chappell accepted that the discovery rule governed" and "never challenged the Eleventh Circuit's use of the discovery rule." Consequently, the court "confined [its] review to [the] disputed remedial issue, excluding consideration of the discovery rule."

Justices Gorsuch, Thomas, and Alito dissented, making clear that they would have dismissed the petition as improvidently granted to "await[] another [case] squarely presenting the question whether the Copyright Act authorizes the discovery rule." Citing Rotkiske v. Klemm, 589 U.S. 8 (2019) and TRW Inc. v. Andrews, 534 U.S. 19 (2001), they believe the Act "almost certainly does not tolerate a discovery rule" and lamented that the court should not "play along

with these particular parties and expound on the details of a rule of law that they may assume but very likely does not exist."

Four days later, the Supreme Court relisted the petition in Martinelli for conference today, May 16, 2024. Given the language and scope of the decision in Warner Chappell (as well as the court's questions and statements during oral argument), it appears very likely that it will grant the writ of certiorari in Martinelli so that it can decide the issue that everyone recognizes—including the court, the parties, and amici—is the elephant in the room.

In addition to the parties' agreement that this case should remain stayed, Island Villa alternatively believes its Rule 12(c) motion should be granted. The decision in Warner Chappell, combined with the dissent and relisting of Martinelli, supports Island Villa's argument for dismissal given the majority's citation to its dicta in Petrella for the injury-accrual rule and characterization of the discovery rule as an "alternative view."

Finally, Harrington's mischaracterization of Island Villa's position[1] is not well taken and, absent leave of court to file further briefing on Island Villa's Rule 12(c) motion, Harrington would not have a right of filing a sur reply.

**Plaintiff's Position**

Harrington does not oppose a continued stay of this action pending the Eleventh Circuit's decision in Property Matters, as that appeal directly involves the issue of whether an 'injury' or

---

[1] Island Villa did not "represent[ that Warner Chappell] would squarely tackle the statute of limitations issue." Instead, it argued the Supreme Court "**may** well decide the predicate issue definitively, or it **may** not truly be part of its holding while still alluding (yet again) to how the injury rule operates to arrive at its damages holding, or its holding **may** have some other dispositive effect from a damages-only standpoint that is bottomed on the statute of limitations" and that "[a]ny of those outcomes would have clear import to the issues presented by Island Villa here even if not directly controlling." See Def.'s Reply, [DE 43 at 3] (emphasis supplied); see also Def.'s Mot. [DE 24 at 4-5] (Warner Chappell has "a significant likelihood of informing how this Court should rule even if not authoritative on the present issue").

'discovery' rule applies to the accrual of claims under the Copyright Act. Unlike Island Villa, Harrington believes the Court is more than capable of interpreting Warner Chappell, a decision that Island Villa and its counsel represented would squarely tackle the statute of limitations issue yet did no such thing. Harrington questions the logic behind Island Villa's contention that the ***dissent*** in Warner Chappell somehow supports the granting of its motion for judgment on the pleadings. Generally stated, undersigned counsel finds it somewhat more prudent to cite to majority opinions by the Supreme Court, but Island Villa can certainly explain its position when the stay in this case is lifted.

| | |
|---|---|
| /s/ Griffin Klema<br>Griffin C. Klema, Esq.<br>Fla. Bar No. 100279<br>Griffin@KlemaLaw.com<br>**Klema Law, P.L.**<br>PO Box 172381<br>Tampa, FL 33672<br>420 W. Kennedy Boulevard<br>Tampa, FL 33606<br>Telephone: 202-713-5292<br>*Attorney for Defendant* | /s/ Daniel DeSouza<br>**COPYCAT LEGAL PLLC**<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>Daniel DeSouza, Esq.<br>Florida BarNo.: 19291<br>dan@copycatlegal.com<br>hali@copycatlegal.com<br>Lauren M. Hausman, Esq.<br>Florida Bar No.: 1035947<br>lauren@copycatlegal.com<br>*Attorneys for Plaintiff* |