Neutral

As of: August 3, 2024 12:16 AM Z

## *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*

United States Court of Appeals for the Eleventh Circuit

July 30, 2024, Filed

No. 23-12563

**Reporter**
2024 U.S. App. LEXIS 18801 *; __ F.4th __; 2024 WL 3573078

AFFORDABLE AERIAL PHOTOGRAPHY, INC., Plaintiff-Appellee, versus PROPERTY MATTERS USA, LLC, Defendant-Appellant, HOME JUNCTION INC., Defendant.

**Prior History: [*1]** Appeal from the United States District Court for the Southern District of Florida. D.C. Docket No. 2:22-cv-14296-AMC.

*Affordable Aerial Photography, Inc. v. Prop. Matters United States, LLC, 2023 U.S. Dist. LEXIS 115171, 2023 WL 4345337 (S.D. Fla., July 5, 2023)*

**Disposition:** AFFIRMED.

**Counsel:** For AFFORDABLE AERIAL PHOTOGRAPHY, INC., Plaintiff - Appellee: Daniel DeSouza, DeSouza Law, PA, CORAL SPRINGS, FL; James D'Loughy, Advisorlaw PLLC, PALM BEACH GARDENS, FL.

For PROPERTY MATTERS USA, LLC, Defendant - Appellant: Andrew D. Lockton, Edward F. McHale, McHale & Slavin, PA, PALM BEACH GARDENS, FL.

**Judges:** Before WILSON, GRANT, and LAGOA, Circuit Judges.

**Opinion by:** LAGOA

## Opinion

LAGOA, Circuit Judge:

Property Matters USA, LLC, one of the defendants in this copyright infringement case, appeals the district court's denial of its motion for attorney's fees under *17 U.S.C. § 505*. After carefully considering the parties' arguments and with the benefit of oral argument, we conclude that a defendant is not the prevailing party under *§ 505* when a plaintiff's action is voluntarily dismissed without prejudice under *Rule 41(a)(1)(A)(i)* and affirm the district court's order.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Affordable Aerial Photography, Inc. ("AAP"), was incorporated in Florida in 2005. Robert Stevens, AAP's owner, is a real estate photographer who specializes in aerial photography and exterior and interior shots. He offers slide **[*2]** shows, virtual tours, and stock photography to luxury real estate companies. AAP owns all the photographs Stevens takes and licenses them for limited use by their customers.

Property Matters USA, LLC ("Property Matters") is a real estate brokerage in Boca Raton, FL. Home Junction Inc. ("Home Junction") is a real estate marketing solutions and services provider who designed and maintained Property Matters's website.

In 2010, AAP created the photograph at issue, titled "PRESIDENTIAL PLACE FRONT AERIAL 2010 AAP" ("the Work"), which provides an aerial view of a residential condominium complex. In the bottom left corner, AAP included its copyright management information: "© AAP 2010 all rights reserved." AAP also registered the Work with the Register of Copyrights on April 6, 2018.

On or before April 30, 2017, the Work appeared on Property Matters's website. While AAP used various techniques to search for copyright infringement of the Work at least once per year from 2017 to 2022, it did not discover the alleged infringement until February 21, 2022.

In August 2022, AAP filed a complaint in the Southern District of Florida, which included one count of copyright infringement with respect to both **[*3]** Home Junction

and Property Matters. AAP sought, among other things, a declaration that both Home Junction and Property Matters willfully infringed on AAP's copyright; actual damages and disgorgement of profits or, in the alternative, statutory damages; costs and attorney's fees; and a permanent injunction prohibiting infringement of AAP's exclusive rights in the Work under copyright law.[1]

Property Matters subsequently filed a motion to dismiss—raising among other issues the statute of limitations set out in 17 U.S.C. § 507(b), which provides that no civil action may be maintained under Title 17 of the U.S. Code "unless it is commenced within three years after the claim accrued." Property Matters argued that the limitations period begins to run when the infringement occurs—here April 2017—and thus AAP's action was untimely by over two years. The district court denied this motion without prejudice for failure to comply with the district court's administrative order governing responsive filings in multiple-defendant cases. AAP then filed a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i) with respect to its action against Property Matters, and the district court entered an order pursuant to AAP's [*4] notice dismissing the action without prejudice. Soon after, AAP and Home Junction filed a joint notice of settlement, and the district court closed the case.[2]

Property Matters then moved for attorney's fees under 17 U.S.C. § 505, seeking $22,650 in fees already incurred along with any fees that would result from litigation of its motion. Section 505 provides that, in any civil action under Title 17, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof," and, except as otherwise provided by Title 17, "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The district court assigned the issue to a magistrate judge. Although AAP's action against Property Matters was voluntarily dismissed without prejudice under Rule 41(a)(1)(A)(i), Property Matters argued that AAP is nevertheless barred from reasserting its infringement claim in a new proceeding because of the statute of limitations found in 17 U.S.C. § 507(b). Thus, according to Property Matters, it is the "prevailing party" as a matter of law. In response, AAP argued among other things that Property Matters is not the prevailing party because the voluntary dismissal [*5] was without prejudice and the limitations period has not yet expired. The parties, however, agreed that if claims of copyright infringement accrue when the act of infringement occurs, then AAP could not refile its claim and Property Matters would be the prevailing party.

The magistrate judge recommended denying Property Matters's motion and the district court, over Property Matters's objections, accepted the report and recommendation. In line with how other courts have decided the issue, the district court applied the "discovery rule" to conclude that AAP's copyright infringement claim did not accrue until it discovered the alleged infringement. The district court also agreed with the magistrate judge that AAP, "who ran annual reverse image searches of the [W]ork, exercised reasonable diligence and discovered through that diligence the alleged infringement on February 21, 2022—making February 21, 2022, the date the claim accrued for purposes of 17 U.S.C. § 507." Therefore, the district court said, because AAP was not time-barred from raising its copyright infringement claim against Property Matters in a separate suit through February 21, 2025, the voluntary dismissal did not materially alter the legal [*6] relationship between the parties and Property Matters was not the prevailing party.[3]

Property Matters timely appealed the district court's order.

## II. STANDARDS OF REVIEW

In reviewing a district court's prevailing-party determination, we review any findings of fact for clear error. Royal Palm Props., LLC v. Pink Palm Props., LLC, 38 F.4th 1372, 1375 (11th Cir. 2022). We review de novo, however, the legal question as to whether those facts render a party a "prevailing party." Id.

## III. ANALYSIS

For most of this litigation, the parties' advanced an

---

[1] AAP filed an amended complaint that dropped Property Matters as a defendant, but the district court struck it for failing to comply with Federal Rule of Civil Procedure 15.

[2] Home Junction is not a party to this appeal.

[3] The district court declined to address Property Matters's objections to the magistrate judge's alternative recommendation to deny attorney's fees based on the factors set out in Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).

incorrect understanding about the meaning of "prevailing party" in 17 U.S.C. § 505. Before the district court, the parties stipulated that "[i]f dismissal without prejudice occurred after the Copyright Act's limitation period expired, a defendant obtains 'prevailing party' status."[4] The district court appeared to agree with the parties. But we are "duty bound to apply the correct law," and "'parties cannot waive the application of the correct law or stipulate to an incorrect legal test.'" Adams ex rel. Kasper v. Sch. Bd. of St. Johns Cnty., 57 F.4th 791, 816 n.8 (11th Cir. 2022) (en banc) (quoting Jefferson v. Sewon Am., Inc., 891 F.3d 911, 923 (11th Cir. 2018)). Under the precedents of the Supreme Court and this Court, a defendant is not the prevailing party when a plaintiff's action is voluntarily dismissed without prejudice under Rule 41(a)(1)(A)(i). This is true regardless of whether a statute of limitations has expired. Therefore, **[*7]** to decide this case, we need not decide other issues, such as whether § 507(b) is subject to the injury rule or the discovery rule.

Section 505 authorizes a court to "award a reasonable attorney's fee to the prevailing party." "Prevailing party" is a "legal term of art." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res., 532 U.S. 598, 603, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001). Congress has included it in various statutes, and the Supreme Court has "interpret[ed] the term in a consistent manner." CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 422, 136 S. Ct. 1642, 194 L. Ed. 2d 707 (2016). The "touchstone of the prevailing party inquiry" is "the material alteration of the legal relationship of the parties," Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93, 109 S. Ct. 1486, 103 L. Ed. 2d 866 (1989), and "[t]his change must be marked by 'judicial *imprimatur*,'" CRST Van Expedited, 578 U.S. at 422 (emphasis in original) (quoting Buckhannon, 532 U.S. at 605).

The prevailing-party inquiry is different with respect to plaintiffs and defendants given that they "come to court with different objectives." Id. at 431. While a plaintiff "seeks a material alteration in the legal relationship between the parties," a defendant "seeks to prevent this alteration to the extent it is in the plaintiff's favor." Id. Given the defendant's objectives, it can attain prevailing-party status "whenever the plaintiff's challenge is rebuffed," even if for a non-merits reason. Id. But this is true only when the rejection of the plaintiff's challenge is "marked by 'judicial *imprimatur*.'" Id. at 422 **[*8]**

(emphasis in original) (quoting Buckhannon, 532 U.S. at 605). This means that a defendant does not attain prevailing-party status merely because, as a practical matter, a plaintiff is unlikely or unable to refile its claims. Instead, the court itself must act to reject or rebuff the plaintiff's claims. See Beach Blitz Co. v. City of Miami Beach, 13 F.4th 1289, 1298 (11th Cir. 2021) ("[T]o determine whether the City was the prevailing party in this case, we ask whether the district court's judgment rebuffed Beach Blitz's efforts to effect a material alteration in the legal relationship between the parties."); cf. Buckhannon, 532 U.S. at 604 (requiring "a court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant'" (alterations in original) (quoting Tex. State Tchrs. Ass'n, 489 U.S. at 792)).

For example, in Beach Blitz, the district court dismissed five counts without prejudice for failure to state a claim under *Federal Rule of Civil Procedure 12(b)(6)* and denied Beach Blitz the opportunity to amend four of the five counts. 13 F.4th at 1295. After Beach Blitz failed to file an amended complaint with respect to the fifth count, the district court entered judgment for the City and closed the case. Id. at 1295-96. Even though the district court's judgment was "without prejudice," this Court concluded that the City was the prevailing party. See id. at 1301. For one, the "dismissal was involuntary." Id. at 1298. Also, the district court dismissed the "claims on the merits in the sense that [it] 'pass[ed] directly on the substance of' Beach Blitz's claims'" when adjudicating the *Rule 12(b)(6)* motion. Id. at 1299 (second alteration in the original) (quoting Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-02, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)). Therefore, as "a matter of '[c]ommon sense,'" this Court concluded that the district court "plainly rebuffed Beach Blitz's attempt to alter its legal relationship with the City and 'resolved [the case] in the defendant's favor.'" Id. at 1300 (alterations in original) (quoting CRST Van Expedited, 578 U.S. at 431-32); see id. ("[I]n every practical sense, the district court rebuffed Beach Blitz's effort to alter its legal relationship with City.").

And **[*9]** we applied a similar analysis—but reached a different result—in United States v. $70,670.00 in U.S. Currency, 929 F.3d 1293 (11th Cir. 2019). There, we were charged with determining whether the claimants in a civil forfeiture case "substantially prevail[ed]," 28 U.S.C. § 2465(b)(1), after the district court granted the government's motion to voluntarily dismiss its complaint without prejudice under Federal Rule of Civil Procedure 41(a)(2), see $70,670.00 in U.S. Currency, 929 F.3d at 1298-99, 1303. While not sharing identical text, we

---

[4] AAP has disavowed this position on appeal.

explained that "we interpret 'substantially prevailed' fee-shifting statutes consistently with 'prevailing party' fee-shifting statutes." *Id.* at 1303 (citing *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 307 F.3d 1318, 1322 n.4 (11th Cir. 2002)). And we concluded that the claimants had not substantially prevailed because "a dismissal without prejudice places no 'judicial *imprimatur*' on 'the legal relationship of the parties,' which is 'the touchstone of the prevailing party inquiry.'" *Id.* (emphasis in original) (quoting *CRST Van Expedited*, 578 U.S. at 422). Instead, a voluntary dismissal without prejudice merely "renders the proceedings a nullity and leaves the parties as if the action had never been brought." *Id.* (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)).

Even though we recognized in *$70,670.00 in U.S. Currency* that the government, as a "practical matter," may have a difficult time pursuing a new civil forfeiture action concerning the same properties, we explained that "the order of dismissal poses 'no legal bar precluding the [*10] government from refiling the same forfeiture action in the future.'" *Id.*; *see id.* ("[T]his practical difficulty is irrelevant."). What mattered, we said, was that "the claimants have not obtained a 'final judgment reject[ing] the [government's] claim' to the defendant funds." *Id.* (alterations in original) (quoting *CRST Van Expedited*, 578 U.S. at 431). We thus affirmed the district court's denial of the claimants' motion for attorney's fees.

While there are some differences between this case and *$70,670.00 in U.S. Currency*—including the statutory language at issue and the fact that the claimants in that case sought affirmative relief—we find that none of them supply a reason to reach a different result here. AAP's action against Property Matters was dismissed without prejudice by operation of AAP filing a notice of voluntary dismissal under *Rule 41(a)(1)(A)(i)*, and under that provision, the voluntarily dismissal takes effect "without a court order."[5] *See Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) ("[A] plaintiff's voluntary dismissal under *Rule 41(a)(1)(A)(i)* 'is effective immediately upon . . . filing,' and thus no further court order is necessary to effectuate the dismissal." (second alteration in original) (quoting *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990))). This is the opposite of a judicial "rebuff[]" of AAP's claim. *CRST Van Expedited*, 578 U.S. at 431. And because some judicial action rejecting [*11] or rebuffing a plaintiff's claim is necessary to endow a defendant with prevailing-party status, *see id. at 422, 431*, Property Matters is not the prevailing party in this litigation.

Property Matters's arguments do not convince us otherwise. It is true that, in the past, we have held that a defendant can be considered the prevailing party after a voluntary dismissal *with* prejudice. *See Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).[6] And we have sometimes said that a dismissal without prejudice is tantamount to a dismissal with prejudice when it

---

[5] In Property Matters's supplemental briefing, it contends for the first time that the district court's order dismissing AAP's action against Property Matters should be considered a dismissal under *Federal Rule of Civil Procedure 21* rather than under *Rule 41(a)(1)(A)(i)* because Home Junction, the other defendant, remained in the case. But this contention is foreclosed by our precedent, which Property Matters incorrectly miscasts as *dicta*. *See Plains Growers ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973) ("[W]e hold that plaintiff is entitled to a dismissal against one defendant under *Rule 41(a)*, even though the action against another defendant would remain pending."); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all Fifth Circuit decisions issued before October 1, 1981); *accord, e.g., Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023) ("Our Circuit has recognized that *Rule 41(a)* allows a district court to dismiss all claims against *a particular defendant*. But that exception (if it can be called that) is compatible with the rule's text because in a multidefendant lawsuit, an 'action' can refer to all the claims against one party.") (emphasis in original) (citations omitted)). In any case, Property Matters fails to explain how this argument is material to our prevailing-party analysis given that, either way, the district court in this case did not reject or rebuff AAP's claim. *See Beach Blitz*, 13 F.4th at 1298.

[6] In *Mathews*, this Court did not specify the provision of *Rule 41* under which the actions at issue were voluntarily dismissed with prejudice. From our review of the district court docket in that case, it appears that the district court entered an order granting the plaintiff's motions for voluntary dismissals under *Rule 41(a)(2)*. *Mathews* is thus different than both this case and *70,670.00 in U.S. Currency*, where the government could refile the same action in the future because the voluntary dismissal under *Rule 41(a)(2)* was without prejudice. *See 70,670.00 in U.S. Currency*, 929 F.3d at 1303. The voluntary dismissals with prejudice at issue in *Mathews* "clearly rebuffed with the court's *imprimatur*" the plaintiff's claims and prevented the plaintiff from re-litigating those same claims in the future. *Beach Blitz*, 13 F.4th at 1301 (emphasis in original). Therefore, *Mathews* cannot be read to support Property Matters's position in this case, where there is no judicial action preventing AAP from refiling its claim.

comes after the statute of limitations period has expired. *See, e.g.,* Mickles v. Country Club Inc., 887 F.3d 1270, 1280 (11th Cir. 2018); Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981).[7]

None of the cases Property Matters cites in support of this second proposition, however, concerned attorney's fees or the proper application of a prevailing-party fees statute like § 505. And none of them provide a reason to conclude that a defendant is the prevailing party in the absence of judicial action. Property Matters would have us conclude that the voluntary dismissal in this case has the same effect for the purposes of attorney's fees as an order from the district court dismissing AAP's claim because the statute of limitations has **[*12]** expired. But the two are completely different in this context. Only the latter supplies the necessary judicial rejection of AAP's claim. Even though our decision in Beach Blitz was informed by "common sense" and a "practical examination" of the case, *see* 13 F.4th at 1298, 1300 (alteration adopted) (quoting CRST Van Expedited, 578 U.S. at 431), we have been clear that practical effects—without a judicial imprimatur on the parties' relationship—are not sufficient to confer prevailing-party status, *see* $70,670.00 in U.S. Currency, 929 F.3d at 1303 (stating that the "practical difficulty" of filing a new action is "irrelevant"). Although AAP may be unable to successfully litigate its claim against Property Matters in the future, this is not owed to any action of the district court. Indeed, after the voluntary dismissal, the opportunity remains for AAP to re-litigate the exact the same claim. And, as a result, Property Matters remains at risk. This "is not the stuff of which [a defendant's] legal victories are made." Hewitt v. Helms, 482 U.S. 755, 760, 107 S. Ct. 2672, 96 L. Ed. 2d 654 (1987).

Property Matters's argument also conflicts with the Supreme Court's reasoning in Buckhannon. There, the plaintiffs sought attorney's fees as the "prevailing party" after their case against state agencies and officials became moot when the state legislature enacted two bills that eliminated the **[*13]** legal requirement at issue. 532 U.S. at 600-01. But the Supreme Court refused to "allow[] an award where there is no judicially sanctioned change in the legal relationship of the parties." Id. at 605. A "defendant's voluntary change in conduct," the Supreme Court explained, "although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* (emphasis in original). For the same reason, a plaintiff's voluntary decision to dismiss an action without prejudice also fails to confer prevailing-party status on a defendant. *See* $70,670.00 in U.S. Currency, 929 F.3d at 1303 (explaining that the holding in Buckhannon that "[a] defendant's voluntary change in conduct [is] the mirror image of a plaintiff's voluntary decision to withdraw a claim," and that the defendant's voluntary change in conduct "'lacks the necessary judicial *imprimatur*' to qualify the defendant as a prevailing party").

In sum, for a defendant to become the prevailing party, we have made clear that "the rejection of the plaintiff's attempt to alter the parties' legal relationship 'must be marked by "judicial *imprimatur*."'" Beach Blitz, 13 F.4th at 1298 (emphasis in original) (quoting CRST Van Expedited, 578 U.S. at 422). Because AAP's voluntary dismissal without prejudice under Rule 41(a)(1)(A)(i) did not supply **[*14]** the required judicial rejection of AAP's claim, Property Matters is not the prevailing party.

## IV. CONCLUSION

Because "[w]e may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below," Waldman v. Ala. Prison Comm'r, 871 F.3d 1283, 1289 (11th Cir. 2017), we reach the same conclusion as the district court: Property Matters is not the prevailing party in this litigation. We thus affirm the district court's order finding that Property Matters is ineligible for an award of attorney's fees under 17 U.S.C. § 505.

**AFFIRMED**.

---

**End of Document**

---

[7] In Bonner, we adopted all Fifth Circuit decisions issued before October 1, 1981, as binding precedent. 661 F.2d at 1209.