# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SCIENCE PHOTO LIBRARY LIMITED,**

      Plaintiff,

v.                                                     Case No: 6:23-cv-2302-PGB-LHP

**BELL PERFORMANCE, INC.,**

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Bell Performance, Inc.'s ("**Defendant**") Motion for Judgment on the Pleadings Pursuant to 17 U.S.C. § 507(b) (Doc. 23 (the "**Motion**")) and Plaintiff Science Photo Library Limited's ("**Plaintiff**") response in opposition (Doc. 38). Upon consideration, the Motion is due to be denied.

## I.  BACKGROUND[1]

In 1996, Dr. Dennis Kunkel created a professional photograph of a rod prokaryote titled "96543C Legionella pneumophila - rod prokaryote (bacterium) Jan. 14, 1996" (the "**Work**"). (Doc. 1, ¶ 15). On January 13, 2015, Dr. Kunkel

---

[1] This account of the facts comes from the Complaint. (Doc. 1). The Court accepts these factual allegations as true when considering a motion for judgment on the pleadings. *Cf. Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

registered the Work with the Register of Copyrights, which assigned Registration No. VA 1-937-590 to the Work. (*Id.* ¶ 16).

Plaintiff is a privately owned company that sources "science and medicine images and video." (*Id.* ¶ 6). According to Plaintiff, in 2016, Plaintiff and Dr. Kunkel entered into a written agreement whereby Dr. Kunkel transferred to Plaintiff "all rights and titles to Dr. Kunkel's photographic library, inclusive of the Work." (*Id.* ¶ 17). This "transfer of ownership included all copyrights in the Work and the exclusive right to license the Work and maintain action against infringements thereof." (*Id.*).

Defendant is a "company that develops products for all ranges of applications like trucks, cars, and home furnaces." (*Id.* ¶ 18). In January 2019, Defendant published and displayed the Work on its website in connection with an article entitled "Sidestepping Fuel Distribution System Snags." (*Id.* ¶ 20; Doc 1-2, p. 2). According to Plaintiff, Defendant has never been licensed to use or display the Work and has never contacted Plaintiff to seek permission to use the Work. (Doc. 1, ¶ 22). Plaintiff further asserts that Defendant utilized the Work for commercial purposes. (*Id.* ¶ 23).

Plaintiff discovered Defendant's use of the Work in July 2022. (*Id.* ¶ 25). Following this discovery, Plaintiff notified Defendant in writing of such unauthorized use. (*Id.*). To date, Plaintiff and Defendant have been unable to negotiate a license for Defendant's alleged past infringement of the Work. (*Id.*).

Accordingly, on November 30, 2023, Plaintiff commenced this action alleging "Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for Defendant's own commercial purposes." (*Id.* ¶ 33).

On February 21, 2024, Defendant filed the instant Motion, arguing that Plaintiff's claim is time-barred under the Copyright Act's three-year statute of limitations. (Doc. 23); 17 U.S.C. § 507(b). Plaintiff responded in opposition, and the Motion is now ripe for review. (Doc. 38).

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *Szabo v. Fed. Ins. Co.*, No. 8:10-cv-02167, 2011 WL 3875421, at *2 (M.D. Fla. Aug. 31, 2011)[2] (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

3

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

In sum, courts must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

This Motion turns on whether Plaintiff's claim for copyright infringement is time-barred. (*See* Doc. 23). Defendant argues that the Copyright Act's statute of limitations conclusively time bars Plaintiff's claim. (*Id.*); 17 U.S.C. § 507(b). In response, Plaintiff argues that "the Complaint, on its face, alleges a claim for copyright infringement that was filed well within the statute of limitations." (Doc. 38, p. 2). For the following reasons, Plaintiff is correct.

4

## A. Accrual of a Copyright Infringement Claim

The Copyright Act states that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three [(3)] years after the claim accrued." 17 U.S.C. § 507(b). Thus, the Copyright Act's statute of limitations runs from the date that a claim accrues. *Id.* "[T]here are two recognized rules for determining that date: the discovery rule and the injury rule." *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023), *aff'd*, 144 S. Ct. 1135 (2024).

Each circuit court that has addressed the matter of claim accrual in relation to copyright infringement claims has applied the discovery rule. *Oppenheimer v. WL Mag. Grp., LLC*, No. 20-1451 (ABJ), 2021 WL 6849089, at *3 (D.D.C. Mar. 4, 2021); *see, e.g.*, *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44–45 (1st Cir. 2008); *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992); *Am. Bd. of Internal Med. v. Rushford*, 841 F. App'x 440, 441 (3d Cir. 2020); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001); *Jordan v. Sony BMG Music Ent. Inc.*, 354 F. App'x 942, 945 (5th Cir. 2009); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 390–91 (6th Cir. 2007); *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004); *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1246 (9th Cir. 2022). Although a circuit court has yet to apply the injury rule to a copyright infringement claim, a limited number of district courts have done so. *See, e.g.*, *Auscape Int'l v. Nat'l Geographic Soc'y*, 409 F. Supp. 2d 235, 242–48 (S.D.N.Y. 2004). Under the discovery rule,

5

"the statute of limitations period beg[ins] to run when Plaintiff [has] learned of or, in the exercise of reasonable diligence, should have learned of . . . [the] alleged infringement." *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1354–55 (S.D. Fla. 2014). Under the injury rule, "the statute of limitations begins to run when the alleged infringement occurred." *Id.* at 1354.

To date, the Eleventh Circuit has not explicitly adopted either the discovery rule or the injury rule in the civil copyright infringement context. However, in recent decisions related to copyright ownership claims, the Eleventh Circuit has both applied the discovery rule and affirmed a district court's use of that rule. *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020) (applying the discovery rule in a copyright ownership context)*; Nealy*, 60 F.4th at 1330 (citing *Webster* to affirm a district court's application of the discovery rule in a copyright ownership dispute).

Further, in deciding a 42 U.S.C. § 1983 action regarding a deprivation of rights, the Eleventh Circuit held, "[a] federal claim is generally considered to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990). Moreover, in a concurring opinion, Judge Birch of the Eleventh Circuit applied the discovery rule to a copyright infringement action. *Calhoun v. Lillenas Publ'g.*, 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of

6

reasonable diligence, should have known about an infringement."). Finally, the Southern and Middle Districts of Florida have routinely applied the discovery rule in copyright infringement cases. *See Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1284–85 (M.D. Fla. 2008); *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1218 (M.D. Fla. 2007); *Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*, No. 6:03-CV-1860, 2005 WL 3445522, at *7 (M.D. Fla. Dec. 14, 2005); *James W. Ross, Inc. v. Cecil Allen Const., Inc.*, No. 6:03-CV-792, 2004 WL 1146104, at *3 (M.D. Fla. Apr. 26, 2004); *Tomelleri v. Natale*, No. 9:19-CV-81080, 2022 WL 2341237, at *2 (S.D. Fla. Feb. 18, 2022); *Sieger Suarez*, 998 F. Supp. 2d at 1334–35; *Lorentz v. Sunshine Health Prods., Inc.*, No. 09-61529-CIV, 2010 WL 3733986, at *5 (S.D. Fla. Aug. 27, 2010).

### B. The Injury Rule

Defendant urges this Court to stray from the majority of its sister courts and apply the injury rule to determine when Plaintiff's copyright infringement claim accrued. (Doc. 23, p. 3). In support, Defendant points to certain language used by the Eleventh Circuit in *Nealy* and *Webster*. (*Id.* at pp. 9–10 (citing *Nealy*, 60 F.4th at 1330–33; *Webster*, 955 F.3d at 1275–76)). In both cases, the Eleventh Circuit distinguished copyright ownership from copyright infringement claims, before it applied the discovery rule to the copyright ownership disputes. *Nealy*, 60 F.4th at 1330 ("[W]here the 'gravamen' of a copyright claim is ownership, the discovery rule dictates when a copyright plaintiff's claim accrues."); *Webster*, 955 F.3d at 1275–76 (characterizing the plaintiff's claim as "one primarily concerning

7

copyright ownership" before applying the discovery rule). Defendant sugggests that, because the Eleventh Circuit in *Webster* and *Nealy* differentiated the two (2) types of claims before it applied the discovery rule to the copyright ownership disputes, the Eleventh Circuit must have intended for a different rule to be used going forward in the copyright infringement context. (Doc. 23, pp. 3, 9–11). The Court disagrees.

Although the Eleventh Circuit differentiated the two (2) types of claims, that does not necessarily indicate different tests ought to be applied. Importantly, courts differentiate claims of copyright ownership from those of copyright infringement because, by nature of the claims, they accrue differently. *See Webster*, 955 F.3d at 1275–77. A copyright ownership claim accrues when the only contended issue is a genuine dispute about ownership. *Nealy*, 60 F.4th at 1330 ("The gravamen of a copyright claim is ownership if ownership of the copyright is the only disputed issue."). In contrast, each act of copyright infringement is "a distinct harm giving rise to an independent claim for relief." *Stone*, 970 F.2d at 1049. Therefore, a plaintiff may have a fresh infringement claim against a defendant each time that defendant publishes the copywritten work, whereas a claim for ownership can accrue only once. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) ("[E]ach infringing act starts a new limitations period."); *Webster*, 955 F.3d at 1276 ("[A] claim concerning mainly ownership accrues only once."). In sum, courts distinguish ownership and infringement claims because they accrue in different manners.

8

It is settled law in the Eleventh Circuit that the discovery rule is used in copyright ownership claims. *See Nealy*, 60 F.4th at 1330. Defendant posits that this is because an ownership claim "requires *knowledge* of the dispute." (Doc. 23, p. 9). However, 17 U.S.C. § 507(b) does not differentiate between infringement and ownership claims, and the Eleventh Circuit has not made such an assertion. Rather, in *Webster*, the Eleventh Circuit stated that the approach of applying the discovery rule in the ownership context "is most consistent with our existing precedent." *Webster*, 955 F.3d at 1276. To support this, the *Webster* court cited the concurrence in *Calhoun,* in which Judge Birch applied the discovery rule in a copyright infringement context. *Id.* (citing *Calhoun,* 298 F.3d at 1236 (Birch, J., concurring) (noting that a copyright infringement claim's "limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement.")). Thus, in relying on the *Calhoun* example, the Eleventh Circuit displayed its approval of applying the discovery rule in the infringement context—rather than its intent to bar its future use. *Id.*

Defendant also contends that the Supreme Court did away with the discovery rule in *Petrella*, where the Court addressed the interplay between § 507(b) and the doctrine of laches.[3] (Doc. 23, p. 7); *Petrella*, 572 U.S. at 669–88. The Court held that the doctrine of laches did not bar relief for a copyright infringement claim brought within § 507(b)'s three-year limitations period.

---

[3] "Laches is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation." *Petrella*, 572 U.S. at 134 (internal citation omitted).

9

*Petrella*, 572 U.S. at 686. Specifically, *Petrella* addressed "only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed." *Starz Ent., LLC*, 39 F.4th at 1237–38 (interpreting *Petrella* when analyzing a copyright infringement claim). Because the Court in *Petrella* mentioned, but did not pass upon the discovery rule, "any language in that opinion discussing relief beyond that window is dicta and [does] not affect the viability of the discovery rule." *Id.* Consequently, Defendant's contention that the Supreme Court did away with the discovery rule in *Petrella* is misguided. (Doc. 23, p. 7).

### C. The Discovery Rule

Ultimately, this Court finds that applying the discovery rule to determine when a copyright infringement claim accrues is better practice. It is practically impossible for a copyright owner in Plaintiff's position to monitor millions of webpages regularly, and it is unreasonable to hold parties to such a standard of diligence. *See, e.g.*, *Frerck v. John Wiley & Sons, Inc.*, No. 11-CV-2727, 2014 WL 3512991, at *6 (N.D. Ill. July 14, 2014) ("If that were the expectation, then stock photo agencies and photographers likely would spend more money monitoring their licenses than they receive from issuing licenses."); *PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215, 2018 WL 4759737, at *8 (S.D.N.Y. Sept. 30, 2018) ("[C]opyright owners do not have a general duty to police their copyrights."); *McTigue*, 531 F.3d at 46 ("Architects have no general, free-standing duty to comb through public records or to visit project sites in order to police their copyrights.").

10

If the purpose of the Copyright Act is to protect property rights, applying the injury rule to determine when an infringement claim accrues is counterproductive. Application of the injury rule allows for the willful copyright infringer—a thief—to escape justice after he has kept his misdeed quiet for the statutory period. The harm may occur without knowledge of the party being infringed against, but a claim cannot be made until that aggrieved party discovers that harm. As a result, infringers, cloaked in the depths of the internet, will act with greater impunity. In contrast, under the discovery rule, infringers will remain liable for their act and victims will be made whole.

### D. Application of the Discovery Rule

In considering the weight of authority supporting the discovery rule, and determining it to be the better practice, this Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, "in the exercise of reasonable diligence," should have learned of Defendant's alleged infringement. *Calhoun*, 298 F.3d at 1236 (Birch, J., concurring).

"Should have learned" means whether a reasonably prudent person in the plaintiff's position would have become aware of the alleged infringement. *See McTigue*, 531 F.3d at 44; *Stone*, 970 F.2d at 1048. "A reasonably prudent person is charged with a duty of diligence." *McTigue*, 531 F.3d at 44; *Luar Music Corp. v. Universal Music Grp., Inc.*, 847 F. Supp. 2d 299, 309 (D.P.R. 2012) (citing *McTigue*, 531 F.3d at 44). A plaintiff is put on notice and the statute of limitations

11

begins to run once a plaintiff "possesses information fairly suggesting some reason to investigate whether he may have suffered an injury at the hands of a putative infringer." *McTigue*, 531 F.3d at 44; *see also Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004) (holding that a party is put on notice when "plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm."); *Wolinetz v. Berkshire Life Ins. Co.*, 361 F.3d 44, 48 (1st Cir. 2004) (stating that a party has sufficient notice when "the plaintiff has enough information to suggest that he has suffered an injury caused by the defendant's conduct."); *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 802 (1st Cir. 1987) (suggesting in the securities fraud context that a plaintiff is on inquiry notice when there are "sufficient storm warnings" that would prompt a reasonable person to investigate the possibility of fraud).

In its Complaint, Plaintiff states that "[t]hrough its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in July 2022." (Doc. 1, ¶ 25). Accepting Plaintiff's statement of this fact as true and without compelling evidence to the contrary from either part, the Court finds that Plaintiff's claim accrued in July 2022, when Plaintiff learned of Defendant's alleged infringement. (Docs. 1-2, 23, 38); *see Iqbal*, 556 U.S. at 678. Therefore, the Copyright Act's three-year statute of limitations for Plaintiff's infringement claim runs until July 2025. As a result, when Plaintiff filed suit in November 2023, it was well within the statute of limitations and thus, its copyright infringement claim is not time-barred.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Judgment on the Pleadings Pursuant to 17 U.S.C. § 507(b) (Doc. 23) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 2, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

13