UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

## **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO RE-OPEN [ECF 43]**

Defendant, Island Villa Rental Properties Incorporated, pursuant to Local Rule 7.1(c), files this memorandum in opposition to plaintiff Maureen Harrington's motion to "re-open" this case, [ECF 43]. The Court should maintain the stay and rule on Island Villa's dispositive Rule 12(c) motion as a threshold dispositive issue.

### **PROCEDURAL HISTORY**

This is an action for a single count of alleged copyright infringement for a blog post thumbnail image, [ECF 1], a suit that many courts would recognize as copyright trolling, e.g., McDermott v. Monday Monday, LLC, 17-cv-9230, 2018 WL 1033240 (S.D.N.Y. Feb. 22, 2018), and conduct which plaintiff's counsel embraces.[1] Island Villa answered the complaint, [ECF 15], and moved for judgment on the pleadings pursuant to the Copyright

---

[1] Plaintiff's counsel himself embraces this label. https://www.copycatlegal.com/blog/is-copycat-legal-a-copyright-troll/ ("as a 'troll,' I'm always looking for a few good meaty bones!")

Act's statute of limitations, 17 U.S.C. § 507(b), [ECF 21]. Harrington filed an opposition, [ECF 29], and Island Villa filed its reply, [ECF 35]. The motion has been fully briefed and ripe for disposition since February 29, 2024.

However, because the issue in that dispositive motion could have been controlled by two pending higher court decisions, Island Villa moved to stay the action, which the Court granted, [ECF 38], and then subsequently maintained, [ECF 40].

Earlier this year, <u>Warner Chappell Music Inc. v. Nealy</u>, 144 S. Ct. 1135 (2024) and <u>Affordable Aerial Photography Inc. v. Property Matters USA, LLC</u>, 108 F.4th 1358 (11th Cir. 2024) were still pending. Both have now been decided. However, neither opinion directly confronted the question of when a copyright infringement claim accrues under the Copyright Act statute of limitations. Three justices on the Supreme Court made very clear, however, how lower courts should approach the issue now presented in Island Villa's Rule 12(c) motion: the Copyright Act "almost certainly does not tolerate a discovery rule." <u>Warner Chappell</u>, 144 S.Ct. at 1140 (Gorsuch, J., dissenting). He characterized that as a "fact" which would "soon enough make anything we might say today about the rule's operational details a dead letter." <u>Id.</u>[2]

Plaintiff Harrington now seeks to deploy well-known copyright trolling tactics, including abusive discovery and the threat of litigation costs to increase Island Villa's settlement offer above the already generous four-figure amount previously offered and

---

[2] That "soon enough" case to reach the high court may be filed in a few weeks. The deadline for a petition for writ of certiorari in <u>Michael Grecco Prods., Inc. v. RADesign, Inc.</u>, 112 F.4th 144 (2d Cir. 2024), <u>pet' for r'hrg en banc denied</u> (Oct. 17, 2024), is January 15, 2025.

rejected—all on a photograph valued at $10, but for which Harrington has demanded $30,000. The stay should remain until the dispositive motion is decided.

## ARGUMENT

The Court should decide the dispositive motion that has been fully briefed for more than ten months. That is the most efficient and fair path forward for this case, and plaintiff provides no good reason to conclude otherwise. Harrington waited nearly five months after the Affordable Aerial Photography case was decided to request that the stay be lifted, despite knowing that Island Villa's position has been that the Court should decide the dispositive motion before anything else occurs in this case.[3] Island Villa remained hopeful that the Court had already considered the motion and might be prepared to decide it and sua sponte lift the stay. Now that Harrington has formally sought to burden Island Villa with discovery, it urges the Court to rule on that dispositive motion before anything else occurs in this case.

Where a dispositive motion going to a statute of limitations issue remains pending, it is not an abuse of discretion to stay discovery until such a motion is decided. Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1985) ("A decision to prevent unnecessary discovery because the case could well be decided on the parties' motions is not, on its face, fundamentally unfair to a party desiring discovery.") In fact, no discovery is required for the Court to decide the Rule 12(c) motion, and Harrington makes no arguments for why that motion cannot be decided first prior to discovery or anything

---

[3] Indeed, plaintiff's counsel knew this case was proceeding just as the other three of its trolling cases where the defendants raised the same arguments as Island Villa has here.

else occurring in this case. It would not be an abuse of discretion to maintain the stay and decide Island Villa's motion for judgment on the pleadings as a threshold issue.

While the Court understandably awaited decisions that could have fully controlled the disposition of that motion, the Court now remains free to decide the matter de novo, though it does not do so in a vacuum. All signs point to the dubious origins and illogic of a "discovery" rule for ordinary infringement claim accrual under 17 U.S.C. § 507(b).

The Supreme Court's Warner Chappell decision—both the majority and the three justices in dissent—makes clear how they are likely to decide the issue, which is contrary to Harrington's argument. In particular, the majority opinion used rhetorical cues of doubt, characterizing the discovery rule as "so-called," an "assumption," and an "alternative view." Warner Chappell, 144 S.Ct. at 1138. The Supreme Court didn't reach the predicate question because the defendant there—in contrast to Island Villa here—simply "accepted that the discovery rule governed" and "never challenged" the rule, id. at 1139). Island Villa has directly challenged the rule's application to Harrington's claim and no discovery is needed to address the purely legal issue based on the allegations contained in Harrington's complaint. Moreover, this case does not involve questions of copyright ownership between the parties, a decisive matter in the Warner Chappell case.[4]

For their part, justices Gorsuch, Alito, and Thomas went out of their way to explain why there is likely no discovery rule in the Copyright Act, which they characterized as "a

---

[4] In the Eleventh Circuit, the panel held that the court's prior decision in Webster v. Dean Guitars, 955 F.3d 1270 (11th Cir. 2020) controlled. See Nealy v. Warner Chappell Music, Inc., 60 F.4th 1330 (11th Cir. 2023) ("The parties entered a joint-pretrial stipulation in which they agreed 'that this case presents an ownership dispute within the meaning of the statute of limitations for copyright claims.' And the dispute in this case is materially indistinguishable from Webster for this purpose.").

rule of law that [litigants and courts] may assume but very likely does not exist." Id. at 1140-41 (citing Rotkiske v. Klemm, 589 U.S. 8 (2019) and TRW Inc. v. Andrews, 534 U.S. 19 (2001)). That very vocal dicta is highly unusual, where the court typically does not tip its hand on what it thinks the direction of the law ought to be, absent a case that formally decides the matter. Their opinion leaves no doubt how they are likely to decide that issue once the right case arrives, and that could be soon.[5]

The combination of the six justices' doubts about the discovery rule and the minority's near-certain rejection of it shows that the Supreme Court is likely to decide this question consistent with Island Villa's argument, namely that a claim accrues upon the alleged injury, not at the time of the plaintiff's discovery of it.

At a minimum, Warner Chappell, together with other appellate court decisions, evinces a substantial ground for difference of opinion on which rule applies for ordinary infringement claim accrual. That uncertainty amply supports certifying the question to the Eleventh Circuit for immediate appeal under 28 U.S.C. § 1292(b), either now or, should the Court deny the motion, at that time. Even the Supreme Court commended district court judge, Rodolfo Ruiz, for "[a]ppreciating the impact of [his] ruling" which he had certified "for interlocutory appeal." Warner Chappell, 144 S.Ct. at 1138. Here, the Eleventh Circuit would be very likely to grant review if this question were certified, given it did so on a similar question in the Warner Chappell case and remains an open question in this circuit and the Supreme Court. See Certification Order, Nealy v. Atlantic Recording Corp., no. 18-cv-25474 (S.D. Fla. Jun. 21, 2021), and Order Granting Permission to

---

[5] See note 2, *supra*.

Appeal, Music Specialist, Inc. v. Warner Chappell Music, Inc., no. 21-90018 (11th Cir. Jul. 1, 2021).

Aside from the Supreme Court, there exists in the intermediate appellate courts differences of opinion about the ongoing viability of the discovery rule in the Copyright Act. Judge Murphy of the Sixth Circuit provided a cogent explanation for why courts should strongly doubt the validity of the discovery rule applied to the Copyright Act. Everly v. Everly, 958 F.3d 442, 459-68 (6th Cir. 2020) (Murphy, J. concurring) (acknowledging being precedent-bound to adhere to the discovery rule, but criticizing those decisions, which "merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent"). He recently reiterated that the "assumed" discovery rule "may well prove misplaced" and his position on claim accrual is now joined by Judge Gibbons. Reguli v. Russ, 109 F.4th 874, 885 (6th Cir. 2024) (Murphy, J., concurring). He lamented that "the parties debate the mechanics of the discovery rule without addressing 'the logically antecedent question': Should this rule apply at all?" Id. He again highlighted the contrast between the Supreme Court's decisions construing statutes of limitations with those of the appellate courts, which, in his mind, "seem to be speaking different languages." Id. This Court should take note of multiple jurists' criticism of the discovery rule and heed the warning signs of the discovery rule's near-certain demise.

The proper route for review of that question in the higher courts however, is to grant Island Villa's dispositive motion, consistent with how they are likely to rule, and find that the incident of injury rule applies and dismiss Harrington's case as time-barred. That would allow Harrington to appeal that decision cleanly as a final judgment on the discrete

legal question. Alternatively, denying the motion should immediately prompt the Court to certify the question under § 1292(b) while maintaining the stay.

## CONCLUSION

The Court should maintain the stay and decide defendants' dispositive motion for judgment on the pleadings, [ECF 21]. The decision in Warner Chappell foreshadows how the Supreme Court views accrual of an ordinary copyright infringement claim, and that plaintiff's discovery rule is one that the Copyright "Act almost certainly does not tolerate." Warner Chappell, 144 S.Ct. at 1140. This Court should heed that cautious directive and not apply "a rule of law that [is] assume[d] but very likely does not exist." Id. at 1141. If the Court grants the defendants' motion, this case will end. If the Court denies the motion, it should, as part of that denial, certify the question as one of great importance pursuant to 28 U.S.C. § 1292(b). Island Villa will certainly move to do so if that occurs. A statute of limitations issue is a "good" question to "be reviewed before final judgment" precisely because of the dispositive nature and which "might render unnecessary a lengthy trial." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257 (11th Cir. 2004).

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*