IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INCORPORATED,

    Defendant.

## PLAINTIFF'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO RE-OPEN

Plaintiff[1] hereby files this reply memorandum in further support of her Motion to Re-open this case ("Motion to Re-Open") [D.E. 44], and states as follows:

### Introduction

Defendant commences its opposition with laudably misrepresenting a satirical article written by Plaintiff's counsel. That said, Defendant's Response in Opposition to Plaintiff's Motion to Re-Open ("Opposition to Motion to Re-Open") [D.E. 44] can be characterized with one word: senseless. The Opposition is fraught with indecorum and a general misunderstanding of law.

First, Defendant's counsel inappropriately alludes to proposed settlement amounts. Beyond the reference of a "generous four-figure amount," Defendant's counsel continues his impropriety by misrepresenting facts to this Court. Mr. Klema presents to the Court that Plaintiff waited five months to request for the stay to be lifted and that Plaintiff "seeks to deploy well-known copyright

---

[1]     Terms not defined herein shall have the meaning ascribed to them in the Motion.

trolling tactics, including abusive discovery and the threat of litigation costs"[2]. Mr. Klema omits that undersigned counsel has been trying to amicably resolve the stay issue since August 2024. Undersigned counsel's emails either were generally ignored, or when Mr. Klema did answer, he claimed that his client had not provided a response.

Defendant's argument is, among other things, misguided. The Opposition to Motion to Re-Open finds fault in relying on a dissent, pontificating on how Defendant's counsel (baselessly) believes that very state of the law will change, and improperly argues for the granting of Defendant's dispositive motion, despite it being a *response* to Plaintiff's Motion to Re-Open.

## Argument

### A. *The Stay is No Longer Needed*

The Court's Stay of this case was predicated on the decision of two other cases (<u>Warner Chappell Music Inc. v. Nealy</u>, 144 S. Ct. 1135 (2024) and <u>Affordable Aerial Photograph, Inc. v. Property Matters USA, LLC</u>, 108 F.4th 1358 (11th Cir. 2024)). The resolution of both cases did not yield dispositive results for this case. Very simply stated, the reasons for the stay have been resolved.

### B. *The Opposition's Reliance on a Dissent is Misplaced*

It is unclear why Defendant goes to such great lengths to try to convince this Court that the injury rule should be applied. As is taught in the first year of law school, a dissenting opinion is not controlling. The idea that the Supreme Court is on the precipice of deciding that an injury rule will be how courts will henceforth calculate the statute of limitations is fanciful at best.

Defendant first claims that a case may 'soon enough' reach the high Court, citing to <u>Michael Grecco Prods., Inc. v. RADesign, Inc.</u>, 112 F.4th 144 (2nd Cir. 2024), *pet' for r'hg en*

---

[2] <u>See</u> Opposition to Motion to Re-Open, p. 2.

*banc denied* (Oct. 17, 2024). This is pure speculation.

Moreover, Defendant ignores that the Supreme Court had *every* opportunity to hear a case squarely focused on the injury rule vs. discovery rule in Hearst Newspapers, LLC v. Martinelli, following the appeal of the Fifth Circuit Court of Appeals decision to apply the discovery rule in Martinelli v. Hearst Newspapers, L.L.C., 65 F.4th 231 (5th Cir. 2023).[3] Notably, the Supreme Court denied certiorari for Martinelli *two weeks* after it declined to address the discovery rule in Nealy. Accordingly, Defendant's statement that six justices doubt the discovery rule seems dubious at best when The Rule of Four is all that is required to grant certiorari.

### C. Speculation on the Burdensomeness of Discovery is Insufficient to Stay a Case

Defendant goes on to claim that Plaintiff is attempting to engage in abusive litigation tactics and expound discovery. Plaintiff is not attempting to burden Defendant. Plaintiff is simply attempting to restart her case now that the two cases that predicated the stay have been resolved (and not in a manner that would dispose of her case). This lawsuit was filed on September 19, 2023 – more than a year ago. It is not unreasonable for Plaintiff to want to advance her case at this point, especially where the basis for a stay has plainly passed.

To warrant a stay, Defendant would have to ***actually*** demonstrate the burden and cost of discovery; mere speculation that Defendant anticipates it will be burdensome is insufficient. See MSPA Claims 1, LLC v. IDS Prop. Cas. Ins. Co., No. 23-cv-24265-BLOOM/Torres, 2024 U.S. Dist. LEXIS 5086, at *2 (S.D. Fla. Jan. 10, 2024) (quoting Montoya v. PNC Bank, N.A., No. 14-20474-CIV, 2014 U.S. Dist. LEXIS 84279, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014)) ("Further, 'discovery stay motions are generally denied except where a specific showing of

---

[3] "For those reasons, the Supreme Court's decisions in Petrella and Rotkiske did not unequivocally overrule Graper. And under Graper, Martinelli's copyright infringement claims were timely because he brought them within three years of discovering Hearst's infringements. Accordingly, the judgment of the district court is AFFIRMED."

prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory.'").

Stays may also be warranted where there "is the possibility of avoiding unnecessary expenses while the parties engage in mediation or settlement discussions that might conserve the parties' resources and promote judicial economy." <u>Chico v. Dunbar Armored, Inc.</u>, No. 17-22701-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 166035, at *5 (S.D. Fla. Oct. 6, 2017). Other than Defendant's allusion to a 'generous' settlement offer being made, Defendant has proffered nothing to suggest that the parties are actively engaged in mediation or settlement discussions (as they are not). Indeed, undersigned counsel has made multiple attempts to engage in settlement discussions with Defendant's counsel, the bulk of which have either been ignored or brushed aside.

## <u>Conclusion</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) re-opening this case and (b) for such further relief as the Court deems proper.

Dated: December 24, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Daniel DeSouza.
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.