xUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

---

### DEFENDANT'S MOTION TO MAINTAIN THE STAY PENDING A RULING ON ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, Island Villa Rental Properties Incorporated, pursuant to Fed. R. Civ. P. 7.1(c)(1) moves to maintain the present stay pending the Court's resolution of defendant's case-dispositive amended motion for judgment on the pleadings, DE 23.

This motion presents essentially the same arguments as its opposition memorandum, DE 44. However, Island Villa feels obligated, based on decisions in this district, to file a separate motion apart from its opposition to avoid the latter from being characterized as improperly seeking relief not within a standalone motion. E.g., Storm Damage Sols., LLC v. RLI Ins. Co., No. 23-cv-23681, 2023 WL 8004314, at *2 (S.D. Fla. Nov. 17, 2023) ("where a request for [affirmative relief] simply is imbedded within an opposition memorandum, the issue has not been raised properly") (Goodman, Mag. J.) (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)). Accordingly, in an abundance of caution, Island Villa files this motion to maintain the stay pending a ruling

on its Rule 12(c) motion.

## I.     PROCEDURAL HISTORY

Island Villa incorporates by reference the procedural history from its opposition memorandum, DE 44.

## II.     ARGUMENT

### A. The Court should maintain the stay pending a ruling on Island Villa's motion for judgment on the pleadings

The Court should maintain the stay with the sole exception of ruling on Island Villa's amended motion for judgment on the pleadings, DE 23. That case-dispositive motion has been fully briefed for more than ten months. Failing to rule on an early dispositive motion on a "dubious claim" can be an abuse of discretion. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1369 (11th Cir. 1997). Here, "'a preliminary peek' at the merits of" Island Villa's motion shows that "it appears to be clearly meritorious and truly case dispositive." Feldman v. Flood, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997). As Island Villa has advocated, a leading treatise has similarly recognized: "the odds are against the discovery rule surviving long." 6 William F. Patry, Patry on Copyright §20:20 (2024).

Like the pending Rule 12(c) motion, this Court has routinely stayed proceedings to allow for rulings on other dispositive motions, such as motions to dismiss, for summary judgment, and to remand. See Saleh v. Miami Gardens Square One, Inc., no. 17-cv-20001-JEM (S.D. Fla. Feb. 9, 2018) (staying case "pending a ruling on the motions to dismiss"); Waters Edge Recovery, LLC v. City of Stuart, no. 13-cv-14491-JEM (S.D. Fla. Sept. 29, 2014) (staying case "pending the Court's resolution of Defendant's Motion to Dismiss"); Verna v. Seven Seas Cruises S. De R.L., LLC, no. 1:13-cv-23051-JEM (S.D. Fla. Sept. 29, 2014) (staying case "pending the Court's resolution of Defendant['s]" motion

to dismiss or for summary judgment); In re Digital Domain Media Grp., Inc., no. 12-cv-14333-JEM (S.D. Fla. Sept. 24, 2014) (staying case "pending the Court's resolution of the motions to dismiss filed by the Defendants"); Silverthrone v. Yeaman, no. 1:12-cv-20325-JEM (S.D. Fla. Aug. 22, 2013) (staying case *sua sponte* for nearly eight months to decide defendants' motions to dismiss); Advanced Diabetes Treatment Ctrs. of Fla., LLC v. Blue Cross and Blue Shield of Fla, Inc., no. 1:06-cv-22036-JEM (S.D. Fla. Oct. 23, 2006) (staying case "pending resolution of Plaintiff's Motion to Remand"). Even where such a motion is not yet filed can justify a stay. Destin v. Loiseau, no. 1:21-cv-23441-JEM (S.D. Fla. Jan. 24, 2024) (staying case "pending the resolution of Defendant's forthcoming motion to dismiss"). This case is no different. A dispositive, fully-briefed motion is ripe for disposition. The outcome of that motion would send this case down two alternative paths: either bring this action to an end on the merits (if the motion is granted), or Island Villa would seek to, and the Court should, certify the issue for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (if the motion is denied).

Motions raising statute of limitations defenses that would be a complete bar to the plaintiff's action are particularly well-suited to stay litigation until such a motion is decided and for immediate interlocutory appeal. Ingram Corp. v. J. Ray McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1985) ("A decision to prevent unnecessary discovery because the case could well be decided on the parties' motions is not, on its face, fundamentally unfair to a party desiring discovery."). Moreover, no discovery is required for the Court to decide the Rule 12(c) motion in any event. The issue presented in Island Villa's motion is a purely legal issue predicated on the pleadings alone such that the

outcome of the motion "might render unnecessary a lengthy trial." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257 (11th Cir. 2004).

The proper route for review of that legal question in the higher courts however, is to grant Island Villa's dispositive motion, and find that the incident of injury rule applies and dismiss Harrington's case as time-barred—consistent with how those higher courts are likely to rule. That would allow Harrington to appeal that decision cleanly as a final judgment on the discrete legal question. Alternatively, denying the motion should immediately prompt the Court to certify the question under § 1292(b) while maintaining the stay. Either route would make an excellent vehicle for appellate review or on a petition for writ of certiorari.[1]

### B. Harrington is attempting to use the litigation itself for an improper purpose, intentionally seeking to burden Island Villa with asymmetric costs to increase the likelihood it will offer more than Harrington's claim is worth

If Harrington "is not attempting to burden Defendant," by reopening this case, Pl.'s Reply, DE 45 at 3, then it is altogether illogical for her to oppose what Island Villa has urged: to have the case-dispositive motion addressed first before either party does anything. No party needs to do anything further until that motion is decided.

In reality, Harrington is seeking to use the litigation itself to drive up what Island Villa might offer in settlement—namely the asymmetric litigation costs that disproportionately burdens defendants (hourly counsel fees), compared to Harrington, who incurs no real costs because her attorneys pursue claims on a contingency fee. Her

---

[1] Counsel in this case are already before the U.S. Supreme Court on another copyright case, Abdelsayed v. Affordable Aerial Photography, Inc., no. 24-267, and it seems likely that each side would seek further review in this case on the statute of limitations issue regardless of how the Court here decides the motion.

demand is wholly disconnected from her damages, illustrating the difference between a good faith litigant seeking recompense for actual harm suffered versus a litigant like Harrington using an *in terrorem* threat of a defendant's legal costs to substantiate a demand. See Harrington v. 360 ABQ LLC, no. 1:22-cv-63, 2022 WL 1567094, at *3 (D.N.M. May 18, 2022) (allegations that "Harrington uses abusive litigation tactics and threats, including demanding settlements well in excess of the damages …. state[s] a plausible claim that [] Harrington has a wrongful motive and misused the copyright or legal system"). A further modest amount of time for the Court to rule on Island Villa's motion for judgment on the pleadings is not unwarranted and will protect Island Villa from Harrington's abusive litigation tactics. She doesn't quarrel with the fact that a ruling on that motion could (indeed ought) avoid any further burden on Island Villa.

Harrington's planned discovery is also not "[s]peculati[ve]." Pl.'s Reply, DE 45 at 3. Instead, her request to "re-open" is strategically calculated to impose the very costs she will use as leverage in settlement. Harrington will certainly serve Island Villa with objectionable discovery at the earliest opportunity, just as her counsel did in the Sync RFID case, and other cases. Def.'s Expedited Mot. to Stay, Affordable Aerial Photography, Inc. v. Sync RFID Inc., no. 2:23-cv-14379 (S.D. Fla. Feb. 13, 2024) (noting CopyCat Legal "served extensive written discovery on [defendant], including 19 interrogatories, 44 requests for admission, and 33 requests for production. Many of these are objectionable.").

Harrington's most recent demand of $10,000 is consistent with her trolling. It is not based on her damages, which the objective market shows is $10. Instead, it is a round

figure arbitrarily chosen without any supporting basis in fact or law.[2] While Harrington understandably dislikes a spotlight being shone on her excessive settlement demands and trolling, they are properly raised by a defendant as a factual predicate on a copyright trolling defense. See Ans. [DE 6] at 8 ("using enforcement efforts to derive revenue extortionately greater than the fair market value of the work or the fair amount of damages actually suffered").

Again, this entire case concerns a low-value fungible placeholder thumbnail image for a blog post. Am. Compl. DE 20 at 5. Harrington is using the litigation itself as a sword to derive an excessive settlement, where Harrington's attorneys represent her on contingency while defendants are forced to incur direct out of pocket costs for their defense. It is easy to see why that asymmetry drives a plaintiff's effort to use the threat of litigation itself to justify an excessive nuisance settlement demand. Harrington's case is exactly one of those "strategic infringement claims of dubious merit in [which she] hope[s to] arrang[e] prompt settlements with defendants who prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation." Design Basics, LLC v. Lexington Homes, Inc., 858 F.3d 1093, 1097 (7th Cir. 2017). The Court should not reward her with a request that will cause only Island Villa to incur real costs.

### III.  CONCLUSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). A

---

[2] The sole supporting "evidence" for that assertion was a prior settlement—not any basis in *fact* for why the image at issue was worth a sum certain, or how, exactly, Harrington was damaged in that amount.

brief stay to decide the pending motion is neither immoderate nor indefinite, and the Court has done so regularly under procedural postures like those here. The Rule 12(c) motion should be decided first, either bringing this action to an end, or allowing for immediate interlocutory appeal on the discrete legal issue of ordinary infringement claim accrual under the Copyright Act.

**WHEREFORE**, defendant Island Villa Rental Properties Inc., respectfully requests the Court:

a) grant this motion;

b) deny plaintiff Maureen Harrington's motion to re-open DE 43;

c) enter an order maintaining the stay in this case pending a ruling on Island Villa's motion for judgment on the pleadings, DE 23; and

d) for such further relief as the Court deems just and proper.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*