UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-10080-CIV-MARTINEZ

MAUREEN HARRINGTON, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF
BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S AMENDED MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS CAUSE** came before this Court on Defendant's Amended Motion for Judgment on the Pleadings (the "Motion"), (ECF No. 23). This Court has reviewed the Motion, Plaintiff's Response, (ECF No. 29), Defendant's Reply, (ECF No. 35), pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **DENIED** for the reasons set forth herein.

**I.    BRIEF FACTUAL BACKGROUND**

In July 2018, Defendant Island Villa Rental Properties Inc. published a professional photograph of Alligator Reef Light House in Islamorada, Florida, on its website, webpage, and/or social media. (Am. Compl. ¶¶ 10, 15). That photograph was the copyrighted work of Plaintiff ("the Work"). (*Id.* ¶¶ 11–12). Defendant was not licensed to use or display the Work and never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose. (*Id.* ¶ 17). Through Plaintiff's "ongoing diligent efforts to identify

unauthorized use of his photographs," he discovered Defendant's unauthorized use/display of the Work in November 2022. (*Id.* ¶ 20). Following Plaintiff's discovery, he notified Defendant in writing of its unauthorized use. (*Id.*) "To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of the Work." (*Id.*).

Accordingly, on September 19, 2023, Plaintiff filed suit against Defendant, alleging one count of copyright infringement. (*See* ECF No. 1). Plaintiff filed an Amended Complaint against Defendant on February 2, 2024, alleging one count of copyright infringement. (*See* Am. Compl.). Defendant now argues that Plaintiff's claim is time-barred and moves for judgment on the pleadings. (*See* Mot.).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). This Court may grant a motion for judgment on the pleadings where "no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Att'y's Off. for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting *Andrx Pharm., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232–33 (11th Cir. 2005)). Accordingly, this Court takes as true the facts in the Complaint and views them in the light most favorable to the non-moving party, Plaintiff. *See Cunningham*, 592 F.3d at 1255.

## III. DISCUSSION

Defendant argues that Plaintiff's claim is time-barred by the Copyright Act's three-year statute of limitations. (*See* Mot.). Plaintiff argues that her claim was filed "well within the statute of limitations." (ECF No. 29 at 6). For the following reasons, the Court agrees with Plaintiff.

2

The Copyright Act states that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). There are two recognized rules for determining a claim's accrual date: the discovery rule and the injury rule. *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023), *aff'd*, 144 S. Ct. 1135 (2024). Under the discovery rule, a claim "accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his" rights. *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020). Under the injury rule, a claim accrues "when the harm, that is, the infringement, occurs, no matter when the plaintiff learns of it." *Nealy*, 60 F.4th at 1330.

While the Eleventh Circuit has not explicitly adopted either the discovery rule or the injury rule in the civil copyright infringement context, it recently held that "a copyright plaintiff with a timely claim under the discovery rule may recover retrospective relief for infringement that occurred more than three years prior to the filing of the lawsuit." *Id.* at 1334; *see also Webster*, 955 F.3d at 1276 (applying the discovery rule in a copyright ownership context).

The Court is not persuaded by Defendant's argument which cites dicta from *Nealy* and *Webster* for the proposition that the discovery rule should not be applied here and ignores *Nealy*'s holding that the discovery rule is appropriately applied to a plaintiff seeking retrospective relief for copyright infringement. *Nealy*, 60 F.4th at 1334. Plaintiff states that "[t]hrough his ongoing diligent efforts to identify unauthorized use of his photographs, [Plaintiff] discovered Defendant's unauthorized use/display of the Work in November 2022." (Am. Compl. ¶ 20). Accepting Plaintiff's statement as true, and without compelling evidence to the contrary from either part, the Court finds that Plaintiff's claim accrued in November 2022, when Plaintiff learned of Defendant's alleged infringement. (*See id.*); *see Cunningham*, 592 F.3d at 1255.

Therefore, the Copyright Act's three-year statute of limitations for Plaintiff's infringement claim runs until November 2025. As a result, when Plaintiff filed suit in September 2023, it was well within the statute of limitations and thus, Plaintiff's copyright infringement claim is not time-barred.

### IV. CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** that the Motion, (ECF No. 23), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6 day of January 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record