UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

___

**DEFENDANT'S MOTION TO CERTIFY THE COURT'S ORDER [ECF 49] FOR IMMEDIATE INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Defendant, Island Villa Rental Properties Inc., pursuant to 28 U.S.C. § 1292(b) and Local Rule 7.1, moves the Court to certify its order denying defendant's motion for judgment on the pleadings [ECF 49] for immediate interlocutory appeal.

**PROCEDURAL HISTORY**

Maureen Harrington alleged a single count for copyright infringement against Island Villa Rental Properties Inc. ("Island Villa"). [ECF 1]. She then filed an amended complaint, maintaining that single claim. [ECF 20]. Island Villa answered, [ECF 22], and then moved for judgment on the pleadings pursuant to the Copyright Act's statute of limitations, 17 U.S.C. § 507(b). [ECF 23]. It also moved to stay the action pending the Supreme Court's decision in Warner Chappell Music Inc. v. Nealy, 144 S. Ct. 1135, 218 L. Ed. 2d 363, 2024 U.S. LEXIS 1978 (2024) and the Eleventh Circuit's decision in Affordable Aerial Photography Inc. v. Property Matters USA, LLC, 108 F.4th 1358 (11th

Cir. 2024). After neither case reached the statute of limitations issue, this Court lifted the stay, [ECF 48], and authored an opinion denying the motion. [ECF 49]. The Court recognized that "[w]hile the Eleventh Circuit has not explicitly adopted either the discovery rule or the injury rule in the civil copyright infringement context" the Court nevertheless agreed with Harrington that "the discovery rule is appropriately applied to a plaintiff seeking retrospective relief for copyright infringement." Id. at 3.

Island Villa now moves the Court to certify its order pursuant to 28 U.S.C. § 1292(b) for an immediate interlocutory appeal to address the discrete legal question of which rule applies to claim accrual for ordinary infringement actions under the Copyright Act—a question that has garnered significant attention and stands open in the Eleventh Circuit.

## STANDARD UNDER 28 U.S.C. § 1292(b)

A federal circuit court of appeals may obtain jurisdiction over an otherwise wholly interlocutory order when a district judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). That statute sets forth three elements: (1) a controlling question of law, (2) a substantial ground for difference of opinion on that question, and (3) an appeal addressing the question will materially advance the ultimate termination of the litigation. Id.

Citing legislative history of § 1292(b), the Eleventh Circuit specifically identified a statute of limitations issue as a "good" question to "be reviewed before final judgment" precisely because of its claim-dispositive nature. McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1257 (11th Cir. 2004). That history shows that Congress expressly intended

for cases like this to be appealed immediately to conserve judicial resources, because a "court of appeals may well determine" after a case has been fully litigated "that the statute of limitations had run," whereas certifying such a question at the outset instead would result "in a saving of the time of the district court and considerable expense on the part of the litigants" on litigation that would be otherwise unnecessary. Id. (quoting S. Rep. No. 2424 (1958), reproduced in 1958 U.S.C.C.A.N. 5256).

This is an ideal case for immediate appeal on a question that has garnered substantial interest of all three levels of the federal courts with differing opinions about whether a discovery rule should apply to copyright infringement claim accrual.

### ARGUMENT

The Court's order provides a textbook example of the appropriateness of an immediate interlocutory appeal because a statute of limitations question not only has broad applicability across many cases, it is dispositive of the instant action. Here, the order directly confronted the competing injury versus discovery rules of claim accrual. It reached that legal issue on the pleadings, making this an ideal vehicle for appellate review. While the Court found Harrington's pleading satisfied the discovery rule, the antecedent, purely legal issue is whether that rule should apply *vel non*. All three elements provided for under section 1292(b) are present, and the Court should certify the issue—one that the Eleventh Circuit is likely, as it did in Warner Chappell, to accept for review.

**A. The order denying Island Villa judgment on the pleadings decided a purely legal issue which is dependent on two facts proven by the pleadings alone**

The Court's order denying Island Villa's motion for judgment on the pleadings turned on whether the Court should follow either the injury accrual rule or the discovery accrual rule for an ordinary copyright infringement claim. It cited Nealy v. Warner Chappell

Music, Inc., 60 F.4th 1325, 1330 (11th Cir. 2023), in recognition of those two rules' competing status in federal jurisprudence. Order, [ECF 48 at 3]. Essentially, the question is one of statutory construction, and therefore purely legal. See TRW Inc. v. Andrews, 534 U.S. 19, 31-32 (2001) (characterizing the interpretation of "accrue" under the Fair Credit Reporting Act statute of limitations as a matter of statutory construction). Consequently, the meaning of "accrue" under the Copyright Act's statute of limitations is a question "stated at a high enough level of abstraction to lift [it] out of the details of the evidence or facts of [this] case and give it general relevance to other cases in" copyright suits. McFarlin, 381 F.3d at 1259.

Here, Island Villa's Rule 12(c) motion presented an abstract legal issue which the Eleventh Circuit "can decide quickly and cleanly." Mamani v. Berzain, 825 F.3d 1304, 1312 (11th Cir. 2016) (quoting McFarlin, 381 F.3d at 1258). It is also an issue that the higher court "can resolve 'without having to delve beyond the surface of the record in order to determine the facts'" because the two operative facts are presented in the pleadings alone. Id. The entire record on appeal would constitute a mere seven filings, comprising 81 pages: the complaint, [ECF 1], the amended complaint and two exhibits, [ECF 20], the answer and affirmative defenses to the amended complaint, [ECF 22], the motion for judgment on the pleadings, [ECF 23], the opposition memorandum, [ECF 29], the reply brief, [ECF 35], and the Court's order, [ECF 49]. There is no doubt the question is purely legal. And only two facts are relevant: (A) the date of the alleged infringement, established by a single allegation of the amended complaint, [ECF 20] at ¶ 15, and the date the action was filed, [ECF 1].

A controlling question of law is also one that, if the district court's order were

reversed, would terminate the action. Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990); see also McFarlin, 381 F.3d at 1259 ("resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation"). That is true here, where if the injury rule applied, then Harrington's case would end.

An issue of law has also been deemed controlling where, as would be the case here, "the certified issue has precedential value for a large number of cases." Klinghoffer, 921 F.2d at 24. A statute of limitations question is precisely such a question suitable for interlocutory appeal, McFarlin, 381 F.3d at 1257, and which continues to be litigated in this district and elsewhere on claims concerning a single image on a website. E.g., Affordable Aerial Photography, Inc. v. Sync RFID Inc., no. 23-cv-14379 (S.D. Fla.); Science Photo Library Ltd. v. Bell Performance, Inc., no. 23-cv-2302 (M.D. Fla.). The claim accrual issue is central to Island Villa's Rule 12(c) motion and is controlling in this case because if the incident of injury rule applies, then the Court's order would be reversed and would necessarily dispose of the entirety of this action. Furthermore, establishing precedent on claim accrual for ordinary infringement actions under the Copyright Act would be generally relevant to many other infringement cases brought within all the district courts of the Eleventh Circuit.

The Court's order cleanly embodies a pure legal issue satisfying the first element under section 1292(b) for immediate appellate review.

**B. There is a substantial ground for difference of opinion on infringement claim accrual under the Copyright Act**

To show a substantial ground for difference of opinion under the second element under § 1292(b), the legal issue must be either "(1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split

on the issue." Smiley v. Costco Wholesale Corp., No. 8:18-cv-2410, 2019 WL 4345783, at *2 (M.D. Fla. Sept. 12, 2019). Any one of those reasons suffices. Id. At least two exist here, while Warner Chappell itself and recent decisions from the Sixth and Seventh circuits show there is disagreement on the question.

The issue is one of first impression in the Eleventh Circuit, as this Court correctly observed, citing Nealy, 60 F.4th at 1330. [ECF 49 at 3].[1]

Given that open question, district courts within the Eleventh Circuit that have decided the issue differently. Compare [ECF 49] (applying the discovery rule), with Oppenheimer v. Palange, no. 23-cv-20507 (S.D. Fla. Dec. 24, 2023) (applying the injury rule and dismissing plaintiff's copyright infringement claims as time-barred). Notably, the defendant Palange did not brief the competing rules of claim accrual, yet Judge Gayles went out of his way to acknowledge both and then expressly applied the injury rule in reaching his decision. Other district courts have similarly approached the issue. See Michael Grecco Prods., Inc. v. RADesign, Inc., 678 F.Supp.3d 405 (S.D.N.Y. 2023) (dismissing copyright infringement claim), rev'd 112 F.4th 144 (2d Cir. 2024);[2] Boatman v. Peoria Area Ass'n of Realtors, no. 20-cv-1248 (C.D. Ill. Nov. 5, 2021) (Plaintiff "alleges that the last photographs were uploaded to PAAR's MLS in 2016. Yet, he waited until

---

[1] While the Court asserts that Island Villa "ignore[d]" the holding of Nealy, Order, [ECF 49] at 3, Island Villa's motion examined the Nealy decision, Def.'s Mot. [ECF 23] at 9-10. It reads that decision as one concerning a claim of copyright *ownership* together with the parties' *agreement* on the legal rule. The Eleventh Circuit expressly stated it was "assuming" that rule applied, and then concluded that "Webster controls." Nealy, 60 F.4th at 1330-31. The Supreme Court's decision confirms that reading, noting that the Eleventh Circuit "'assume[d] for the purposes of answering' the certified question that all of Nealy's claims were 'timely under the discovery rule.'" Warner Chappell, 144 S. Ct. at 1138. Nealy did not hold that an ordinary infringement claim is subject to a discovery rule, only that "when" a claim is timely.

[2] Island Villa understands the defendant may soon file a petition for writ of certiorari.

2020 to file his Complaint.... Therefore, this Court finds that Boatman's claim against PAAR is barred by the three-year statute of limitations under § 507(b)"); Carter v. Pallante, 256 F. Supp. 3d 791, 800 (N.D. Ill. 2017) ("the dates of the alleged infringement [] are the dates that govern for purposes of the statute of limitations").

Two of the three possible bases are clearly present on the second prong of § 1292(b), showing that a substantial ground for difference of opinion on the claim accrual issue. And while there is no clear circuit split (yet) respecting the third alternative basis to satisfy the second prong, appellate jurists have questioned whether one rule or the other should prevail.

The Supreme Court's decision in Warner Chappell Music v. Nealy itself shows that there are substantial grounds for difference of opinion on whether the Copyright Act embodies an unwritten discovery rule. Three justices explained that they strongly believe the Act "almost certainly does not tolerate a discovery rule." Warner Chappell, 144 S. Ct. at 1140. They cautioned courts and parties should not "assume" the discovery rule applies when it "very likely does not exist." Id. at 1140-41 (citing the same cases cited by Island Villa in its motion: Rotkiske v. Klemm, 589 U.S. 8 (2019) and TRW Inc. v. Andrews, 534 U.S. 19 (2001)). The majority opinion too casts doubt on the discovery rule, characterizing it as "so-called," an "assumption," and an "alternative view." Id. at 1138.

A leading treatise, analyzing Warner Chappell, has similarly recognized that "the odds are against the discovery rule surviving long." 6 William F. Patry, Patry on Copyright § 20:20 (2024). Thus Warner Chappell itself evinces a substantial ground for difference of opinion on which rule applies for ordinary infringement claim accrual.

Apart from Warner Chappell, recent appellate court decisions also show disagreement about the ongoing viability of the discovery rule in the Copyright Act. Judge Murphy acknowledged being precedent-bound to adhere to the discovery rule, yet harshly criticized the various circuit decisions on the issue, which "merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent." Everly v. Everly, 958 F.3d 442, 459-68 (6th Cir. 2020) (Murphy, J. concurring). He reiterated that the "assumed" discovery rule "may well prove misplaced" and his position on claim accrual is now joined by Judge Gibbons. Reguli v. Russ, 109 F.4th 874, 885-88 (6th Cir. 2024) (Murphy, J., concurring). He again lamented that "the parties debate the mechanics of the discovery rule without addressing 'the logically antecedent question': Should this rule apply at all?" Id. at 885. And once again, he highlighted the contrast between the Supreme Court's decisions construing statutes of limitations with those of the appellate courts, which, in his mind, "seem to be speaking different languages." Id.

After Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014), the Seventh Circuit reevaluated its use of the discovery rule, but did not expressly overrule its prior cases. It found Petrella's dicta to "cast[] the limitations question in quite a different light." Chicago Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 614 (7th Cir. 2014). It made clear that "'how the Copyright Act's limitations period works' and 'when a copyright infringement claim accrues'" "affects the analysis" of claim timeliness. Id. It further stated that "Petrella significantly changes the focus of analysis" and that "in light of Petrella, we now know that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed." Chicago Building, 770 F.3d at 616. In reaching

that holding, it questioned the "common law gloss" that produced the discovery rule, Chicago Building, 770 F.3d at 616, and instructed in its mandate that further litigation may "need to address whether Petrella abrogates the discovery rule in copyright cases," id. at 618.

Based on disagreement within this district, in the circuits, and the Supreme Court, there is little doubt that the second requirement for certifying the question is amply satisfied here, under all three alternative bases. There is a substantial ground for a difference of opinion on which rule applies for ordinary infringement claim accrual, where district court judges, appellate jurists, Supreme Court justices, and leading commentators all question the continuing viability of the discovery rule.

### C. An appeal that would set precedent in the Eleventh Circuit on the Copyright Act statute of limitations would materially advance the ultimate termination of the litigation

As this Court recognized in its order, "the Eleventh Circuit has not explicitly adopted either the discovery rule or the injury rule in the civil copyright infringement context." [ECF 39 at 6]. As the Court correctly observed, Nealy made plain that the question is open in the Eleventh Circuit.

But rather than assuming that the discovery rule applies when it remains an open question in the Eleventh Circuit, the most efficient course of action is to simply ask the higher court. Both Island Villa and Harrington dispute which rule applies to accrual of ordinary infringement claims, unlike the litigants in Nealy. An answer to the following question would materially advance the ultimate termination of this litigation: Does a claim for ordinary copyright infringement accrue under 17 U.S.C. § 507(b) upon the plaintiff's injury or when the plaintiff discovers the harm? This Court's order provides a clean vehicle

to address that directly, without any complex factual issues outside the pleadings. And if the Eleventh Circuit reversed, it would be dispositive of the entirety of Harrington's action, comprising a single claim for copyright infringement. More importantly for certifying the question for appellate review, the answer would set precedent in the Eleventh Circuit.

### D. The Eleventh Circuit is likely to grant a Rule 5(a) petition on the Copyright Act statute of limitations, similar to it accepting Nealy v. Warner Chappell for interlocutory review

Finally, there continues to be a groundswell of interest in the Copyright Act's statute of limitations, both by litigants and courts alike. While the Supreme Court did not reach the issue when it resolved the conflict between the Second and Ninth Circuits on the scope of damages in Warner Chappell, that case arrived in the high court from this district through an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). See Certification Order, Nealy v. Atlantic Recording Corp., no. 18-cv-25474 (S.D. Fla. Jun. 21, 2021), and Order Granting Permission to Appeal, Music Specialist, Inc. v. Warner Chappell Music, Inc., no. 21-90018 (11th Cir. Jul. 1, 2021). Even the Supreme Court complimented Judge Ruiz for "[a]ppreciating the impact of [his] ruling" when he "certified [the question] for interlocutory appeal." Warner Chappell, 144 S. Ct. at 1138. Many amici weighed in on the limitations issue before the Supreme Court, which stole the focus from how the court framed the issue when it granted cert. Warner Chappell, 144 S.Ct. at 1139 n.1 (the "briefing in this Court focuses almost entirely on the discovery rule"). That interest has not abated and the Eleventh Circuit should be provided with the opportunity to address the matter cleanly on a simple record through a direct appeal of this discrete legal issue framed within the pleadings.

## CONCLUSION

All the elements for appellate review under 28 U.S.C. § 1292(b) having been met, the issue of the use of the discovery rule for copyright infringement claim accrual is ripe and appropriate for immediate interlocutory review.

**WHEREFORE**, defendant Island Villa, Inc. respectfully requests the Court:

a) grant this motion;

b) enter an order pursuant to 28 U.S.C. § 1292(b) certifying to the United States Court of Appeals for the Eleventh Circuit the following question: Does a "claim" for ordinary copyright infringement "accrue" under 17 U.S.C. § 507(b) upon the occurrence of the plaintiff's injury that results from an infringement or when the plaintiff discovers the harm caused by the infringement?; and

c) for such further relief as the Court deems just and proper.

## CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*