IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INCORPORATED,

    Defendant.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO CERTIFY THE COURT'S ORDER [D.E. 49]
FOR IMMEDIATE INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III ("Plaintiff"), hereby files this memorandum in opposition to defendant Island Villa Rental Properties Incorporated's ("Defendant") Motion to Certify the Court's Order [D.E. 49] for Immediate Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion") [D.E. 51].

**INTRODUCTION**

At a certain point, there are only so many pithy introductions that can be written in response to essentially the same argument. Defendant has filed: an Expedited Motion to Stay the Proceedings [D.E. 24], an Amended Motion for Judgment on the Pleadings pursuant to the statute of limitations [D.E. 23], an Opposition to Plaintiff's Motion to Re-Open the Case [D.E. 44], and a Motion to Stay pending a ruling on its Amended Motion for Judgment on the Pleadings [D.E. 46]. Defendant is not on its second, third, or fourth bite of the proverbial apple, but down to its core. This Court, other district courts, the Eleventh Circuit Court of Appeals and the Supreme Court all

have an underlying commonality that Defendant ignores: each court had the opportunity to answer Defendant's statute of limitations question and has either (a) produced a response that was not satisfactory to Defendant's counsel's agenda, or (b) declined to take up the issue. Defendant's notion that this question "has garnered substantial interest of all three levels of the federal courts" is simply untrue.

## BACKGROUND

1. On February 8, 2024, defendant Island Villa Rental Properties Incorporated ("Defendant") filed an expedited Motion to Stay the Proceedings ("Motion to Stay Proceedings"). See D.E. 24.

2. On February 22, 2024, Plaintiff filed her Memorandum in Opposition to Defendant's Motion to Stay Proceedings. See D.E. 28.

3. On February 23, 2024, Defendant filed its Reply in Support of its Motion to Stay Proceedings. See D.E. 34.

4. The parties in this matter ultimately filed a stipulation regarding Defendant's Motion to Stay Proceedings on March 7, 2024, agreeing to stay these proceedings. See D.E. 37.

5. On March 15, 2024, the Court entered an Order Staying the Case pending the Supreme Court's opinion in Warner Chappell Music, Inc. v. Nealy, and directed the parties to file a joint status report within seven (7) days of the issuance of an opinion in Warner Chappell. See D.E. 38.

6. The Supreme Court issued its opinion in Warner Chappell on May 9, 2024. Accordingly, on May 16, 2024, the parties filed their respective positions on this matter in a joint status report. See D.E. 39-1.

7. On May 20, 2024, the Court entered a paperless Order directing that the case would

remain in place pending the Eleventh Circuit's decision in Affordable Aerial Photography, Inc. v. Property Matters USA, LLC, No. 23-12563 (11th Cir. 2024). See D.E. 40.

8. On August 2, 2024, Plaintiff filed a Notice of Filing Opinion in Property Matters and Order in Science Photo Library Limited v. Bell Performance [D.E. 41].

9. On August 5, 2024, Defendant filed a response to Plaintiff's Notice of Filing. See D.E. 42.

10. On December 17, 2024, Plaintiff filed a Motion to Re-Open this lawsuit. See D.E. 43

11. On December 17, 2024, Defendant filed its Response in Opposition to Plaintiff's Motion to Re-Open. See D.E. 44.

12. On December 24, 2024, Plaintiff filed a Reply in Support of her Motion to Re-Open. See D.E. 45.

13. On December 27, 2024, Defendant filed a Motion to Stay pending a ruling on Defendant's Motion for Judgment on the Pleadings. See D.E. 46.

14. On December 27, 2024, Defendant filed a Supplement to its Motion to Stay. See D.E. 47.

15. On January 6, 2025, the Court entered an Order lifting the Stay and Re-Opening the Case [D.E. 48]. In a second Order on January 6, 2025, the Court denied Defendants Amended Motion for Judgment on the Pleadings [D.E. 49]. Further, on January 7, 2025, the Court entered a paperless Order denying as moot Defendant's Motion to Stay. See D.E. 50.

16. On January 7, 2025, Defendant filed a Motion for Certificate of Appealability as to the Court's Order denying Defendant's Motion for Judgment on the Pleadings. See D.E. 51.

## ARGUMENT

**I.      Legal Standard**

"Interlocutory review is generally disfavored for its piecemeal effect on cases." <u>Music Royalty Consulting, Inc. v. Scott Storch Music, LLC</u>, No. 18-cv-60890, 2018 U.S. Dist. LEXIS 216416, at *10 (S.D. Fla. Dec. 26, 2018) (referencing <u>Prado-Steiman ex rel. Prado v. Bush</u>, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive and, consequently, are generally disfavored.") (quotations omitted)).

However, interlocutory review may be granted when: "(1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." <u>Laurent v. Herkert</u>, 196 F. App'x 771, 772 (11th Cir. 2006) (citing 28 U.S.C. § 1292(b)); see <u>In re Pac. Forest Prods. Corp.</u>, 335 B.R. 910, 919 (S.D. Fla. 2005).

The party seeking interlocutory review "bears the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." <u>Samsung Semiconductor, Inc. v. AASI Creditor Liquidating Trust</u>, 2013 U.S. Dist. LEXIS 25982, 2013 WL 704775, at *4 (S.D. Fla. Feb. 26, 2013). "Even when a party has established the three factors warranting interlocutory appeal, a court 'has discretion to turn down' an interlocutory appeal, as liberal use of the interlocutory appeal process 'is bad policy.'" <u>Music Royalty Consulting, Inc.</u>, No. 18-cv-60890, 2018 U.S. Dist. LEXIS 216416, at *11 (quoting <u>McFarlin v. Conseco Servs., LLC</u>, 381 F.3d 1251, 1259 (11th Cir. 2004)).

**II.     Defendant's Motion to Certify Should Be Denied**

      *a. The Order Does Not Present a Controlling Question of Law nor are There Substantial Grounds for Difference of Opinion Among Courts*

Defendant attempts to persuade this Court that there is a controlling question of law that must be answered in this case. Defendant is incorrect. The question of injury rule vs. discovery rule in the context of the statute of limitations in a copyright infringement claim is not novel. Defendant ignores that the Supreme Court had *every* opportunity to hear a case squarely focused on the injury rule vs. discovery rule in Hearst Newspapers, LLC v. Martinelli, following the appeal of the Fifth Circuit Court of Appeals decision to apply the discovery rule in Martinelli v. Hearst Newspapers, L.L.C., 65 F.4th 231 (5th Cir. 2023).[1] Notably, the Supreme Court denied certiorari for Martinelli **two weeks** after it declined to address the discovery rule in Nealy. Defendant also omits that in Trends Realty USA Corp. v. Affordable Aerial Photography, Inc., no. 23-11662 (11th Cir.) (a case whereby Mr. Klema served as counsel for Trends Realty), the Eleventh Circuit did not agree with Mr. Klema's interpretation of the statute of limitations (demonstrated by its opinion affirming the District Court's opinion, as well as it subsequently denying Trends Realty's Petition for Rehearing *en banc*); further, on January 13, 2025, the Supreme Court of the United States denied Trends Realty's Petition for Writ of Certiorari. Mr. Klema, through his clients, has asked the judiciary at every level to buy into his view of how the statute of limitations accrues, and yet, at every level it has been rejected.

Defendant claims that the statute of limitations question continues to be litigated in this district, and would have a large precedential effect, but then proceeds to cite to only two cases Affordable Aerial Photography, Inc. v. Sync RFID Inc., no. 23-cv-14379 (S.D. Fla.) and Science Photo Library Ltd. V. Bell Performance, Inc., no. 23-cv-2302 (M.D. Fla.). What Defendant does not share is that counsel for Defendant is the same counsel for the respective defendants in the two

---

[1] "For those reasons, the Supreme Court's decisions in Petrella and Rotkiske did not unequivocally overrule Graper. And under Graper, Martinelli's copyright infringement claims were timely because he brought them within three years of discovering Hearst's infringements. Accordingly, the judgment of the district court is AFFIRMED."

above-referenced cases. The notion that this question continues to be litigated is an incomplete representation. The question does indeed continue to be litigated, but – as demonstrated by the two cases above – by Mr. Klema. Consequently, there is not a controlling question of law that demands to be answered. Thus, Defendant's Motion to Certify should be denied.

Here, there is not a legal issue that is difficult and of first impression. The question of injury rule vs. discovery rule has been posed many times. It seems that Defendant's counsel simply does not like the answer that is generally given. To avoid redundancy, Plaintiff re-incorporates the caselaw she has previously provided to the Court, which noted that most every court in this Circuit has held that a discovery rule applies (and explains/acknowledges the decision that differed).[2] There is not substantial ground for difference of opinion among courts when most every court has applied the discovery rule. Again, the Supreme Court has rejected taking up this matter on numerous occasions.

Further, in its Order denying Defendant's Amended Motion for Judgment on the Pleadings [D.E. 49], this Court noted that "[w]hile the Eleventh Circuit has not explicitly adopted either the discovery rule of the injury rule in the civil copyright infringement context, it recently held that 'a copyright plaintiff with a timely claim under the discovery rule may recover retrospective relief for infringement that occurred more than three years prior to the filing of the lawsuit.' *Id.* at 1334; *see also Webster*, 955 F.3d at 1276 (applying the discovery rule in a copyright ownership context.)."

    b. **The Immediate Resolution of the Issue Would Materially Advance the Ultimate Termination of the Litigation**

---

[2] See Plaintiff's Memorandum in Opposition to Defendant's Amended Motion for Judgment on the Pleadings Pursuant to the Statute of Limitations [D.E. 29], at 6–11.

While resolution of injury rule vs. discovery rule would resolve this case, Defendant's Motion should still be denied. "Leave must be denied if the party seeking leave to appeal fails to establish any one of the three elements." Figueroa v. Wells Fargo Bank, N.A., 382 B.R. 814, 824 (S.D. Fla. 2007). Further, heavy reliance on this factor would be misplaced, as it is simply not practical; every motion to dismiss that is denied would satisfy this factor, because, if the order denying the motion to dismiss were to be reversed and granted, then the litigation would be over.

Defendant has not proven that the Court's Order presents a controlling question of law nor that there is a substantial ground for difference of opinions among courts. Throughout this lawsuit, Defendant has continuously ignored that the courts have primarily found discovery rule to apply; and, when the Supreme Court was presented the opportunity to weigh in on whether the injury rule or discovery rule applies to the statute of limitations, it has declined to do so – on more than one occasion.

## III. The Motion is a Waste of Judicial Resources

Defendant continuously seeks the same relief wrapped in different motion names and ribbons. However, the end result is consequently the same – a waste of judicial resources. While Defendant's motion for interlocutory appeal is reviewed, "[t]hat application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." See 28 U.S.C. § 1292. This Court has already indicated that the matter at bar can now proceed, as the stay was lifted. See D.E. 48. However, Defendant seeks to continue to delay this lawsuit by filing nonsensical motions, burdening the Court's docket.

Defendant has not shown that there is an exceptional circumstance to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. Defendant has attempted to present a question that this Court, as well as the Eleventh Circuit and

the Supreme Court have all had the opportunity to answer and have all done so in either the negative or declined to take up the matter altogether. Defendant has not sufficiently established the three factors warranting interlocutory appeal; and, as this Circuit has deemed interlocutory appeals to be bad policy, Defendant's Motion should unequivocally be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion; and (b) for such further relief as the Court deems proper.

Dated: January 21, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Lauren Hausman
Lauren Hausman, Esq.
Florida Bar No.: 1035947
Daniel DeSouza, Esq.
Florida Bar No.: 19291

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren Hausman
Lauren Hausman, Esq.