**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 4:23-cv-10080-JEM**

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

      Plaintiff,

v.

Island Villa Rental Properties Inc.,

      Defendant.

---

<u>**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CERTIFY THE COURT'S ORDER [ECF 49] FOR IMMEDIATE INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**</u>

      Defendant, Island Villa Rental Properties Inc., pursuant to 28 U.S.C. § 1292(b) and Local Rule 7.1, files this reply memorandum of law in support of its motion to certify the legal question of copyright infringement claim accrual under 17 U.S.C. § 507(b), [ECF 51], and in response to plaintiff's opposition memorandum, [ECF 52].

**INTRODUCTION**

      Plaintiff Maureen Harrington's opposition concedes two of the three prongs of 28 U.S.C. § 1292(b) and does not refute the third.[1] This is a clear case for immediate appeal. Island Villa's motion to certify a question garnering continued and widespread interest is the logical next step for this Court to take, having directly passed on a question

---

[1] Harrington's unprofessional red herring *ad hominem* attacks are not well taken. <u>E.g.</u>, "Defense counsel's agenda" and "Mr. Klema's interpretation." [ECF 51] at 2, 5. Island Villa will not engage with those improprieties that merely distract from the issue.

unanswered in the Eleventh Circuit. The instant motion is not one seeking reconsideration with further argument on the underlying motion for judgment on the pleadings. Rather, it is directed to the efficiency of having the appellate court address the purely legal question now, rather than later, as § 1292(b) expressly allows. This is a textbook example of what Congress understood to be appropriate for immediate review: to construe and apply a statute of limitation. Mot. [ECF 51] at 2-3 (quoting legislative history).

## ARGUMENT

Harrington's opposition memorandum doesn't plausibly dispute that all three elements for immediate appellate review are satisfied. In fact, she concedes the first and third while not directly addressing the second.

Harrington initially argues that the question on the Copyright Act's statute of limitations is not controlling, and asserts that the question must be "novel" before certification is appropriate. See Mem. in Opp'n [ECF 51] at 5. Contrary to her argument, the statute does not require, let alone contemplate, novelty as part of a district Court's discretion to certify a question. Instead, the legal question must simply be one that is "controlling." 28 U.S.C. § 1292(b); see also McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258-59 (11th Cir. 2004) (a controlling question is one that "would serve to avoid a trial").

But after making that atextual argument, Harrington then concedes that "resolution of the injury rule vs. discovery rule would resolve this case." Id. at 7. That concession controls both the first and third prongs of § 1292(b), and is consistent with the position taken by Harrington's counsel in other actions. Joint Pre-Hearing Stip. ECF 40 at 6 Affordable Aerial Photography, Inc. v. Property Matters USA, LLC, no. 22-cv-14296 (S.D.

Fla. Apr. 6, 2023) ("Property Matters") ("If claims of copyright infringement accrue when the infringing act occurs (i.e., that the injury-occurrence rule applies instead of the discovery rule), then [plaintiff's] claims are barred"). Nowhere does Harrington argue that her 1-count claim of infringement would remain viable irrespective of how the Eleventh Circuit might decide the question. The limitations issue is controlling of the *entirety* of this action, not just a significant part of it, and is applicable to many other cases.

On the second prong of § 1292(b), Harrington's opposition misrepresents the state of the copyright defense bar and court decisions. While she also concedes that the "question does indeed continue to be litigated" she is mistaken that it is being litigated solely "by Mr. Klema." Mem. in Opp'n [ECF 51] at 6. Harrington's counsel is familiar with other actions in which attorneys, other than Island Villa's counsel, have advocated why the injury rule is the correct statutory meaning for the word "accrue." E.g., Mot. to Dismiss, Property Matters, no. 22-cv-14296, 2022 WL 20841903 (S.D. Fla. Oct. 7, 2022); Mot. to Dismiss, Otto Archive, LLC v. Haute Residence LLC, no. 23-cv-23959, 2024 WL 1300391 (S.D. Fla. Jan. 16, 2024); Mot. to Dismiss, Prepared Food Photos, Inc. v. Delvecchio Pizza, LLC, no. 23-cv-60183, 2023 WL 5681965 (S.D. Fla. Mar. 28, 2023).

Besides cases litigated by CopyCat Legal, district court judges within the Eleventh Circuit (in addition to Judge Gayles[2]) have applied and dismissed copyright infringement actions. For example, Judge Ruiz has observed the two "theories" and the corresponding

---

[2] In addition to his order in Oppenheimer v. Palange, no. 23-cv-20507, 2023 WL 11916707 (S.D. Fla. Dec. 24, 2023), dismissing the plaintiff's copyright infringement claims as time-barred under the injury rule, he has distinguished ownership from infringement claims. See Finch v. Casey, no. 22-cv-20144, 2023 WL 1796450 at *5 (S.D. Fla. Feb. 7, 2023) ("Claims for infringement and claims for ownership are subject to different accrual standards").

impact of them on the "scope of recovery" for alleged infringements outside the 3-year lookback period:

> [t]he Copyright Act's three-year statute of limitations has prompted divergent theories regarding when an infringement claim accrues [(citing Gorsuch's dissent in Warner Chappell) but concluding that] the Amended Complaint includes allegations of infringements that both occurred and were discovered within the last year, Plaintiff's claim is not time-barred. However, as discussed at the Hearing, the scope of recovery for these alleged infringements appears to be limited to 2024, since the remaining allegations in the Amended Complaint concern alleged infringements that were discovered and/or occurred in December 2020 or earlier.

Order on Mot. to Dismiss, Payne v. Barwick, no. 24-cv-21119 (S.D. Fla. Jun. 8, 2024).

Judges in the Northern District of Georgia have ruled more decisively that the plaintiff's action is barred:

> For copyright infringement claims, each new infringing act causes a new claim to accrue. But copyright ownership claims accrue "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights." …. the Court finds that the nature of Plaintiff's copyright claim is best characterized as a copyright infringement claim…. the only alleged acts of infringement fall outside of the three-year statute of limitations…. Based on the most recent infringing act stated by the Plaintiff, the copyright infringement statute of limitations ran out on March 1, 2021, over a year before Plaintiff filed his claim on May 6, 2022. Plaintiff fails to allege any other infringing act. Thus, under the statute of limitations for a copyright infringement claim, Plaintiff's claim is time-barred because the most recent act of copyright infringement occurred more than three years before Plaintiff filed his claim.

Order of Dismissal, Jones v. Williams, no. 22-cv-1805, 2022 WL 18780105 (N.D. Ga. Nov. 1, 2022) (Ray, J.) (dismissing plaintiff's complaint without prejudice because he might be able to "replead his claim to show that the alleged infringement did occur within the statute of limitations for a copyright infringement claim"); see also Order of Dismissal,

Oakley v. Amazon.com, Inc., no. 16-cv-3683, 2017 WL 413292 at *4 (N.D. Ga. Jan. 31, 2017) (Story, J.) (dismissing plaintiff's copyright infringement claims because they "are likely barred by the statute of limitations" where the defendants' actions occurred "in 2010 and … in 2012 … [b]ut Plaintiff did not file this suit until September 30, 2016 [and concluding that] any infringement claim based on those allegations falls at least one year after the statute of limitations expired") (citing 17 U.S.C. § 507(b) and Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1969 (2014)).

Though the Court here reached a different conclusion, those cases, together with the other authorities cited by Island Villa in its motion (e.g., Reguli v. Russ, 109 F.4th 874, 885-88 (6th Cir. 2024) (Murphy, J., concurring); 6 William F. Patry, Patry on Copyright § 20:20 (2024)), illustrate how the second element under § 1292(b) is amply satisfied. Differing rulings are occurring within the Eleventh Circuit on this issue by multiple different judges, and there is a substantial ground for difference of opinion on whether § 507(b) of the Copyright Act "tolerate[s] a discovery rule." Warner Chappell Music Inc. v. Nealy, 144 S. Ct. 1135, 1140 (2024) (Gorsuch, J., dissenting).

Harrington's argument on the third prong also fails for the same reason her argument on the first prong fails. She concedes the question is dispositive of this case. Mem. in Opp'n [ECF 51] at 7. Consequently, she doesn't plausibly contend that the answer to the certified question would substantially reduce the amount of litigation left in the case. There is only one claim, and that claim rises and falls on the rule of law for infringement claim accrual.

**CONCLUSION**

On a petition for interlocutory appeal under Fed. R. App. P. 5(a) to the Eleventh Circuit, that court is likely to answer affirmatively the question of whether, on this Court's order, "there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." McFarlin, 381 F.3d at 1259. Harrington doesn't dispute that the Eleventh Circuit is likely to grant Island Villa's petition. Many defendants, including Island Villa, continue to push back against the atextual discovery rule.

As correctly predicted by Island Villa in its motion, a new petition for writ of certiorari has been filed in the Supreme Court raising the issue once again, just one term after its Warner Chappell decision. RADesign, Inc. v. Michael Grecco Prods., Inc., no. 24-276 (docketed January 15, 2025). Unlike Warner Chappell, the RADesign petition does not assume the discovery rule and instead confronts it directly: "Whether a claim 'accrue[s]' under the Copyright Act's statute of limitations for civil actions, 17 U.S.C. 507(b), when the infringement occurs (the 'injury rule') or when a plaintiff discovers or reasonably should have discovered the infringement (the 'discovery rule')." Irrespective of the RADesign petition, this Court ought to certify the question to the Eleventh Circuit where it remains novel and not wait for the Supreme Court to grant plenary review.

Island Villa has met its burden, and this Court should certify for appellate review under 28 U.S.C. § 1292(b) the legal question of the discovery rule for copyright infringement claim accrual.

  /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com

**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*