IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,
    Plaintiff,
v.
ISLAND VILLA RENTAL PROPERTIES
INCORPORATED,

    Defendant.

_____

### [PROPOSED] ORDER CERTIFYING CONTROLLING QUESTION OF LAW FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

**THIS MATTER** came before the Court on Defendant's Motion to Certify the Court's Order for Immediate Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 51). The Court has carefully considered the Motion, Plaintiff's Response in Opposition, (ECF No. 52), Defendant's Reply, (ECF No. 52), and applicable law. For the reasons set forth below, Defendant's Motion is **GRANTED**.

Defendant requests certification of this Court's Order Denying Defendant's Motion for Judgment on the Pleadings (ECF No. 49, the "Order"), for interlocutory review under 28 U.S.C. § 1292(b).

Section 1292(b) provides that a non-final order may be appealed when a district court certifies in writing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the movant, Defendant bears the burden of establishing three elements: (1) that a "controlling question of law" exists, (2) over which there is a "substantial ground for difference of opinion" among courts; and

(3) the immediate resolution of the issue would "materially advance the ultimate termination of the litigation." *Id.*; *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (noting that the burden of establishing the § 1292(b) requirements is on the petitioning party). A district court has substantial discretion in certifying issues under section 1292(b), even if the appellate court, in its own exercise of discretion on a subsequent petition, denies interlocutory review. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008).

The Court thus considers whether Defendant satisfied its burden under section 1292(b), addressing the three statutory elements for certifying an interlocutory appeal.

First, Defendant framed a pure question of law in its motion seeking to dispose of this action based on whether the Plaintiff's claim is timely under the Copyright Act's statute of limitations. (Am. Mot. for J. on the Pleadings, ECF No. 23). A "controlling question of law" is one that "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine[.]" *McFarlin*, 381 F.3d at 1258. It should be an "abstract legal issue" of "'pure' law" which the circuit court can answer "quickly and cleanly" without having to "delve beyond the surface of the record in order to determine the facts." *Id.* at 1258-59; *see also Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003). An issue of law has also been termed controlling where, as here, "the certified issue has precedential value for a large number of cases." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). The legislative history of section 1292(b) also shows that the applicability of a statute of limitation is one example where certification might be appropriate.

In its Order, this Court applied the "discovery rule" of claim accrual under the Copyright Act's statute of limitations, 17 U.S.C. § 507(b), thus resolving the Defendant's motion for judgment on the pleadings in favor of Plaintiff. Plaintiff, in her opposition to certification,

concedes the issue is controlling. (ECF No. 52) ("resolution of the injury rule vs. discovery rule would resolve this case"). The question is also one of statutory construction of the meaning of the word "accrue" under section 507(b) as understood in the context of an ordinary infringement claim. That rule of law also has wide applicability beyond this case, and if the question were answered by the Eleventh Circuit it would be precedential. The Court concludes that the question is controlling under the first element.

The second element, whether a substantial ground for difference of opinion exists, requires there to be a legal issue that is either "(1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198-CIV, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016) (internal quotation marks and citation omitted).

The Court recognized in the Order that the question presented by Defendant's motion for judgment on the pleadings is unsettled in the Eleventh Circuit. In its motion for certification, Defendant cites multiple cases from district courts of the Eleventh Circuit that have split on which rule to apply. (*See* Mot. at 6-7; Reply at 3-5) (identifying four different district court judges that have applied the injury rule). This Court, consistent with the majority position in this district, applied the discovery rule. At the appellate level, some circuit court judges have expressed doubt about the discovery rule, even though precedent-bound to continue applying it. *Reguli v. Russ*, 109 F.4th 874, 885-88 (6th Cir. 2024) (Murphy, J., concurring). The issue is also difficult because the weight of authority outside the Eleventh Circuit follows the discovery rule, as Plaintiff argued in her opposition to Defendant's motion for judgment on the pleadings, (*see* ECF No. 32 at 5), but Defendants rightly point out recent and increasing criticism of that rule, both in the district courts, appellate circuits, the Supreme Court, and a leading copyright treatise. (*See* Mot. ECF No. 51 at

6-9). Even though this Court agreed with Plaintiff on Defendant's Rule 12(c) motion and applied the discovery rule to the infringement claim accrual, that does not control whether the Court should certify the question for interlocutory review. There do appear to be differences of opinion about which rule should apply, and that difference is not insubstantial.

Lastly, the third factor, that an immediate appeal from the Order will materially advance the ultimate termination of this litigation, asks whether "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259 (citations omitted). The Court notes that it has not yet entered a new scheduling order, and no discovery has taken place yet because this Court entered a stay pending a possible controlling decision on the accrual rule either from the Supreme Court or the Eleventh Circuit. Defendant argues that certification of the Court's Order "would materially advance the ultimate termination of this litigation" because "if the Eleventh Circuit reversed, it would be dispositive of the entirety of [Plaintiff's] action." (Mot. at 9-10). Plaintiff does not dispute that point. She agrees that "The Immediate Resolution of the Issue Would Materially Advance the Ultimate Termination of the Litigation" and that "resolution of injury rule vs. discovery rule would resolve this case." (Opp'n at 6-7). The Court concurs, and the third element under section 1292(b) is also satisfied.

Finally, while the Eleventh Circuit may or may not accept the question for review upon Defendant's petition, exercising its own discretion, this Court is satisfied that each of the three elements under section 1292(b) have been met.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion, (ECF No. 51), is **GRANTED**. The following question is certified under section 1292(b): Under 17 U.S.C. § 507(b), does an ordinary copyright infringement claim accrue when a plaintiff has a complete and present cause of action (the injury rule) or when the plaintiff learns of the

infringement (the discovery rule)?

**DONE AND ORDERED** in Chambers at Miami, Florida this ___ day of _____, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE