UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 23-10080-CIV-MARTINEZ

MAUREEN HARRINGTON, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF
BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO CERTIFY THE COURT'S ORDER, (ECF NO. 49), FOR IMMEDIATE INTERLOCUTORY APPEAL

**THIS CAUSE** came before this Court on Defendant's Motion to Certify the Court's Order, (ECF No. 49), for Immediate Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), (the "Motion"), (ECF No. 51). This Court reviewed the Motion, Plaintiff's Response, (ECF No. 52), Defendant's Reply, (ECF No. 53), pertinent portions of the record, and applicable law, and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **DENIED** for the reasons set forth herein.

I.     **BRIEF FACTUAL BACKGROUND**

In July 2018, Defendant Island Villa Rental Properties Inc. published a professional photograph of Alligator Reef Light House in Islamorada, Florida, on its website, webpage, and/or social media. (Am. Compl. ¶¶ 10, 15). That photograph was the copyrighted work of Plaintiff ("the Work"). (*Id.* ¶¶ 11–12). Defendant was not licensed to use or display the Work and never contacted Plaintiff to seek permission to use the Work in connection with its business or

for any other purpose. (*Id.* ¶ 17). Through Plaintiff's "ongoing diligent efforts to identify unauthorized use of his photographs," he discovered Defendant's unauthorized use/display of the Work in November 2022. (*Id.* ¶ 20). Following Plaintiff's discovery, he notified Defendant in writing of its unauthorized use. (*Id.*) "To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of the Work." (*Id.*).

Accordingly, on September 19, 2023, Plaintiff filed suit against Defendant, alleging one count of copyright infringement. (*See* ECF No. 1). Plaintiff filed an Amended Complaint against Defendant on February 2, 2024, alleging one count of copyright infringement. (*See* Am. Compl.). Defendant argued that Plaintiff's claim was time-barred, and moved for judgment on the pleadings. (*See* ECF Nos. 23 and 51). The Court ruled that the discovery rule applied, and Plaintiff's claim was not barred. (ECF No. 49).

This case was stayed twice pending opinions from the Eleventh Circuit and the Supreme Court of the United States that Defendant expected to reach the issue of whether the discovery rule or the injury rule should apply to Plaintiff's copyright infringement claim. (*See* ECF Nos. 38 and 40). However, neither case ultimately reached the issue. (*See* ECF Nos. 39-1 and 41).

Defendant now asks this Court to certify the Court's Order denying Defendant's amended motion for judgment on the pleadings, (ECF No. 49), for interlocutory appeal. (ECF No. 51).

II. ANALYSIS

A court may certify an order for interlocutory appeal when: (1) the order presents a "controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The moving party "bears the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of

postponing appellate review until after the entry of a final judgment." *Samsung Semiconductor, Inc. v. AASI Liquidating Trust ex rel. Welt*, No. 12-23707, 2013 WL 704775, at *4 (S.D. Fla. Feb. 26, 2013) (internal quotation marks and citations omitted). This is a high burden, as there is a strong presumption against interlocutory appeals. *See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) ("Furthermore, § 1292(b) sets a high threshold for certification to prevent piecemeal appeals."); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive . . . and consequently are generally disfavored.") (quotation marks and citation omitted). Moreover, "§ 1292(b) certification is wholly discretionary with both the district court and th[e] Court [of Appeals]." *OFS Fitel, LLC*, 549 F. 3d at 1358.

There appears to be no genuine dispute that the first and third elements are met here. First, the order involves a controlling question of law—whether injury rule or the discovery rule applies for a copyright infringement claim. As to the third element, immediate appeal may materially advance termination of the litigation because if the Court is reversed, and the injury rule applies, Plaintiff's claim will be barred by the statute of limitations.

However, the Court is not convinced that there is substantial ground for difference of opinion on the issue. A substantial ground for difference of opinion "exists when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016) (citation omitted). "[M]erely showing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient." *Ibrahim v. FINR III, LLC*, No. 15-cv-1093, 2016 WL 409630, at *3 (M.D. Fla. Feb. 3, 2016) (internal quotation marks and citation omitted).

First, this is not an issue of first impression. While the Eleventh Circuit has not explicitly adopted either the discovery rule or the injury rule, the Eleventh Circuit has been presented with the issue at least twice in the past two years and has declined to rule on it. *See Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023), *aff'd*, 144 S. Ct. 1135 (2024); *Affordable Aerial Photography, Inc. v. Prop. Matters, LLC*, 108 F.4th 1358 (11th Cir. 2024). The Court sees no reason to certify its order for interlocutory appeal and ask the Eleventh Circuit to consider the issue for a third time. As to the second and third grounds for difference of opinion, there is no evidence of district court or circuit splits on the issue. Defendant presents no evidence of any circuit court adopting the injury rule. Defendant does not meet its burden of proving that the district courts in the Eleventh Circuit are split on the issue.

### III. CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** that the Motion, (ECF No. 51), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5 day of February 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record