UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

---

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER [ECF 56] DENYING ISLAND VILLA'S MOTION TO CERTIFY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

Defendant, Island Villa Rental Properties Inc., pursuant Local Rule 7.1, moves the Court to reconsider its order [ECF 56] denying Island Villa's motion to certify the order denying defendant's motion for judgment on the pleadings [ECF 49] for immediate appeal.

### PRELIMINARY STATEMENT

In its order, [ECF 56] denying Island Villa's motion to certify the Court's earlier order applying the discovery rule [ECF 49], the Court found that Island Villa had not met "its burden of proving that the district courts in the 11th Circuit are split on the issue" of whether the injury or discovery rule applies for ordinary copyright infringement claim accrual under 17 U.S.C. § 507(b). Order at 4. That conclusion, however, relies on a misapprehension of the district court decisions within the Eleventh Circuit and decisions of the other circuit courts.

On February 19, 2025, Judge Geraghty entered an order dismissing the plaintiff's copyright infringement claims based on the injury rule. Perry v. Think It's A Game Records, Inc., no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025). She expressly concluded that "Plaintiffs' copyright infringement claim is not subject to the discovery rule." Id. at *24. More importantly for reconsideration, she cited one of the cases cited by Island Villa showing that the district courts have split on the issue: Oppenheimer v. Palange, no. 23-cv-20507, 2023 WL 11916707 (S.D. Fla. Dec. 24, 2023). While the district (and circuit) court split existed prior to Perry, that new case provides further and "new" evidence of that split, warranting reconsideration.

Additionally, Island Villa intends on seeking a writ of mandamus from the Eleventh Circuit respecting the Court's denial of certification, arguing, *inter alia*, that the order improperly exercised that court's § 1292(b) discretion.

**STANDARD FOR RECONSIDERATION**

"Federal courts have substantial discretion in ruling on motions for reconsideration," and one ground that can "justify reconsideration" is "the need to correct clear error or prevent manifest injustice." Just Play, LLC v. FitzMark, Inc., 2021 WL 4973587, at *1 (S.D. Fla. Sept. 9, 2021). Another ground is to present newly discovered evidence. Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). When a district court issues "an interlocutory order, the district court has plenary power over it and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000)). "Rules 59(e) and 60(b) only come into play after a final, appealable judgment is entered." Hornady v. Outokumpu Stainless USA, LLC, 118 F.4th 1367, 1379 (11th Cir. 2024) (citing Toole). In contrast to reconsideration under those rules, which

involve a "significantly higher showing" a movant can satisfy its burden with less. See id. at 1381.

Reconsideration may be sought "at any time before [the] final decree," id. at 1380 (quoting John Simmons Co. v. Grier Bros., 258 U.S. 82, 90-91 (1922)), although "the more time that has passed between a district court's ruling and a party's motion to reconsider that ruling, the less willing the court ought to be to entertain the party's request," id. at 1381.

## ARGUMENT

The Court's order denying certification of its order applying the discovery rule for copyright infringement claim accrual under § 507(b) embodies clear error. While the Court correctly found that the first and third elements under 28 U.S.C. § 1292(b) exist on that issue, it erred in concluding the second element is not satisfied. It also erred in exercising the circuit court's discretion on whether it would accept for review the Court's order applying the discovery rule. Regardless of those errors, a new case undermines the Court's conclusion that no district court split exists on the issue. That alone warrants reconsideration.

### I. A DISTRICT COURT (AND CIRCUIT COURT) SPLIT UNDENIABLY EXISTS ON THE QUESTION OF INFRINGEMENT CLAIM ACCRUAL

In its motion briefing, Island Villa cited numerous district court decisions within the Eleventh Circuit in which other judges have applied the injury rule to find a plaintiff's infringement claims time-barred.

That included Oppenheimer v. Palange, no. 23-cv-20507, 2023 WL 11916707 (S.D. Fla. Dec. 24, 2023), where there is no doubt that Judge Gayles dismissed an infringement claim based on the injury rule. Were that not evident from his opinion, an

earlier decision of his makes clear that he views infringement claims as accruing differently from ownership claims. Finch v. Casey, no. 22-cv-20144, 2023 WL 1796450 at *5 (S.D. Fla. Feb. 7, 2023) (infringement and ownership claims "are subject to different accrual standards"). Judge Ray also directly applied the injury rule, dismissing the plaintiff's claim as time-barred because "each new infringing act causes a new claim to accrue." Jones v. Williams, no. 22-cv-1805, 2022 WL 18780105 (N.D. Ga. Nov. 1, 2022). Judge Story ruled similarly. Oakley v. Amazon.com, Inc., no. 16-cv-3683, 2017 WL 413292 at *4 (N.D. Ga. Jan. 31, 2017) (dismissing plaintiff's copyright infringement claims because they "are likely barred by the statute of limitations" where the defendants' actions occurred "in 2010 and … in 2012 … [b]ut Plaintiff did not file this suit until September 30, 2016 [and concluding that] any infringement claim based on those allegations falls at least one year after the statute of limitations expired").

There was, at the time of the Court's order denying certification, at least three district court decisions directly employing the injury rule to find a plaintiff's infringement claims untimely, while numerous others recognized that such a rule existed found the case involved copyright ownership and therefore applied the discovery rule. E.g., Black Box Royalties, Inc. v. Universal Music Publ'g, Inc., no. 15-cv-04013, 2017 WL 3508727 (N.D. Ga. Feb. 21, 2017).

Ignoring those cases constitutes a clear error of judgment as to the second element of § 1292(b) certification because a party seeking certification under § 1292(b) need only "show that at **least two courts** interpreted the legal principal differently." Davis v. City of Apopka, no. 15-cv-01631, 2019 WL 9832059, at *3 (M.D. Fla. 2019) (emphasis supplied); see also White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994) ("identification of **a**

**'sufficient number** of conflicting and contradictory opinions' would provide substantial ground for disagreement") (emphasis supplied); Harris v. Luckey, 918 F.2d 888, 892-93 (11th Cir. 1990) (because the movant "could be correct" concerning its view of the competing case law "there is a substantial ground for difference of opinion"). Here, at least *four* courts have interpreted § 507(b)'s claim accrual differently than other courts, in addition to circuit court decisions and other evidence of differences of opinion on the question.

The Court's certification order did not mention any of the cases identified by Island Villa, or even attempt to explain how they followed the discovery rule (if that is how the Court read them). Nor did the Court address why three Supreme Court justices have suggested in dicta that the discovery rule "very likely does not exist." Warner Chappell Music, Inc. v. Nealy, 144 S. Ct. 1135, 1140 (2024).

The Court also did not address how circuit courts too have doubted the rule. See Everly v. Everly, 958 F.3d 442, 459-68 (6th Cir. 2020) (predicting "that the Supreme Court may one day hold that the plain text of the Copyright Act's statute of limitations contains an occurrence rule, not a discovery rule"); Consumer Health Info. Corp. v. Amylin Pharms., Inc., 819 F.3d 992, 996 (7th Cir. 2016) ("the separate-accrual rule, [] applies to ordinary infringement suits"); Chicago Bldg. Design, P.C. v. Mongolian House, Inc., 770 F.3d 610, 616 (7th Cir. 2014) ("the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed"); William A. Graham Co. v. Haughey, 646 F.3d 138, 150 (3d Cir. 2011) (the discovery rule is not "an accrual doctrine" but rather is "one of those legal precepts that operate to toll the running of the limitations

period after a cause of action has accrued"). That multiple jurists at all levels of the federal courts have doubted the viability of the discovery rule has also found its way into a leading treatise. 6 William F. Patry, Patry on Copyright § 20:20 (2024). Commentators have noticed that tension too, stating that "there are dissenting voices in the lower courts" on the discovery rule, "and it seems to be only a matter of time before one of the Courts of Appeals takes a case en banc and rejects the discovery rule." Tyler T. Ochoa, Warner Chappel Music, Inc. v. Nealy and the Copyright Act's Statute of Limitations, HISTORICAL AND TOPICAL LEGAL DOCUMENTS, SUBMISSIONS 98, 136 (2025), available at https://digitalcommons.law.scu.edu/historical/2898/.

In view of that existing body of law and secondary authorities, the Court's certification order is manifestly erroneous that no substantial grounds for a difference of opinion exist.

## II. NEW EVIDENCE CONFIRMS THE EXISTENCE OF THE DISTRICT COURT SPLIT, CLEARLY ESTABLISHING SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION

Even if the Court remains convinced, when it denied certification, that the discovery rule was being uniformly applied within the Eleventh Circuit and that no other courts had cast doubt on it, a new case decided after the Court's order was entered clearly shows there is such inter-district conflict.

Judge Geraghty, citing Oppenheimer, explicitly reached the same conclusion as Judge Gayles: an ordinary "copyright infringement claim is not subject to the discovery rule." Perry, slip op. at *24. Thus, Perry itself stands as a further and independent reason to reconsider the Court's order denying § 1292(b) certification, because it is "new evidence" which entirely undermines the Court's conclusion that there is "no evidence of

district court or circuit splits on the issue." Order at 4. Reconsideration is wholly appropriate when, as here, it would satisfy even the "significantly higher showing" under Rule 60(b)(2) where new evidence would justify relief from a final judgment. Hornady, 118 F.4th at 1381.

### III. SPECULATING HOW THE CIRCUIT COURT MIGHT EXERCISE ITS OWN § 1292(B) DISCRETION IS ERROR

In addition to misapprehending the difference of opinion on the injury-vs-discovery rule, the Court also erred when it went beyond the factors for § 1292(b) certification.

In making that error, the Court misapprehended Nealy. There, the parties had "agreed 'that this case presents an 'ownership dispute' within the meaning of the statute of limitations for copyright claims.'" Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1329 (11th Cir. 2024). In contrast to that explicit statement, the Court here asserted that "the Eleventh Circuit [was] presented with the issue" in Nealy. Order at 4. But the Eleventh Circuit could not, however, have reached the question of claim accrual in ordinary infringement (i.e. non-ownership) actions as a consequence of the party presentation principle. That principle limits the court's "role of neutral arbiter of matters the parties present" such that appellate courts will not decide matters where the parties have not setup the issue as a disputed one, thus seriously undermining adversarial briefing which is necessary to proper adjudication. E.g., United States v. Sineneng-Smith, 140 S. Ct. 1575, 1579 (2020). Like the Eleventh Circuit, the Supreme Court felt similarly constrained in not reaching the issue for the same reason. Warner Chappell, 144 S. Ct. at 1138 ("Warner Chappell accepted that the discovery rule governed the timeliness of Nealy's claims"). Thus, the Court erred by concluding that the Eleventh Circuit was presented with the issue in Nealy.

As to <u>Property Matters</u>, while briefing in that case had indicated the Eleventh Circuit would address the issue, there are myriad reasons why it might not have. It may well have concluded the case was an ill-suited vehicle to resolve the question. It may have decided the issue it was not necessary to do so in reaching its holding that the defendant was not the prevailing party for purposes of attorney's fees. Why a higher court decides to reach an issue unnecessary to resolve an appeal (or not), is not for a lower court to surmise, especially in the context of interlocutory certification since that speculation has no bearing on the § 1292(b) statutory criteria. This case, on the other hand, cleanly and unavoidably presents the issue unlike either <u>Warner Chappell</u> or <u>Property Matters</u>. If the Eleventh Circuit does not believe the matter should occupy time on its docket, then it can simply decline to accept the interlocutory appeal.

But it is improper for this Court to speculate as to whether an appellate court will reach an issue or not, either in prior cases or as part of § 1292(b) certification. In doing so, the Court essentially exercised *that* court's coordinate discretion to accept an interlocutory matter for plenary review. That is clear error which this Court ought to additionally correct by vacating its order.

## CONCLUSION

Reconsideration is appropriate here, where the case remains at an early stage. The Court's order denying certification is still recent and the errors in it can be corrected while also recognizing the district court split.

This Court misapprehended the state of district court decisions respecting the competing injury-vs-discovery rule of ordinary copyright infringement claim accrual. Its conclusion in the prior order that there is no evidence of a split is manifestly erroneous, thus constituting an abuse of discretion. There cannot be any conclusion other than a

substantial ground for difference of opinion exists. Additionally, the Court misapprehended <u>Nealy</u> and improperly exercised the discretion of the Circuit Court, thus exceeding this Court's § 1292(b) authority.

Regardless of those missteps, a new case makes clear that the Court ought to reconsider its order. <u>Perry</u> stands as "new evidence" of the split, which itself justifies reconsideration.

**WHEREFORE**, defendant Island Villa, Inc. respectfully requests the Court:

a) grant this motion;

b) vacate its order denying Island Villa's motion to certify, [ECF 56];

c) enter an order pursuant to 28 U.S.C. § 1292(b) certifying to the United States Court of Appeals for the Eleventh Circuit the Court's order denying Island Villa's motion for judgment on the pleadings [ECF 49];

d) amend the order [ECF 49] to directly include the certification; and

e) for such further relief as the Court deems just and proper.

### CERTIFICATE OF COUNSEL

Counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

   /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381

                                                    Tampa, FL 33672
                                                    420 W. Kennedy Boulevard
                                                    Tampa, FL 33606
                                                    Telephone: 202-713-5292
                                                    *Attorney for Defendant*