IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,
 Plaintiff,
v.
ISLAND VILLA RENTAL PROPERTIES INCORPORATED,

 Defendant.

## [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF 58)

**THIS MATTER** came before the Court on Defendant's Motion for reconsideration of the Court's Order denying certification for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (ECF No. 58). The Court has carefully considered the Motion, Plaintiff's Response in Opposition, (ECF No. __), Defendant's Reply, (ECF No. __), and applicable law. For the reasons set forth below, Defendant's Motion is **GRANTED**.

Defendant requests this Court reconsider and vacate its Order (ECF 56) in which the Court denied defendant's motion to certify another of the Court's orders for interlocutory review under 28 U.S.C. § 1292(b): Defendant's Rule 12(c) motion for judgment on the pleadings (ECF No. 49).

This Court has plenary power to revisit its interlocutory orders at any time. *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379 (11th Cir. 2024).

Defendant argues the Court misapprehended the state of district court decisions using either the injury or discovery rule for infringement claim accrual under 17 U.S.C. § 507(b). It points out that it had cited multiple district court decisions in the Eleventh Circuit which it contended applied the injury rule. While the Court was not persuaded a split existed, Defendant has now cited a new

decision from the Northern District of Georgia that clearly has applied the injury rule to find the plaintiff's infringement claim time-barred. *Perry v. Think It's A Game Records, Inc.*, no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025). *Perry* did not reach that decision in a vacuum, rather, it also cited other decisions within the Eleventh Circuit to support its ultimate judgment, including *Oppenheimer v. Palange*, no. 23-cv-20507, 2023 WL 11916707 (S.D. Fla. Dec. 24, 2023).

*Perry* also stands in contrast to decisions by other district courts that have applied the discovery rule, as this Court did. *E.g., Science Photo Library Ltd. v. Bell Performance, Inc.*, no. 23-cv-2302 (M.D. Fla. Aug. 2, 2024). At least two, and likely more, decisions make plain that there do appear to be differences of opinion about which rule should apply, and that difference is not insubstantial. *Perry* shows that district courts in the Eleventh Circuit have not seen eye-to-eye on which accrual rule to apply. Furthermore, the question presented by Defendant's motion for judgment on the pleadings remains unsettled in the Eleventh Circuit.

*Perry*—a decision entered after the Court had denied certification—constitutes new evidence which this Court now believes undermines its earlier conclusion that there was no district court split. The Court remains of the opinion that the first and third elements for certification under § 1292(b) are satisfied. Thus, all three elements for immediate interlocutory appeal of the Court's order applying the discovery rule have been met.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for reconsideration, (ECF No. 58), is **GRANTED**.
2. The Court's order denying certification (ECF 56) is **VACATED**.
3. The Court's order denying Defendant's motion for judgment on the pleadings (ECF 49) is **CERTIFIED** under 28 U.S.C. § 1292(b) as including a controlling question of law as to which there is substantial ground for difference of opinion and that an

immediate appeal from that order will materially advance the ultimate termination of the litigation.

4. Additionally, that order (ECF 49) is hereby **AMENDED** to include the following statement: "The Court is of the opinion that this order involves a controlling question of law, namely whether under 17 U.S.C. § 507(b), an ordinary copyright infringement claim accrues when a plaintiff has a complete and present cause of action (the injury rule) or when the plaintiff learns of the infringement (the discovery rule), and that question is one on which there is substantial ground for difference of opinion, such that the Court believes an immediate appeal from this order will materially advance the ultimate termination of the litigation."

**DONE AND ORDERED** in Chambers at Miami, Florida this ___ day of _____, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE