IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INCORPORATED,

    Defendant.

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION**

Plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III ("Plaintiff"), hereby files this memorandum in opposition to defendant Island Villa Rental Properties Incorporated's ("Defendant") Motion for Reconsideration of the Court's Order [ECF 56] Denying Island Villa's Motion to Certify Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion for Reconsideration") [D.E. 58], and states as follows:

    1.    Rule 4-8.4 of the Florida Rules of Professional Conduct requires that a lawyer not "engage in conduct involving dishonesty, fraud, deceit, ***or misrepresentation***."[1]  Rule 4-3.3 imposes a duty of candor to the tribunal on all attorneys practicing in Florida: "A lawyer shall not knowingly… make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

    2.    The Motion for Reconsideration implicates both rules and is indicative of the larger

---

[1]    Emphasis added.

problem of Defendant's counsel continuing to delay these proceedings by grasping at straws.

3. Other than accusing the Court of failing to consider the cases cited by Defendant in its Motion to Certify Appeal, the *sole* basis for the Motion for Reconsideration is the February 19, 2025 decision in Perry v. Think It's a Game Records, Inc., which Defendant discusses extensively throughout the Motion for Reconsideration.

4. Most importantly, Defendant represents Perry as follows:[2]

> copyright infringement claims based on the injury rule. Perry v. Think It's A Game Records, Inc., no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025). She expressly concluded that "Plaintiffs' copyright infringement claim is not subject to the discovery rule." Id. at *24.

5. Defendant, however, fails to disclose its selective quoting of the actual sentence at issue and deletion of the preceding clause:[3]

> As such, based on the facts alleged by Plaintiffs and their failure to respond to Defendants' statute of limitations argument, Plaintiffs' copyright infringement claim is not subject to the discovery rule. Rather, the claim

6. Defendant's counsel was certainly aware of the preceding clause, yet *deliberately* deleted such from the quotation to mislead the Court into believing that the sentence began with "Plaintiff's copyright infringement claim…."

7. Worse still, Judge Geraghty directly addressed the issue earlier in the Order when she noted that the plaintiff failed to respond to the statute of limitations arguments and as such abandoned any opposition thereto:[4]

---

[2] See Motion for Reconsideration, at p. 2
[3] See Exhibit "A," a true and correct copy of the February 19, 2025 Order in Perry v. Think it's a Game Records, Inc., at p. 24 (emphasis added).
[4] Id. at p. 20.

### C. Statute of Limitations

Defendants contend that the Copyright Act's statute of limitations precludes Plaintiffs from recovering for alleged infringement that occurred before June 1, 2019. (Doc. 86-1 at 11-13; Doc. 87-1 at 14-15.) Plaintiffs have not responded to Defendants' argument.[5]

---

[5] "When an argument is raised upon a motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, such claims are deemed abandoned and subject to dismissal." *Mathews v. Home Depot USA, Inc.*, No. 1:22-CV-02605-ELR, 2023 WL 2731721, at *10 (N.D. Ga. Feb. 22, 2023) (cleaned up); *see also* L.R. 7.1, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

8. Defendant's selective quotation of <u>Perry</u> appears to be designed specifically to avoid disclosure of the fact that the plaintiff therein never responded to the statute of limitations argument or otherwise raise the countless decisions within this Circuit holding that the discovery rule applies. Such conduct is troubling at best. <u>See, e.g.,</u> <u>Santini v. Cleveland Clinic Fla.</u>, No. 98-6559-CIV-ZLOCH, 1999 U.S. Dist. LEXIS 23667, at *61–62 (S.D. Fla. Sep. 2, 1999) ("Miller breached his duty of candor to this tribunal. He deliberately structured his memorandum, affidavits, and witness testimony to create a false impression with the Court. By employing such 'clever devices to divert the search, mislead opposing counsel or the court, or cover up that which is necessary for justice in the end,' Miller's conduct fell far below the ethical standards to which this Court - indeed, any court - expects its officers to adhere."); <u>Bautista v. Star Cruises</u>, 696 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010) ("Moreover, not only did Plaintiffs' counsel not cite controlling law, counsel cited and relied on law from other circuits to support its Rule 60(b)(6)

motion, thus implying that no controlling law existed in the Eleventh Circuit. This failure to disclose controlling law combined with reliance on other circuits' law not only violates Rule 11, it also violates Rule 4-3.3 of the Rules Regulating The Florida Bar. Counsel's behavior would appear to be an attempt to mislead the Court as to the applicable law, in violation of the letter and the spirit of Rule 4-3.3.").

9. Defendant certainly could have accurately quoted Perry, but doing so would not have allowed Defendant to rehash its earlier-rejected arguments and further delay these proceedings.

10. The Motion for Reconsideration does not raise any sufficient basis for another bite at the proverbial apple. The Court was already presented with Oppenheimer (a decision from within this District), yet chose instead to follow the long line of district court cases throughout the Eleventh Circuit that embrace the discovery rule.

11. The fact that Perry embraces the injury rule "based on the facts alleged by Plaintiffs and their failure to respond to Defendants' statute of limitations argument" does not change the calculus. This Court has already considered the Copyright Act and the cases throughout the Eleventh Circuit interpreting it and concluded that the discovery rule applies.

12. Defendant's misrepresentation of Perry, while worthy of (at minimum) an admonition from the Court, does not warrant reconsideration or further delays in this case.

13. The Court should recognize the Motion for Reconsideration for what it is and should deny the motion accordingly.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion; (b) admonishing Defendant and/or its counsel for misrepresenting the decision in Perry; and (c) for such further relief as the Court deems proper.

Dated: March 6, 2025.                    COPYCAT LEGAL PLLC
                                         3111 N. University Drive
                                         Suite 301
                                         Coral Springs, FL 33065
                                         Telephone: (877) 437-6228
                                         dan@copycatlegal.com
                                         lauren@copycatlegal.com


                                         By: /s/ Daniel DeSouza
                                             Daniel DeSouza, Esq.
                                             Florida Bar No.: 19291
                                             Lauren Hausman, Esq.
                                             Florida Bar No.: 1035947


## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.