UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

Island Villa Rental Properties Inc.,

    Defendant.

---

### DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION [ECF 58]

Defendant, Island Villa Rental Properties Inc., pursuant to Local Rule 7.1(c), replies to plaintiff Maureen Harrington's memorandum in opposition [ECF 59] to Island Villa's motion for reconsideration.

### SUMMARY OF THE REPLY

Plaintiff Harrington is wrong to suggest that Perry v. Think It's A Game Records, Inc., no. 22-cv-2181, slip op. (N.D. Ga. Feb. 19, 2025) is the "sole" basis for reconsidering the Court's order denying interrogatories certification of its order denying Island Villa's motion for judgment on the pleadings. Pl.'s Opp'n [ECF 59 at 2].[1] As Island Villa has additionally urged, it believes the Court erred with respect to its conclusion even prior to Perry, and for the further reason that the Court did not apply the correct legal framework of 28 U.S.C. § 1292(b) by exceeding the scope of its one-half of the discretion provided

---

[1] Perhaps ironically, *that* is a demonstrable misrepresentation of Island Villa's motion.

for by the statute. Def.'s Mot. for Recons. [ECF 58 at 3-6, 7-8]. Harrington never addressed either of those separate bases for reconsideration.

Island Villa reiterates that **(I)** Perry is itself a basis to reconsider the Court's order denying certification. **(II)** Harrington also never confronts the district court split in her opposition because she could not in good faith make such an argument. Island Villa's request for the Court to reevaluate its denial of certification is well justified, and, contrary to Harrington's assertion, **(III)** the request has not delayed the proceedings.

I. ***Perry* justifies reconsideration as further evidence of a district court split on infringement claim accrual**

Harrington understandably dislikes that Judge Geraghty in Perry dismissed a plaintiff's copyright infringement claims based on the injury rule. The more judges who apply that rule limits the potential for stale claims, like Harrington's, to be asserted, reduces the burden on defendants to secure exculpatory evidence from long ago, and decreases the drain on judicial resources. She is wrong to accuse Island Villa of misrepresenting Perry,[2] and wrong to discredit Judge Geraghty's judgment.

There is no denying that she applied the injury rule. There is no denying that rule led the court to dismiss an ordinary copyright infringement action. There is no denying that, like here, Judge Geraghty's decision was "based on the facts alleged by Plaintiffs." Her duty was, just as it is this Court's duty, "to say what the law is" irrespective of what a party advocates. Cf. Carlile v. South Routt Sch. Dist., 739 F.2d 1496, 1500 (10th Cir.

---

[2] Harrington seems to take issue with Judge Geraghty's style more than her decision. That she capitalized the "p" in "Plaintiff" and chose to connect two independent statements by way of a comma rather than a period takes nothing away from what she *decided*: that the plaintiff's claim was time-barred as a result of the injury rule. She could have easily written that portion of her order as two standalone statements without changing her ruling.

1984) (a party cannot "assume that the court will follow blindly an incorrect interpretation of the law, especially" where that area is "unsettled"); Mazer v. Lipschutz, 327 F.2d 42, 57 (3d Cir. 1963) ("Counsel can stipulate fact, but ordinarily cannot stipulate or concede law."); Marbury v. Madison, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). Judges Geraghty and Gayles did not blindly accept one side's argument for what the law ought to be any more than this Court blindly accepted Harrington's. Harrington ought to give those judges as much credit for their decisions as she gives this Court for its decision.

Again, because the question still remains open in the Eleventh Circuit, Judge Geraghty could have applied the discovery rule if she so chose. She could have rejected the defendant's arguments and applied the discovery rule. But she didn't. Harrington wrongly suggests that Judge Geraghty had no choice except to agree with the defendant's arguments, or that she did so only because the plaintiff did not formally oppose the motion by a written memorandum. Her decision was within her judgment, not a mandatory enactment of the defendant's proffered rule of law by default.

It is also rather disingenuous for Harrington to argue that Perry is not authoritative for what it decided inasmuch as Harrington herself routinely relies on default judgments in her initial settlement demands.[3] Such judgments are likewise within the court's independent authority, not mandatorily-entered based on what Harrington requests. E.g., Report and Recommendation, Harrington v. Kaushan Media Corp., no. 23-cv-3213

---

[3] In her letter to Island Villa, she cited three, without indicating they were default judgments: Reiffer v. World Views LLC, no. 6:20-cv-786, 2021 U.S. Dist. LEXIS 38860 (M.D. Fla. Mar. 1, 2021); Corson v. Gregory Charles Interiors, LLC, no. 9:19-cv-81445, 2020 U.S. Dist. LEXIS 142932 (S.D. Fla. Aug. 7, 2020); and CCA & B, LLC v. Toy, no. 1:19-CV-01851, 2020 U.S. Dist. LEXIS 248303 (N.D. Ga. Dec. 14, 2020).

(S.D.N.Y. Nov. 21, 2023) ("consideration of the relevant factors supports an award of statutory damages below the $22,500 sought by Plaintiff"); Order Granting Pl.'s Mot. for Default J., Harrington v. Latin Travel Direct, LLC, no. 19-cv-20860 (S.D. Fla. Jul. 26, 2019) (rejecting Harrington's request for $75,000 and entering judgment for $15,000, "three times actual damages").

Harrington's ethical aspersions are mere red herring, the response to which Island Villa relegates to a footnote.[4] It hardly warrants the ink to address such distractions when Harrington simply cannot refute the district court divide on which rule of accrual applies to ordinary infringement claims.

## II. Harrington never confronts the district court split, because she cannot do so in good faith; it is unmistakably present

What is perhaps most glaring about Harrington's opposition is that she never once attempts to argue why the Court's analysis respecting the second element of § 1292(b) was correct. That's because she cannot do so in good faith. There is no doubting a district court split exists on whether § 507(b) of the Copyright Act includes an unwritten discovery rule. Instead, Harrington continues to sycophantically assert that the Court's denial of Island Villa's Rule 12(c) motion was correct. She is free to do that, but that is not what is

---

[4] In his vast 51-page order recounting multiple different issues, Judge Seltzer sanctioned the attorney for withholding evidence, among other improprieties. But he did not sanction the lawyer because of an alleged "selective quotation" from an opinion, Opp. at 3, but rather because the lawyer "had failed to tender" evidence that his adversary "had requested [] in discovery" and he made a "misleading statement" which he "knew to be false" respecting that evidence. Santini v. Cleveland Clinic Fla., no. 98-cv-6559, 1999 U.S. Dist. LEXIS 23667 (S.D. Fla. Sep. 2, 1999). In Bautista, the court imposed sanctions not for the lawyer's quotation from a case, but rather because, as Harrington correctly states, "counsel did not cite **controlling** law." Bautista v. Star Cruises, 696 F. Supp. 2d 1274, 1279 (S.D. Fla. 2010) (emphasis supplied). Here, there is no controlling law on the issue, which has divided the district courts in the Eleventh Circuit as a result—*precisely* why the Court should reconsider its order denying certification.

presently before the Court; the later denial of certification is.

### III. The proceedings are not being delayed by Island Villa's request for reconsideration

Finally, Harrington complains that the present motion for reconsideration is simply "rehash[ing]" Island Villa's Rule 12(c) "arguments and further delay[ing] these proceedings." Pl.'s Opp'n at 4, ¶ 9. Island Villa is at a loss to understand Harrington's reasoning here, which appears non-existent. She chastises Island Villa for it pointing out what it perceives as errors in the Court's § 1292(b) order and new evidence undermining the Court's decision. While Island Villa has requested a stay from the Eleventh Circuit in its mandamus action, there is presently no stay. Absent an order of this Court or the Eleventh Circuit staying these proceedings, they will continue according to the Court's amended scheduling order.

## CONCLUSION

The Court should reconsider and vacate its order [ECF 56] denying certification under § 1292(b), recognize that there is a substantial ground for difference of opinion as a result of the district court split, among other reasons, and certify its prior order denying Island Villa's motion for judgment on the pleadings.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*