UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 23-10080-CIV-MARTINEZ

MAUREEN HARRINGTON, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF
BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INC.,

    Defendant.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court upon Defendant's Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Certify Appeal (the "Motion"), (ECF No. 58). Defendant asserts that the Court's Order erred in concluding that the district courts were not split on the issue and in "in exercising the circuit court's discretion on whether it would accept for review the Court's order applying the discovery rule." (Mot. at 3). Defendant also argues that a new case "undermines the Court's conclusion that no district court split exists on the issue." (*Id.*). Having reviewed the Motion, Plaintiff's Response, (ECF No. 59), Defendant's Reply, (ECF No. 60), pertinent portions of the record, and being otherwise fully advised of the premises, the Court **DENIES** the Motion.

    "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d

1340, 1343 (S.D. Fla. 2007) (internal quotation marks and citation omitted). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985)) (internal quotations omitted).

Defendant fails to meet the legal standard for reconsideration. The Motion for Reconsideration does not demonstrate an intervening change in the controlling law or clear error and does not present newly discovered evidence that would justify a reconsideration. "Even when a party has established the three factors warranting interlocutory appeal, a court 'has discretion to turn down' an interlocutory appeal, as liberal use of the interlocutory appeal process 'is bad policy.'" *Music Royalty Consulting, Inc. v. Scott Storch Music, LLC*, No. 18-cv-60890, 2018 WL 6812943, at *4 (*quoting McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). Parties cannot use a motion for reconsideration "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration, (ECF No. 58), is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25 day of April 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record