IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INCORPORATED,

    Defendant.

---

**PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO FILE DISCOVERY MOTIONS**

Plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III ("Plaintiff") hereby files this motion for an extension of time to file discovery motions, and states as follows:

1. On May 2, 2025, Defendant served its responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Admissions.

2. On May 10, 2025, Defendant served its responses to Plaintiff's First Request for Production.

3. On May 14, 2025, undersigned counsel emailed counsel for Defendant seeking to meet and confer regarding discovery disputes.

4. On May 28, 2025, after not having received a response, undersigned counsel followed up with Defendant's counsel seeking to meet and confer.

5. On May 28, 2025, undersigned received an automatic reply from Defendant's

counsel stating that "[t]he firm will be closed from Monday, May 26, 2025, until June 5, 2025. I will have limited access to email and will be unable to receive calls until I return on Friday, June 6, 2025."

6. Pursuant to Local Rule 26.1(g)(2)(A)(i), "A party must submit any discovery dispute to the Court by service of a motion (or, if the assigned judge prohibits discovery motions, in accordance with the assigned judge's discovery procedures) within the time periods set forth in (i)-(iv), as applicable: for a discovery dispute relating to a written response or objection to a discovery request or to a privilege log, a party shall submit the dispute within twenty-eight (28) days of service of the written response or objection that is the subject of the dispute."

7. Additionally, this Court requires that "[i]f a discovery dispute arises, the parties must actually speak to one another, either in person, via telephone, or via Zoom (or equivalent conferencing/communication platform) to resolve their discovery disputes before seeking court intervention. E-mail correspondence alone does not constitute a sufficient conferral. As such, counsel shall discuss the available options for resolving the dispute without court intervention and make a concerted, good faith effort to arrive at a mutually acceptable resolution. The movant shall include in the motion a certificate of good faith that complies with Local Rule 7.1(a)(3). See S.D. Fla. L.R. 7.1(a)(3)."

8. As such, Plaintiff must submit her discovery dispute for Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Admissions by May 28, 2025; and Plaintiff must submit her discovery dispute for Plaintiff's First Request for Production by June 9, 2025.

9. Plaintiff has attempted to meet and confer with Defendant regarding the discovery disputes, which as directed by the local rules and this Court's procedures, must occur prior to seeking court intervention. However, such attempts have gone unanswered, and now – based on

Defendant's counsel being out of office through June 5, 2025 – is not possible prior to the time period when a motion would otherwise be due.

10. Accordingly, Plaintiff requests that this Court permit her an additional twenty-eight (28) days to file discovery motions regarding all three sets of paper discovery.

11. This motion is brought in good faith and will not prejudice either party.

## **LOCAL RULE 7.1(a)(2) CERTIFICATE**

Given that Defendant's counsel is out of office and unavailable, it was not possible for undersigned counsel to confer with counsel for Defendant with respect to the relief requested.

Dated: May 30, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com


By: /s/ Lauren Hausman_____
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren Hausman___
Lauren Hausman, Esq.