IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal representative for the estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES INCORPORATED,

    Defendant.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III ("Plaintiff") hereby files this motion to compel defendant Island Villa Rental Properties Incorporated ("Defendant") to respond to Plaintiff's First Set of Interrogatories, Plaintiff's First Request for Production of Documents, and Plaintiff's First Request for Admissions (collectively, the "Discovery Requests"),[1] and in support states:

### I.    Background

1. On May 2, 2025, Defendant served its responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Admissions. On May 10, 2025, Defendant served its responses to Plaintiff's First Request for Production.

---

[1] True and correct copies of Plaintiff's First Set of Interrogatories and Defendant's responses therein are attached hereto as Composite **Exhibit "A"**. True and correct copies of Plaintiff's First Request for Production of Documents and Defendant's responses therein are attached hereto as Composite **Exhibit "B"**. True and correct copies of Plaintiff's First Request for Admissions and Defendant's responses therein are attached hereto as Composite **Exhibit "C"**.

2.	Plaintiff was unable to confer with Defendant regarding discovery disputes within the time allotted by Local Rule 26.1(g)(2)(A)(i). Accordingly, Plaintiff filed her motion for an extension of time to file discovery motions on May 30, 2025 [D.E. 62]. The Court granted Plaintiff's motion permitting the parties to confer about discovery disputes until June 10, 2025 and directing Plaintiff to raise any remaining unresolved discovery dispute on or before June 13, 2025. See D.E. 63.

3.	This lawsuit presents a straightforward claim for copyright infringement.[2] Plaintiff alleges that Defendant copied/published one of Plaintiff's professional photographs to utilize for commercial purposes.

4.	Defendant has objected to the following Discovery Requests that Plaintiff now seeks to compel: Requests for Production 3, 15–18, 21–22; Requests for Admission 2–3, 19–20, 22–27; Interrogatories 3–7, 18–24.

## II.	Argument

### a.	Relevance Objections[3]

The principal issue Defendant has raised with respect to its objections is relevance. Plaintiff largely attempted to garner information regarding Defendant's practices and procedures with respect to copyrighted work. Plaintiff sought to understand whether Defendant has (or has not) licensed other photographs, as well as if Defendant has taken down photographs from its website and social media platforms. These requests go to willfulness and examining Defendant's history

---

[2]	Plaintiff has been appointed as the personal representative of the estate of her late husband, Blaine Harrington III. The Estate owns and manages the copyrights to Mr. Harrington's photographic works, including the one at issue in this lawsuit. Defendant owns a platform that specializes in listing luxury vacation rentals in the Florida Keys. Defendant lists properties including but not limited to Key Largo, Tavernier, and Islamorada.

[3]	Defendant objected to the following discovery requests on the basis of relevance: Requests for Production 15–18, 21–22; Requests for Admission 2–3, 19–20, 22–27; and Interrogatories 3–5, 7.

of licensing/displaying what are clearly professional stock photographs. Plaintiff is entitled to obtain discovery on Defendant's prior licensing history (or lack thereof) with respect to its level of knowledge/sophistication regarding the unauthorized display of photography on its website and/or social media pages. Courts have found that having a habit of infringing tends to show willfulness on the part of the infringer. The willfulness element is relevant to a damages analysis.[4] The request for licenses of other photographs on Defendant's website and/or social media pages is relevant to determine if using unlicensed photos is a familiar practice to Defendant.

Plaintiff additionally endeavored to inquire as to Defendant's ownership/organizational structure, so that she would be able to determine who had relevant information/knowledge regarding Defendant. Such discovery requests are relevant, as Plaintiff is entitled to take depositions to further advance her case by deposing the right parties/individuals.

b. **Numerosity Objections**[5]

Defendant essentially takes the position that, given the subparts of some of the interrogatories, Plaintiff has somehow exceeded the 25-interrogatory limit. Defendant is wrong.

The interrogatories in the First Set of Interrogatories were not discrete/differentiated sub-parts – they were interrelated and were simply seeking additional information concerning the

---

[4] "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." See 17 U.S.C. § 504(c)(2); see also Broadcast Music, Inc. v. Xanthas, Inc., 855 F.2d 233, 236 (5th Cir.1988) (noting that "willfully, in the context of § 504(c)(2), means that the defendant knows his actions constitute an infringement; the actions need not have been malicious."). If a defendant has a practice of infringing on other works, that will speak to willfulness and damages. See Stevens v. Aeonian Press, Inc., 2002 U.S. Dist. LEXIS 20189 (S.D.N.Y. Oct. 22, 2002) (the court awarded $480,000 in statutory damages, in addition to about $280,000 in plaintiff's costs and attorneys' fees, where the court found that "evidence at trial shows that Defendants have made a habit of reprinting works without permission from the copyright owners"); Lauratex Textile Corp. v. Allton Knitting Mills, Inc., 519 F. Supp. 730 (S.D.N.Y. 1981) (the court found willful infringement where the plaintiff presented evidence of previous copyright infringement cases against the defendant, demonstrating that "the business of encroaching upon others' copyrights is not unfamiliar to the defendant.").

[5] Defendant objected to the following discovery requests on the basis of numerosity: Interrogatories 18–24.

original question.[6] For example, Interrogatory No. 9 asks Defendant to "[d]escribe in detail" how certain photographs came to be published on Defendant's website and/or other social media pages owned by Defendant. The interrogatory contains three (3) sub-parts directing that the response should include an identification of the date such photograph was published, an identification of the person(s) who participated in the upload of the photo to the website, and an identification of the source from which the photograph was found. *All* of this is necessarily interrelated and is counted as a single interrogatory under governing law.

The above example constitutes a *single* interrogatory – a question is asked followed by clarifying sub-parts seeking detail(s) with respect to that question. The same is true for each interrogatory included in the First Set of Interrogatories. As a result, it cannot be said that the First Set of Interrogatories contains more than twenty-four (24) discrete interrogatories.

c. **Overbreadth Objection**[7]

Defendant's overbreadth objection is misplaced. Defendant objected to Interrogatory 6 because it believed that there was no time limit to the request (which was incorrect given Plaintiff's

---

[6] See, e.g., Kinsale Ins. Co. v. JDBC Holdings, Inc., No. 3:20-CV-8, 2021 U.S. Dist. LEXIS 75156, at *11 (N.D.W. Va. Apr. 20, 2021) ("A review of the interrogatories in question leads this Court to conclude that the requests do not contain discrete subparts; rather, the interrogatories generally ask a "yes" or "no" question, and if the answer is "yes" they require that certain additional details be provided in support of that answer. The sub parts appear to be directed at eliciting details concerning commonalities related to the initial questions posed in the interrogatories and, as such, this Court finds that defendant did not exceed the interrogatory limited under Fed. R. Civ. Pro. 33."); see also Gagnon v. Fla. 595 Travel Ctr. Corp., No. 15-62380-CIV-COHN/SELTZER, 2016 U.S. Dist. LEXIS 112214 (S.D. Fla. Aug. 23, 2016) ("[t]his Court has adopted the 'related questions test' to determine whether a subpart in an interrogatory should be considered 'discrete.'"); Perez v. Aircom Management Corp., Inc., 2012 U.S. Dist. LEXIS 136140, 2012 WL 6811079, at *1. (S.D. Fla. Sept. 24, 2012) (quoting Oliver v. City of Orlando, 2007 U.S. Dist. LEXIS 80552, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) ("If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)."); Id. ( "If 'the subparts are logically related to the information sought in the primary question' they should be counted as a single interrogatory.").

[7] Defendant objected to the following discovery request on the basis of overbreadth: Interrogatory 6.

instructions). Defendant further objected to the interrogatory as it claimed that it would be overbroad and burdensome to describe each and every license through December 12, 2022.

Although the Parties discussed that Defendant was not asked to produce every license Defendant has ever had during the meet and confer, Defendant's objection remains. The information sought in Interrogatory 6 is not overbroad nor unduly burdensome. This information speaks to Defendant's history/practice of licensing photography (which is relevant to a copyright infringement matter). Additionally, to the extent that Defendant has its licenses within its possession, custody, or control, transposing the existing information should not be overly burdensome.

### d. Reasonable Costs and Fees

Plaintiff further requests that the Court require Defendant, pursuant to Fed. R. Civ. P. 37(a)(5), to pay Plaintiff's reasonable expenses/fees incurred in making this Motion. Defendant's conduct in refusing to provide relevant information was not substantially justified.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) compelling Defendant to respond to Interrogatories 3–7, 18–24; (b) compelling Defendant to respond to Request for Production of Documents 3, 15–18, 21–22; (c) compelling Defendant to respond to Request for Admissions 2–3, 19–20, 22–27; (d) finding that Plaintiff is entitled to an award of attorneys' fees/costs in connection with bringing this Motion and directing Plaintiff to file an affidavit/declaration setting forth the amount of such fees/costs; and (e) for such further relief as the Court deems proper.

## LOCAL RULE 7.1(a)(2) CERTIFICATE

Prior to filing this Motion, undersigned counsel conferred with Defendant's counsel in an attempt to resolve this matter without Court intervention (as described herein).  The Parties were not able to resolve all their discovery disputes.

Dated: June 13, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
lauren@copycatlegal.com


By: /s/ Lauren Hausman_____
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947
    Daniel DeSouza, Esq.
    Florida Bar No.:  19291


## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Lauren Hausman
Lauren Hausman, Esq.