**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,

      Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES
INCORPORATED,

      Defendant.

_____

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III requests that defendant Island Villa Rental Properties Incorporated  answer the following interrogatories fully and separately, in writing and under oath, and deliver them to the offices of CopyCat Legal PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, within thirty (30) days of the date of service of these requests.

### DEFINITIONS

1.     "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including correspondence, conversations, dialogues, discussions, e-mails, interviews, meetings, consultants, agreements, and other understandings between or among two or more people.

2.     "Complaint" means the governing Complaint in the above-captioned action.

3.      "Concerning" or "Regarding" means relating to, referring to, describing, evidencing, mentioning, affecting, showing, reflecting, touching on, bearing on or constituting.

4.      "Document" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, e-mail, text message, computer data, sworn statement, deposition transcript, affidavit, recording, photograph, or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form maintained.   The term "Document" also includes all Communications and all Electronically Stored Information.

5.      "All Documents" means every document or group of documents or communication as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.      "Electronically Stored Information" refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof.   Electronically Stored Information includes (but is not limited to): e-mails; text messages; messages sent via messaging services/applications (such as WeChat, WhatsApp, Messenger, Facebook Messenger, etc.); word-processing documents; electronic spreadsheets; electronic presentation documents; image files; sound files; and material or information stored in a database, or accessible from a database.   Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

e-mail header information; history of who viewed an e-mail and when; and e-mail routing information.

7.      "Identify" means, when referring to a Person, to give, to the extent known, the Person's full name, job title, present or last known address and when referring to a natural Person, additionally, the present or last known place of employment.

8.      "Identify" means, when referring to any other information, to give a full, complete, forthright and correct account of whatever is the subject of the inquiry.

9.      "Including" shall mean including but not by way of limitation.

10.      "Lawsuit" means the above-captioned case, currently pending in the United States District Court for the Southern District of Florida.

11.      "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, or other business enterprise, governmental body, group of natural persons or other entity.

12.      "Blaine" refers to Blaine Harrington III and includes any agents, servants and other persons acting or purporting to act on Blaine's behalf.

13.      "Defendant" refers to defendant Island Villa Rental Properties Incorporated  and includes any agents, servants and other persons acting or purporting to act on Defendant's behalf.

14.      "Demand Letter" refers to December 12, 2022 letter (and any attachments thereto) sent to Defendant on behalf of Plaintiff.

15.      "Facebook     Page"     refers     to     the     Facebook     page     located     at https://www.facebook.com/IslandVillaRentals.

16.      "Instagram     Page"     refers     to     the     Instagram     page     located     at https://www.instagram.com/island_villa_properties/.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

17.     "Plaintiff" refers to plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III and includes any agents, servants and other persons acting or purporting to act on Plaintiff's behalf.

18.     "Website(s)" refers to any website (including any sub-pages thereof) owned and/or controlled by Defendant, including but not limited to the website(s) located at: https://islandvilla.com/.

19.     "Work" refers to the photograph referenced and identified at ¶ 10 of the First Amended Complaint.

20.     All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Complaint.

21.     All words in the present tense include the past, and all words in the past tense include the present tense.

22.     As used herein, the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter shall include each of the other genders.

## **INSTRUCTIONS**

1.     If any part of the following Interrogatories cannot be responded to in full, please respond to the extent possible, specifying the reason(s) for your inability to respond to the remainder and stating whatever information or knowledge you have concerning the portion to which you do not respond.

2.     The following Interrogatories are to be deemed continuing in nature. In the event you become aware of or acquire additional information relating or referring to any of the following Interrogatories, such additional information is to be promptly disclosed.

3.     The terms "each" and "all" shall be construed as both meaning each and all.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

4.      The connectives "<u>and</u>" and "<u>or</u>" are both conjunctive and disjunctive and shall be construed disjunctively or conjunctively as necessary to being within the scope of discovery all responses that might otherwise be construed as outside of its scope.

5.      Unless otherwise instructed, the date range for these requests shall be January 1, 2019 through the date your responses to these requests are served.

## <u>INTERROGATORIES</u>

1.      Please state the name, address and telephone number of any person preparing or aiding in the preparation of the answers to these Interrogatories.

2.      Identify each and every commercial use of the Work by Defendant and, if such use involves publishing or displaying the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant, identify each sub-page thereof on which the Work was published and/or displayed.

3.      Identify all websites and/or social media pages owned and/or controlled by Defendant (including any websites and/or social media pages Defendant has disabled, discontinued, and/or removed from public view).

4.      Identify each member, shareholder, director, and/or manager of Defendant and, for each such person, identify all business entities that such person is currently a member or shareholder.

5.      Describe the ownership structure of Defendant from December 12, 2022 through the date your responses to these requests are served, including but not limited to any sale of the assets and/or stock of Defendant and/or any change of ownership of Defendant.

6.      Prior to December 12, 2022, did Defendant license or purchase any photograph published and/or displayed on any page of the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant? If yes: (a) identify all persons or entities from

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

which Defendant purchased or licensed such photograph(s) and (b) identify the amount of any monies paid with respect to such purchases or licenses.

7.      Following December 12, 2022, did Defendant remove any photograph from public display on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant (other than the Work)? If yes, then for each such photograph that was removed: (a) identify the photograph; (b) identify the sub-page on the Website(s)/social media page such photograph previously appeared; and (c) describe in detail the reason(s) why such photograph was removed from public display.

8.      Identify each and every sub-page of the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant on which the Work was published and/or displayed.

9.      Describe in detail how it is that the Work came to be published and/or displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant.  Your response should include, but not be limited to: (a) an identification of the first date on which the Work was published or displayed thereon; (b) an identification of what person(s) participated in the publishing or display of the Work thereon; and (c) an identification and description of the source from which the Work was found.

10.     Do you contend that Defendant was authorized and/or licensed to display the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant?  If yes, describe in detail the factual basis for such contention.

11.     Has Defendant received any other notice of copyright infringement or letter alleging infringement with respect to any photograph?  If yes: (a) identify the date of such notice/letter; (b)

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

identify the person or entity from which such notice/letter was sent; and (c) describe the subject matter of such notice/letter.

12.    Prior to December 12, 2022, did Defendant license or purchase any photograph displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant? If yes: (a) identify all persons or entities from which Defendant purchased or licensed such photograph(s) and (b) identify the amount of any monies paid with respect to such purchases or licenses.

13.    Describe in detail all policies, procedures, terms, and/or conditions implemented by Defendant at the time the Work was published or displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant with respect to intellectual property and/or ensuring that photographs published or displayed on the Website(s), the Facebook Page, and/or any other social media page owned by Defendant were properly licensed.

14.    Describe in detail all factual support for Defendant's contention, set forth in its First Affirmative Defense, that "Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the applicable statute of limitations. 17 U.S.C. § 507(b)."

15.    Describe in detail all factual support for Defendant's contention, set forth in its Second Affirmative Defense, that "Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office. Alternatively, Harrington was willfully blind to the inaccuracy."

16.    Describe in detail all factual support for Defendant's contention, set forth in its Third Affirmative Defense, that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

17.     Describe in detail all factual support for Defendant's contention, set forth in its Fourth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection."

18.     Describe in detail all factual support for Defendant's contention, set forth in its Fifth Affirmative Defense, that "[b]ecause the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate."

19.     Describe in detail all factual support for Defendant's contention, set forth in its Sixth Affirmative Defense, that "Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces."

20.     Describe in detail all factual support for Defendant's contention, set forth in its Seventh Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites."

21.     Describe in detail all factual support for Defendant's contention, set forth in its Eighth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not use any elements that are protectable expression."

22.     Describe in detail all factual support for Defendant's contention, set forth in its Ninth Affirmative Defense, that "Plaintiff's calculated effort to initially license its images at market-rates

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief."

23.     Describe in detail all factual support for Defendant's contention, set forth in its Tenth Affirmative Defense, that "Plaintiff's equitable relief is barred by the doctrine of laches. … Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice."

24.     Describe in detail all factual support for Defendant's contention, set forth in its Eleventh Affirmative Defense, that "Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act."

Dated: February 6, 2024.              COPYCAT LEGAL PLLC
                                      3111 N. University Drive
                                      Suite 301
                                      Coral Springs, FL 33065
                                      Telephone: (877) 437-6228
                                      lauren@copycatlegal.com
                                      dan@copycatlegal.com

                                      By: /s/ Lauren Hausman _____ _____
                                           Lauren Hausman, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2024, I served the foregoing document via e-mail to:

Griffin Klema, Esq. (griffin@klemalaw.com).

                                      /s/ Lauren Hausman ____
                                      Lauren Hausman, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## <u>VERIFICATION</u>

I, _____, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.

_____
Affiant

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, under oath, this _____ day of _____, _____ by _____, who is personally known to me or has produced _____ as identification.

_____
NOTARY PUBLIC

_____
**Printed Name of Notary Public**

My Commission Expires:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 4:23-cv-10080-JEM**

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

      Plaintiff,

v.

Island Villa Rental Properties Inc.,

      Defendant.

---

**DEFENDANT'S RESPONSES TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, Island Villa Rental Properties Incorporated, pursuant to Fed. R. Civ. P. 33, responds to plaintiff Maureen Harrington's first set of interrogatories. These responses are timely provided within the date agreed upon by the parties in writing.

1. Please state the name, address and telephone number of any person preparing or aiding in the preparation of the answers to these Interrogatories.

   **Patti Stanley and Glade Krepper, with the assistance of counsel. Both can be contacted through counsel.**

2. Identify each and every commercial use of the Work by Defendant and, if such use involves publishing or displaying the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant, identify each sub-page thereof on which the Work was published and/or displayed.

   **Objection, form, argumentative as to "commercial use." The sole allegation in this suit concerns a *blog post thumbnail link*, as reflected in the exhibit to the complaint, [DE 1-2].**

3. Identify all websites and/or social media pages owned and/or controlled by Defendant (including any websites and/or social media pages Defendant has disabled, discontinued, and/or removed from public view).

   **Objection, relevance. This interrogatory is also not proportional to the needs of this case. The scope of discovery is framed by the pleadings, and the complaint alleges a single incident of copyright infringement.**

4. Identify each member, shareholder, director, and/or manager of Defendant and, for each such person, identify all business entities that such person is currently a member or shareholder.

   **Objection, relevance. This interrogatory is also not proportional to the needs of this case. The scope of discovery is framed by the pleadings, and the complaint alleges a single incident of copyright infringement against Island Villa. The identities of its members, shareholders, directors, and managers is not at issue in this case.**

5. Describe the ownership structure of Defendant from December 12, 2022 through the date your responses to these requests are served, including but not limited to any sale of the assets and/or stock of Defendant and/or any change of ownership of Defendant.

   **Objection, relevance. This interrogatory is also not proportional to the needs of this case. The scope of discovery is framed by the pleadings, and the complaint alleges a single incident of copyright infringement against Island Villa, and its "ownership structure" is not at issue in this case, nor would that information be reasonably calculated to lead to the discovery of admissible evidence.**

6. Prior to December 12, 2022, did Defendant license or purchase any photograph published and/or displayed on any page of the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant? If yes: (a) identify all persons or entities from which Defendant purchased or licensed such photograph(s) and (b) identify the amount of any monies paid with respect to such purchases or licenses.

   **Objection, overbroad. There is no limit to the time in this request other than before December 12, 2022. Island Villa has existed since October 2003, and therefore this interrogatory spans nearly two decades and is therefore overbroad. Furthermore, the interrogatory's subparts are overbroad as seeking details of each one of Island Villa's licenses, which far is beyond what is framed by the pleadings. Island Villa has a policy of licensing its marketing materials, instructs its staff accordingly, and does have licensing history for content—but this interrogatory is vastly overbroad and unduly burdensome to describe each and every license throughout its existence up until December 12, 2022.**

7. Following December 12, 2022, did Defendant remove any photograph from public display on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant (other than the Work)? If yes, then for each such photograph that was removed: (a) identify the photograph; (b) identify the sub-page on the Website(s)/social media page such photograph previously appeared; and (c) describe in detail the reason(s) why such photograph was removed from public display.

**Objection, relevance. Island Villa's online activities are not related to the discrete dispute in this action, and are not relevant to the allegations of the complaint. After Island Villa received plaintiff's letter demanding $30,000 in unsubstantiated damages for a stock photograph and threat of imminent litigation, it removed the subject image at issue in this suit from the one location where it was present.**

8. Identify each and every sub-page of the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant on which the Work was published and/or displayed.

**To Island Villa's knowledge, the only URL where the image appeared was as a blog post *thumbnail*, as alleged in the complaint.**

9. Describe in detail how it is that the Work came to be published and/or displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant. Your response should include, but not be limited to: (a) an identification of the first date on which the Work was published or displayed thereon; (b) an identification of what person(s) participated in the publishing or display of the Work thereon; and (c) an identification and description of the source from which the Work was found.

**Objection, this interrogatory assumes the subject image was present anywhere other than a single location. Based on information currently available, the image was possibly found by Megan Jones, online through a Google image search for creative commons licensed media (that is, free to use). That may have occurred in September 2018 when the blog post was published. Ms. Jones was, at the time, an employee of Island Villa Rental Properties, Inc., and used as the image for the blog post thumbnail. The post was reviewed by Glade Krepper before being published to the website, though it is unclear whether he would have seen or reviewed the thumbnail, as it was not part of the post itself. The pinpoint URL appears to show a date of July 2018, which would have been at a time when the website was still being developed by a third party marketing firm, Gordo Web Design, so it might be possible they found and uploaded the image to the site prior to the blog post date of publication. The image did not appear on the blog post itself or anywhere else other than as an image above the post's title that, when clicked on, would take a visitor to the blog post. Island Villa's investigation is ongoing.**

10. Do you contend that Defendant was authorized and/or licensed to display the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant? If yes, describe in detail the factual basis for such contention.

    **Yes, if the image was found using Google search for images that were licensed for creative commons use, meaning that Island Villa believed that the image was royalty-free and could be freely used as a blog post thumbnail. If it was provided by Gordo Web Design, then Island Villa would likewise believe it was authorized to have the image present on the website.**

11. Has Defendant received any other notice of copyright infringement or letter alleging infringement with respect to any photograph? If yes: (a) identify the date of such notice/letter; (b) identify the person or entity from which such notice/letter was sent; and (c) describe the subject matter of such notice/letter.

    **No, Island Villa has never been accused of copyright infringement except by Harrington.**

12. Prior to December 12, 2022, did Defendant license or purchase any photograph displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant? If yes: (a) identify all persons or entities from which Defendant purchased or licensed such photograph(s) and (b) identify the amount of any monies paid with respect to such purchases or licenses.

    **See response to Interrogatory No. 6, above.**

13. Describe in detail all policies, procedures, terms, and/or conditions implemented by Defendant at the time the Work was published or displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant with respect to intellectual property and/or ensuring that photographs published or displayed on the Website(s), the Facebook Page, and/or any other social media page owned by Defendant were properly licensed.

    **Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

14. Describe in detail all factual support for Defendant's contention, set forth in its First Affirmative Defense, that "Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the applicable statute of limitations. 17 U.S.C. § 507(b)."

    **Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

15. Describe in detail all factual support for Defendant's contention, set forth in its Second Affirmative Defense, that "Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office. Alternatively, Harrington was willfully blind to the inaccuracy."

   **Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

16. Describe in detail all factual support for Defendant's contention, set forth in its Third Affirmative Defense, that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

   **Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

17. Describe in detail all factual support for Defendant's contention, set forth in its Fourth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection."

   **Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

18. Describe in detail all factual support for Defendant's contention, set forth in its Fifth Affirmative Defense, that "[b]ecause the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate."

   **Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

19. Describe in detail all factual support for Defendant's contention, set forth in its Sixth Affirmative Defense, that "Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces."

   **Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

20. Describe in detail all factual support for Defendant's contention, set forth in its Seventh Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites."

**Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

21. Describe in detail all factual support for Defendant's contention, set forth in its Eighth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was de minimis, or did not use any elements that are protectable expression."

**Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

22. Describe in detail all factual support for Defendant's contention, set forth in its Ninth Affirmative Defense, that "Plaintiff's calculated effort to initially license its images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief."

**Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

23. Describe in detail all factual support for Defendant's contention, set forth in its Tenth Affirmative Defense, that "Plaintiff's equitable relief is barred by the doctrine of laches. … Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice."

**Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

24. Describe in detail all factual support for Defendant's contention, set forth in its Eleventh Affirmative Defense, that "Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act."

**Objection, this request exceeds "25 written interrogatories, including all discrete subparts" provided for by Rule 33.**

　　/s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381

Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*

## **<u>VERIFICATION</u>**

I, _____, hereby attest that the answers to the foregoing interrogatories are true and correct to the best of my knowledge and belief.


_____
Affiant


STATE OF _____   )
                                                          ) SS:
COUNTY OF _____   )

     The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this **____** day of _____ , 2025.

Personally Known To Me ☐
Produced Identification ☐
Type of Identification and No. **_____**


**_____**
(signature)

MY COMMISSION EXPIRES:


[seal]

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY I hereby certify that a true and correct copy of the foregoing

was served by email, pursuant to Fed. R. Civ. P. 5(b)(2) and Local Rules 5.1(e) and 5.2(a)

on May 2, 2025, on all counsel or parties of record on the Service List below.

                           __/s/ Griffin Klema_____
                           Griffin C. Klema, Esq.

### Service List

Daniel DeSouza, Esq.
Florida BarNo.: 19291
dan@copycatlegal.com
pleadings@copycatlegal.com
hali@copycatlegal.com
Lauren M. Hausman, Esq.
Florida Bar No.: 1035947
lauren@copycatlegal.com
**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
*Attorneys for Plaintiff*

Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*