**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,

      Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES
INCORPORATED,

      Defendant.

_____

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III requests that defendant Island Villa Rental Properties Incorporated produce the following documents and things to the offices of CopyCat Legal PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, within thirty (30) days of the date of service of these requests.

## DEFINITIONS

1.      "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including correspondence, conversations, dialogues, discussions, e-mails, interviews, meetings, consultants, agreements, and other understandings between or among two or more people.

2.      "Complaint" means the governing Complaint in the above-captioned action.

3.      "<u>Concerning</u>" or "<u>Regarding</u>" means relating to, referring to, describing, evidencing, mentioning, affecting, showing, reflecting, touching on, bearing on or constituting.

4.      "<u>Document</u>" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, e-mail, text message, computer data, sworn statement, deposition transcript, affidavit, recording, photograph, or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form maintained.   The term "<u>Document</u>" also includes all <u>Communications</u> and all <u>Electronically Stored Information</u>.

5.      "<u>All Documents</u>" means every document or group of documents or communication as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.      "<u>Electronically Stored Information</u>" refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof.   Electronically Stored Information includes (but is not limited to): e-mails; text messages; messages sent via messaging services/applications (such as WeChat, WhatsApp, Messenger, Facebook Messenger, etc.); word-processing documents; electronic spreadsheets; electronic presentation documents; image files; sound files; and material or information stored in a database, or accessible from a database.   Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

e-mail header information; history of who viewed an e-mail and when; and e-mail routing information.

7.      "<u>Identify</u>" means, when referring to a Person, to give, to the extent known, the Person's full name, job title, present or last known address and when referring to a natural Person, additionally, the present or last known place of employment.

8.      "<u>Identify</u>" means, when referring to any other information, to give a full, complete, forthright and correct account of whatever is the subject of the inquiry.

9.      "<u>Including</u>" shall mean including but not by way of limitation.

10.     "<u>Lawsuit</u>" means the above-captioned case, currently pending in the United States District Court for the Southern District of Florida.

11.     "<u>Person</u>" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, or other business enterprise, governmental body, group of natural persons or other entity.

12.     "<u>Blaine</u>" refers to Blaine Harrington III and includes any agents, servants and other persons acting or purporting to act on Blaine's behalf.

13.     "<u>Defendant</u>" refers to defendant Island Villa Rental Properties Inc. and includes any agents, servants and other persons acting or purporting to act on Defendant's behalf.

14.     "<u>Demand Letter</u>" refers to December 12, 2022 letter (and any attachments thereto) sent to Defendant on behalf of Plaintiff.

15.     "<u>Facebook      Page</u>"      refers      to      the      Facebook      page      located      at https://www.facebook.com/IslandVillaRentals.

16.     "Instagram      Page"      refers      to      the      Instagram      page      located      at https://www.instagram.com/island_villa_properties/.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

17.     "Plaintiff" refers to plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III and includes any agents, servants and other persons acting or purporting to act on Plaintiff's behalf.

18.     "Website(s)" refers to any website (including any sub-pages thereof) owned and/or controlled by Defendant, including but not limited to the website(s) located at: https://islandvilla.com/.

19.     "Work" refers to the photograph referenced and identified at ¶ 10 of the First Amended Complaint.

20.     All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Complaint.

21.     All words in the present tense include the past, and all words in the past tense include the present tense.

22.     As used herein, the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter shall include each of the other genders.

## **INSTRUCTIONS**

1.     Each Request should be responded to separately indicating that you will produce the documents or items requested.  If any of the requested documents cannot be produced in full, produce to the extent possible, specifying the reasons for the inability to produce the remainder.

2.     In producing these documents, you are required to furnish all documents known or available to you regardless of whether the documents are possessed: directly by you, or by your agents, employees, representatives, or investigators; or by your present or former attorneys or its agents, employees, representatives, or investigators; or by your affiliates, predecessors, corporations, partnerships or other legal entities controlled by or in any manner affiliated with you.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

3.      **Electronically Stored Information – Form of Production:**   Unless the parties agree otherwise, all Electronically Stored Information must be produced in its native form.  For example, this means that documents originally created as Microsoft Word files, Excel spreadsheets, and PowerPoint presentations must be produced as .doc, .xls, and .ppt (or successor file types) electronic files, respectively, without redaction of metadata.  Similarly, e-mails must be produced in .msg, .pst, .eml or .nsf file formats.  E-mails shall be produced so that the full header is accessible and readable.  **For the avoidance of doubt, no Electronically Stored Information shall be produced in paper, .tif, .pdf, and/or other similar non-native format without prior written consent from undersigned counsel**.

4.      If Electronically Stored Information is not reasonably useable in its native form, then all software, instructions, or tools necessary to make the information reasonably useable must also be provided or identified.  To the extent that identical information is available in multiple forms of Electronically Stored Information, you need only produce the Electronically Stored Information in one native form.

5.      Unless otherwise instructed, the date range for these requests shall be January 1, 2019 through the date your responses to these requests are served.

## REQUESTS FOR PRODUCTION

1.      All communications (other than with your counsel) concerning or referring to the Work, this Lawsuit, the Demand Letter, Blaine, and/or Plaintiff.

2.      All communications (other than with your counsel), from December 12, 2022 through the present, concerning or referring to whether any of the photographs published to and/or displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant were properly licensed and/or purchased.

3.      All communications, from September 19, 2023 – October 24, 2023, referring to the Lawsuit and/or the retention of counsel to represent Defendant in the Lawsuit.

4.      Documents sufficient to identify the date(s) on which the Work was published or displayed to the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant.

5.      Documents sufficient to identify all sub-pages of the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant on which the Work was published or displayed.

6.      A native copy of the Work as it was published or displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

7.      A copy of any insurance policy under which any coverage for representation or payment of a judgment in this lawsuit may be provided.

8.      All copies of the Work within Defendant's possession, custody, or control.

9.      Documents sufficient to identify all marketing, advertising, or other displays of the Work by Defendant.

10.     All documents within which the Work was published and/or displayed, including a copy of the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant that displayed a copy of the Work.

11.     Documents sufficient to identify all revenue and/or income generated from Defendant's use, publication, and/or display of the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

12.     Documents sufficient to identify the person(s) who published or caused the display of the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

13.     All documents and communications evidencing or supporting the notion that Defendant was licensed to use or display the Work in any manner.

14.     Documents sufficient to identify the source from which Defendant obtained a copy of the Work.

15.     For calendar year 2020, copies of at least five (5) license agreements, receipts, or any other document (irrespective of the date thereof) that were received by Defendant and which relate to any photograph that was published and/or displayed by Defendant during such calendar year.  If you have less than five (5) of such documents, please produce all such documents.

16.     For calendar year 2021, copies of at least five (5) license agreements, receipts, or any other document (irrespective of the date thereof) that were received by Defendant and which relate to any photograph that was published and/or displayed by Defendant during such calendar year.  If you have less than five (5) of such documents, please produce all such documents.

17.     For calendar year 2022, copies of at least five (5) license agreements, receipts, or any other document (irrespective of the date thereof) that were received by Defendant and which relate to any photograph that was published and/or displayed by Defendant during such calendar year.  If you have less than five (5) of such documents, please produce all such documents.

18.     For calendar year 2023, copies of at least five (5) license agreements, receipts, or any other document (irrespective of the date thereof) that were received by Defendant and which relate to any photograph that was published and/or displayed by Defendant during such calendar year.  If you have less than five (5) of such documents, please produce all such documents.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

19.     State and federal tax returns filed by Defendant and any attendant forms and filings, which contain information which may establish the total sales, taxable income, expenses, deductions, and distributions of Defendant's business for the years 2020, 2021, and 2022, 2023.

20.     Documents provided to any individual or entity that prepared Defendant's tax returns for the years 2020, 2021, and 2022, 2023.

21.     Documents evidencing any sale of the assets and/or stock of Defendant and/or any change of ownership of Defendant, such as, but not limited to, any purchase agreement evidencing such.

22.     From December 12, 2022 through the present, if you have removed any photographs from public display on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant (other than the Work), please produce a copy of any such photograph.

23.     Other than the Demand Letter, copies of any other notice of copyright infringement and/or letter alleging infringement of any photograph that was received by Defendant.

24.     All contracts/agreements with and/or invoices issued by any third-party responsible for publishing or causing the display of the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

25.     All communications with any third-party responsible for publishing or causing the display of the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

26.     All documents and communications (other than with your counsel) evidencing the factual basis for your First Affirmative Defense, that "Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the applicable statute of limitations. 17 U.S.C. § 507(b)."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

27.     All documents and communications (other than with your counsel) evidencing the factual basis for your Second Affirmative Defense, that "Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office. Alternatively, Harrington was willfully blind to the inaccuracy."

28.     All documents and communications (other than with your counsel) evidencing the factual basis for your Third Affirmative Defense, that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

29.     All documents and communications (other than with your counsel) evidencing the factual basis for your Fourth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection."

30.     All documents and communications (other than with your counsel) evidencing the factual basis for your Fifth Affirmative Defense, that "[b]ecause the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate."

31.     All documents and communications (other than with your counsel) evidencing the factual basis for your Sixth Affirmative Defense, that "Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces."

32.     All documents and communications (other than with your counsel) evidencing the factual basis for your Seventh Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites."

33.     All documents and communications (other than with your counsel) evidencing the factual basis for your Eighth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not use any elements that are protectable expression."

34.     All documents and communications (other than with your counsel) evidencing the factual basis for your Ninth Affirmative Defense, that "Plaintiff's calculated effort to initially license its images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief."

35.     All documents and communications (other than with your counsel) evidencing the factual basis for your Tenth Affirmative Defense, that "Plaintiff's equitable relief is barred by the doctrine of laches. … Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice."

36.     All documents and communications (other than with your counsel) evidencing the factual basis for your Eleventh Affirmative Defense, that "Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act."


  Dated: February 6, 2024.                    COPYCAT LEGAL PLLC
                                              3111 N. University Drive
                                              Suite 301
                                              Coral Springs, FL 33065
                                              Telephone: (877) 437-6228
                                              lauren@copycatlegal.com
                                              dan@copycatlegal.com

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

By: /s/ Lauren Hausman _____ ____
Lauren Hausman, Esq.


## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 6, 2024, I served the foregoing document via e-mail to:

Griffin Klema, Esq. ([griffin@klemalaw.com](mailto:griffin@klemalaw.com)).


/s/ Lauren Hausman ____

Lauren Hausman, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 4:23-cv-10080-JEM**

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

       Plaintiff,

v.

Island Villa Rental Properties Inc.,

       Defendant.

---

**DEFENDANT'S RESPONSES TO**
**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

    Defendant, Island Villa Rental Properties Incorporated, pursuant to Fed. R. Civ. P. 34, responds to plaintiff Maureen Harrington's first request for production. These responses are timely provided within the date agreed upon by the parties in writing.

1. All communications (other than with your counsel) concerning or referring to the Work, this Lawsuit, the Demand Letter, Blaine, and/or Plaintiff.

   **Objection, work product privilege respecting communications on and after December 12, 2022, the date when Harrington sent the demand letter to Island Villa threatening suit within two weeks unless it paid $30,000 for the presence of a blog post thumbnail image, and including a draft complaint ("if we do not hear from you within the foregoing period of time, we will have no choice but to file the enclosed lawsuit"). Bd. of Trs. of Leland Stanford Jr. Univ. v. Coulter Corp., 118 F.R.D. 532 (S.D. Fla. 1987). Prior to that date, none.**

2. All communications (other than with your counsel), from December 12, 2022 through the present, concerning or referring to whether any of the photographs published to and/or displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant were properly licensed and/or purchased.

   **Objection, relevance. This action concerns a single claim of infringement for a blog post thumbnail, and Island Villa's other media is not relevant to Harrington's claim. Nor is this request proportional to the needs of this case given the market value of online use of an image is $10. The request is also overbroad and ongoing, falling outside the relevant timeframe for evidence relevant to Harrington's claim. It also invades the work product doctrine respecting communications on and after December 12, 2022, the date when Harrington sent the demand letter to Island Villa threatening suit within two weeks unless it paid $30,000 for the presence of a blog post thumbnail image, and including a draft complaint ("if we do not hear from you within the foregoing period of time, we will have no choice but to file the enclosed lawsuit"). Bd. of Trs. of Leland Stanford Jr. Univ. v. Coulter Corp., 118 F.R.D. 532 (S.D. Fla. 1987).**

3. All communications, from September 19, 2023 – October 24, 2023, referring to the Lawsuit and/or the retention of counsel to represent Defendant in the Lawsuit.

   **Objection, attorney-client privilege. The request also invades the work product doctrine respecting communications on and after December 12, 2022, the date when Harrington sent the demand letter to Island Villa threatening suit within two weeks unless it paid $30,000 for the presence of a blog post thumbnail image, and including a draft complaint ("if we do not hear from you within the foregoing period of time, we will have no choice but to file the enclosed lawsuit"). Bd. of Trs. of Leland Stanford Jr. Univ. v. Coulter Corp., 118 F.R.D. 532 (S.D. Fla. 1987).**

4. Documents sufficient to identify the date(s) on which the Work was published or displayed to the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant.

   **Produced.**

5. Documents sufficient to identify all sub-pages of the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant on which the Work was published or displayed.

   **Island Villa is not in possession, custody, or control of any documents responsive to this request.**

6. A native copy of the Work as it was published or displayed on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

   **Island Villa is not in possession, custody, or control of any documents responsive to this request, as the image was deleted from Island Villa's website on December 12, 2022, consistent with and on the date the threatening demand in Harrington's letter was received.**

7. A copy of any insurance policy under which any coverage for representation or payment of a judgment in this lawsuit may be provided.

   **The relevant policy has been requested, but not yet received. It will be provided once received from the carrier.**

8. All copies of the Work within Defendant's possession, custody, or control.

   **Island Villa is not in possession, custody, or control of any documents responsive to this request, as the image was deleted from Island Villa's website on December 12, 2022, consistent with and on the date the threatening demand in Harrington's letter was received.**

9. Documents sufficient to identify all marketing, advertising, or other displays of the Work by Defendant.

   **Objection, argumentative as to "marketing, advertising." None, as the blog post was deleted from Island Villa's website on December 12, 2022, consistent with and on the date the threatening demand in Harrington's letter was received.**

10. All documents within which the Work was published and/or displayed, including a copy of the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant that displayed a copy of the Work.

    **Island Villa is not in possession, custody, or control of any documents responsive to this request, as the blog post was deleted from Island Villa's website on December 12, 2022, consistent with and on the date the threatening demand in Harrington's letter was received.**

11. Documents sufficient to identify all revenue and/or income generated from Defendant's use, publication, and/or display of the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

    **Island Villa is not in possession, custody, or control of any documents responsive to this request.**

12. Documents sufficient to identify the person(s) who published or caused the display of the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

**Objection, unduly burdensome, as Island Villa has identified the persons it believes were involved in its interrogatory responses.**

13. All documents and communications evidencing or supporting the notion that Defendant was licensed to use or display the Work in any manner.

**Island Villa is not in possession, custody, or control of any documents responsive to this request.**

14. Documents sufficient to identify the source from which Defendant obtained a copy of the Work.

**Island Villa is not in possession, custody, or control of any documents responsive to this request.**

15. For calendar year 2020, copies of at least five (5) license agreements, receipts, or any other document (irrespective of the date thereof) that were received by Defendant and which relate to any photograph that was published and/or displayed by Defendant during such calendar year. If you have less than five (5) of such documents, please produce all such documents.

**Objection, relevance. This action concerns a single claim of alleged infringement for a blog post thumbnail, and Island Villa's other licensing of media is not relevant to Harrington's claim. Nor is this request proportional to the needs of this case given the market value of online use of an image is $10.**

16. For calendar year 2021, copies of at least five (5) license agreements, receipts, or any other document (irrespective of the date thereof) that were received by Defendant and which relate to any photograph that was published and/or displayed by Defendant during such calendar year. If you have less than five (5) of such documents, please produce all such documents.

**Objection, relevance. This action concerns a single claim of alleged infringement for a blog post thumbnail, and Island Villa's other licensing of media is not relevant to Harrington's claim. Nor is this request proportional to the needs of this case given the market value of online use of an image is $10.**

17. For calendar year 2022, copies of at least five (5) license agreements, receipts, or any other document (irrespective of the date thereof) that were received by Defendant and which relate to any photograph that was published and/or displayed by Defendant during such calendar year. If you have less than five (5) of such documents, please produce all such documents.

   **Objection, relevance. This action concerns a single claim of alleged infringement for a blog post thumbnail, and Island Villa's other licensing of media is not relevant to Harrington's claim. Nor is this request proportional to the needs of this case given the market value of online use of an image is $10.**

18. For calendar year 2023, copies of at least five (5) license agreements, receipts, or any other document (irrespective of the date thereof) that were received by Defendant and which relate to any photograph that was published and/or displayed by Defendant during such calendar year. If you have less than five (5) of such documents, please produce all such documents.

   **Objection, relevance. This action concerns a single claim of alleged infringement for a blog post thumbnail, and Island Villa's other licensing of media is not relevant to Harrington's claim. Nor is this request proportional to the needs of this case given the market value of online use of an image is $10.**

19. State and federal tax returns filed by Defendant and any attendant forms and filings, which contain information which may establish the total sales, taxable income, expenses, deductions, and distributions of Defendant's business for the years 2020, 2021, and 2022, 2023.

   **Objection, relevance. Plaintiff has not established, let alone alleged, a causal link between the appearance of a singular thumbnail image (among many images) on a buried and Island Villa's gross revenue. Thornton v. J Jargon Co., 580 F.Supp.2d 1261 (M.D. Fla. 2008) (the "plaintiff must show that the _infringement itself_—that is, the use of the plaintiff's work—was causally linked to the gross revenue claimed") (emphasis in original); cf. Jordan v. Time Inc., 111 F.3d 102, 104 n.2 (profits must be "_directly_ attributable" to the infringement) (emphasis supplied); see also Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1170-71 (1st Cir. 1994) (a plaintiff must "first establish that the infringement was the cause-in-fact of its loss by showing with reasonable probability that, but for the defendant's infringement, the plaintiff would not have suffered the loss") Thoroughbred Software Int'l, Inc. v. Dice Corp., 488 F.3d 352, 358 (6th Cir. 2007) (a plaintiff mut prove a "causal connection between the alleged infringement and some loss of anticipated revenue"); Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004) ("a causal link between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and profits").**

20. Documents provided to any individual or entity that prepared Defendant's tax returns for the years 2020, 2021, and 2022, 2023.

    **Objection, relevance. Plaintiff has not established, let alone alleged, a causal link between the appearance of a singular thumbnail image (among many images) on a buried and Island Villa's gross revenue. Thornton v. J Jargon Co., 580 F.Supp.2d 1261 (M.D. Fla. 2008) (the "plaintiff must show that the *infringement itself*—that is, the use of the plaintiff's work—was causally linked to the gross revenue claimed") (emphasis in original); cf. Jordan v. Time Inc., 111 F.3d 102, 104 n.2 (profits must be "*directly* attributable" to the infringement) (emphasis supplied); see also Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1170-71 (1st Cir. 1994) (a plaintiff must "first establish that the infringement was the cause-in-fact of its loss by showing with reasonable probability that, but for the defendant's infringement, the plaintiff would not have suffered the loss") Thoroughbred Software Int'l, Inc. v. Dice Corp., 488 F.3d 352, 358 (6th Cir. 2007) (a plaintiff mut prove a "causal connection between the alleged infringement and some loss of anticipated revenue"); Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004) ("a causal link between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and profits").**

21. Documents evidencing any sale of the assets and/or stock of Defendant and/or any change of ownership of Defendant, such as, but not limited to, any purchase agreement evidencing such.

    **Objection, relevance.**

22. From December 12, 2022 through the present, if you have removed any photographs from public display on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant (other than the Work), please produce a copy of any such photograph.

    **Objection, relevance.**

23. Other than the Demand Letter, copies of any other notice of copyright infringement and/or letter alleging infringement of any photograph that was received by Defendant.

    **Island Villa is not in possession, custody, or control of any documents responsive to this request.**

24. All contracts/agreements with and/or invoices issued by any third-party responsible for publishing or causing the display of the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

    **Island Villa is not in possession, custody, or control of any documents responsive to this request.**

25. All communications with any third-party responsible for publishing or causing the display of the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

    **Island Villa is not in possession, custody, or control of any documents responsive to this request.**

26. All documents and communications (other than with your counsel) evidencing the factual basis for your First Affirmative Defense, that "Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the applicable statute of limitations. 17 U.S.C. § 507(b)."

    **Produced.**

27. All documents and communications (other than with your counsel) evidencing the factual basis for your Second Affirmative Defense, that "Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office. Alternatively, Harrington was willfully blind to the inaccuracy."

    **Produced.**

28. All documents and communications (other than with your counsel) evidencing the factual basis for your Third Affirmative Defense, that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

    **Produced.**

29. All documents and communications (other than with your counsel) evidencing the factual basis for your Fourth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection."

    **None, but discovery is ongoing and Island Villa anticipates documents will be discovered to buttress and prove the facts supporting the defense.**

30. All documents and communications (other than with your counsel) evidencing the factual basis for your Fifth Affirmative Defense, that "[b]ecause the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate."

    **Produced.**

31. All documents and communications (other than with your counsel) evidencing the factual basis for your Sixth Affirmative Defense, that "Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces."

    **Produced.**

32. All documents and communications (other than with your counsel) evidencing the factual basis for your Seventh Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites."

    **Produced.**

33. All documents and communications (other than with your counsel) evidencing the factual basis for your Eighth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was de minimis, or did not use any elements that are protectable expression."

    **Produced.**

34. All documents and communications (other than with your counsel) evidencing the factual basis for your Ninth Affirmative Defense, that "Plaintiff's calculated effort to initially license its images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief."

    **None, but discovery is ongoing and Island Villa anticipates documents will be discovered to buttress and prove the facts supporting the defense.**

35. All documents and communications (other than with your counsel) evidencing the factual basis for your Tenth Affirmative Defense, that "Plaintiff's equitable relief is barred by the doctrine of laches. … Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice."

    **Produced.**

36. All documents and communications (other than with your counsel) evidencing the factual basis for your Eleventh Affirmative Defense, that "Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act."

**Produced.**

      \_\_/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY I hereby certify that a true and correct copy of the foregoing was served by email, pursuant to Fed. R. Civ. P. 5(b)(2) and Local Rules 5.1(e) and 5.2(a) on May 9, 2025, on all counsel or parties of record on the Service List below.

      \_\_/s/ Griffin Klema_____
Griffin C. Klema, Esq.

## Service List

Daniel DeSouza, Esq.
Florida BarNo.: 19291
dan@copycatlegal.com
pleadings@copycatlegal.com
hali@copycatlegal.com
Lauren M. Hausman, Esq.
Florida Bar No.: 1035947
lauren@copycatlegal.com
**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228

*Attorneys for Plaintiff*

Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*