**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:23-cv-10080-JEM

MAUREEN HARRINGTON, as personal
representative for the estate of BLAINE
HARRINGTON III,

      Plaintiff,

v.

ISLAND VILLA RENTAL PROPERTIES
INCORPORATED,

      Defendant.

_____

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III requests that defendant Island Villa Rental Properties Incorporated admit or deny the following matters and deliver them to the offices of CopyCat Legal PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, within thirty (30) days of the date of service of these requests.

## DEFINITIONS

1.     "Communication" means any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever made, including correspondence, conversations, dialogues, discussions, e-mails, interviews, meetings, consultants, agreements, and other understandings between or among two or more people.

2.     "Complaint" means the governing Complaint in the above-captioned action.

3.     "Concerning" or "Regarding" means relating to, referring to, describing, evidencing, mentioning, affecting, showing, reflecting, touching on, bearing on or constituting.

4.      "Document" is used in the broadest sense permitted under the Federal Rules of Civil Procedure and includes, but is not limited to, all originals, non-identical copies and copies with marginal notations or interlineations of any writing, e-mail, text message, computer data, sworn statement, deposition transcript, affidavit, recording, photograph, or other item containing information of any kind or nature, however produced or reproduced, whatever its origin or location, and regardless of the form maintained.   The term "Document" also includes all Communications and all Electronically Stored Information.

5.      "All Documents" means every document or group of documents or communication as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.      "Electronically Stored Information" refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof.   Electronically Stored Information includes (but is not limited to): e-mails; text messages; messages sent via messaging services/applications (such as WeChat, WhatsApp, Messenger, Facebook Messenger, etc.); word-processing documents; electronic spreadsheets; electronic presentation documents; image files; sound files; and material or information stored in a database, or accessible from a database.   Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

7.      "<u>Identify</u>" means, when referring to a Person, to give, to the extent known, the Person's full name, job title, present or last known address and when referring to a natural Person, additionally, the present or last known place of employment.

8.      "<u>Identify</u>" means, when referring to any other information, to give a full, complete, forthright and correct account of whatever is the subject of the inquiry.

9.      "<u>Including</u>" shall mean including but not by way of limitation.

10.     "<u>Lawsuit</u>" means the above-captioned case, currently pending in the United States District Court for the Southern District of Florida.

11.     "<u>Person</u>" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, or other business enterprise, governmental body, group of natural persons or other entity.

12.     "Blaine" refers to Blaine Harrington III and includes any agents, servants and other persons acting or purporting to act on Blaine's behalf.

13.     "<u>Defendant</u>" refers to defendant Island Villa Rental Properties Inc. and includes any agents, servants and other persons acting or purporting to act on Defendant's behalf.

14.     "<u>Demand Letter</u>" refers to December 12, 2022 letter (and any attachments thereto) sent to Defendant on behalf of Plaintiff.

15.     "<u>Facebook     Page</u>"     refers     to     the     Facebook     page     located     at https://www.facebook.com/IslandVillaRentals.

16.     "<u>Instagram     Page</u>"     refers     to     the     Instagram     page     located     at https://www.instagram.com/island_villa_properties/.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

17.     "<u>Plaintiff</u>" refers to plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III and includes any agents, servants and other persons acting or purporting to act on Plaintiff's behalf.

18.     "<u>Website(s)</u>" refers to any website (including any sub-pages thereof) owned and/or controlled by Defendant, including but not limited to the website(s) located at: https://islandvilla.com/.

19.     "<u>Work</u>" refers to the photograph referenced and identified at ¶ 10 of the First Amended Complaint.

20.     All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Complaint.

21.     All words in the present tense include the past, and all words in the past tense include the present tense.

22.     As used herein, the singular shall include the plural, the plural shall include the singular, and masculine, feminine, and neuter shall include each of the other genders.

## <u>INSTRUCTIONS</u>

1.     Unless otherwise instructed, the date range for these requests shall be January 1, 2019 through the date your responses to these requests are served.

## <u>REQUESTS FOR ADMISSIONS</u>

1.     Admit that the Website(s) are owned by Defendant.

2.     Admit that the Facebook Page is owned and/or controlled by Defendant.

3.     Admit that the Instagram Page is owned and/or controlled by Defendant.

4.     Admit that, from at least January 1, 2023 – August 14, 2023, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

5. Admit that, from at least January 1, 2022 – December 31, 2022, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

6. Admit that, from at least January 1, 2021 – December 31, 2021, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

7.  Admit that, from at least January 1, 2020 – December 31, 2020, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

8. Admit that, from at least January 1, 2019 – December 31, 2019, the Work was published and/or displayed on the Facebook Page in such manner that it was viewable to the public at large.

9. Admit that, from at least July 1, 2018 – December 31, 2018, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

10. Admit that Defendant caused the Work to be displayed on its Website(s).

11. Admit that Defendant published and/or displayed the Work on the Website(s).

12. Admit that Defendant caused the Work to be displayed on the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant.

13. Admit that Defendant published and/or displayed the Work on the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant.

14. Admit that the Website(s) is/are utilized to market and/or advertise Defendant's business.

15. Admit that Defendant has never been licensed to use or display the Work.

16. Admit that, to Defendant's knowledge, no person or entity has ever been licensed to use or display the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

17. Admit that Defendant located a copy of the Work on the internet and downloaded such copy for use on the Website(s).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

18.     Admit that Defendant does not know what specific website it originally found the Work on.

19.     Admit that, after receipt of the Demand Letter, Defendant removed at least five (5) photographs (other than the Work) from public display on the Website, the Facebook Page, and/or any other social media page controlled by Defendant.

20.     Admit that, after receipt of the Demand Letter, Defendant removed at least ten (10) photographs (other than the Work) from public display on the Website, the Facebook Page, and/or any other social media page controlled by Defendant.

21.     Admit that, as of December 12, 2022, Defendant had never paid to license or display any photograph on the Website(s), the Facebook Page, and/or any other social media page owned by Defendant.

22.     Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://islandvilla.com/:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

23.     Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://islandvilla.com/:



24.     Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following   photograph,   currently   displayed   at   https://islandvilla.com/florida-keys-and-travel-news/:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



25.    Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://www.facebook.com/photo/?fbid=1420275307994233&set=a.303816311754020:



26.     Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://www.facebook.com/IslandVillaRentals/photos/pb.100063769594171.-2207520000/3994376547250750/?type=3:



27.     Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did

not pay for a license or subscription and did not otherwise obtain permission) to use or display the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

following                photograph,                currently                displayed                at

https://www.facebook.com/IslandVillaRentals/photos/pb.100063769594171.-
2207520000/1416938001661297/?type=3:



28.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit,
Defendant was not aware of any facts evidencing or supporting the factual basis for your First
Affirmative Defense, that "Plaintiff's claim for copyright infringement damages and other legal
relief is completely barred by the applicable statute of limitations. 17 U.S.C. § 507(b)."

29.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit,
Defendant was not in possession of any documents evidencing or supporting the factual basis for
your First Affirmative Defense, that "Plaintiff's claim for copyright infringement damages and
other legal relief is completely barred by the applicable statute of limitations. 17 U.S.C. § 507(b)."

30.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit,
Defendant was not aware of any facts evidencing or supporting the factual basis for your Second

Affirmative Defense, that "Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office. Alternatively, Harrington was willfully blind to the inaccuracy."

31.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Second Affirmative Defense, that "Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office. Alternatively, Harrington was willfully blind to the inaccuracy."

32.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Third Affirmative Defense, that Defendant was not aware of any facts evidencing or supporting that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

33.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Third Affirmative Defense, that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

34.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Fourth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

35.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Fourth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection."

36.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Fifth Affirmative Defense, that "[b]ecause the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate."

37.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Fifth Affirmative Defense, that "[b]ecause the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate."

38.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Sixth Affirmative Defense, that "Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces."

39.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

your Sixth Affirmative Defense, that "Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces."

40.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Seventh Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites."

41.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Seventh Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites."

42.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Eighth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not use any elements that are protectable expression."

43.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Eighth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not use any elements that are protectable expression."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

44.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Ninth Affirmative Defense, that "Plaintiff's calculated effort to initially license its images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief."

45.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Ninth Affirmative Defense, that "Plaintiff's calculated effort to initially license its images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief."

46.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Tenth Affirmative Defense, that "Plaintiff's equitable relief is barred by the doctrine of laches. … Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice."

47.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Tenth Affirmative Defense, that "Plaintiff's equitable relief is barred by the doctrine of laches. … Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice."

48.     Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Eleventh

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Affirmative Defense, that "Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act."

49.    Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Eleventh Affirmative Defense, that "Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act."

Dated: February 6, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
lauren@copycatlegal.com
dan@copycatlegal.com

By: /s/ Lauren Hausman
       Lauren Hausman, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, I served the foregoing document via e-mail to: Griffin Klema, Esq. (griffin@klemalaw.com).

/s/ Lauren Hausman
Lauren Hausman, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 4:23-cv-10080-JEM**

MAUREEN HARRINGTON,
as personal representative for the
Estate of BLAINE HARRINGTON III,

      Plaintiff,

v.

Island Villa Rental Properties Inc.,

      Defendant.

---

**DEFENDANT'S RESPONSES TO**
**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

      Defendant, Island Villa Rental Properties Incorporated, pursuant to Fed. R. Civ. P. 36, responds to plaintiff Maureen Harrington's first request for admissions. These responses are timely provided within the date agreed upon by the parties in writing.

1. Admit that the Website(s) are owned by Defendant.

   **Island Villa objects to the definition of "Website(s)" because it is open-ended, non-specific, and therefore vague. It presently owns the domain islandvilla.com.**

2. Admit that the Facebook Page is owned and/or controlled by Defendant.

   **Objection, relevance. Denied as to "owned". Objection as to "controlled by" as this request does not specify a timeframe.**

3. Admit that the Instagram Page is owned and/or controlled by Defendant.

   **Objection, relevance. Denied as to "owned". Objection as to "controlled by" as this request does not specify a timeframe.**

4. Admit that, from at least January 1, 2023 – August 14, 2023, the Work was

published and/or displayed on the Website in such manner that it was viewable to the public at large.

**Objection, "Website" is not defined. Island Villa objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague. Objection, vague as to "in such a manner."**

5. Admit that, from at least January 1, 2022 – December 31, 2022, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

   **Objection, "Website" is not defined. Island Villa objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague. Objection, vague as to "in such a manner."**

6. Admit that, from at least January 1, 2021 – December 31, 2021, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

   **Objection, "Website" is not defined. Island Villa objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague. Objection, vague as to "in such a manner."**

7. Admit that, from at least January 1, 2020 – December 31, 2020, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

   **Objection, "Website" is not defined. Island Villa objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague. Objection, vague as to "in such a manner."**

8. Admit that, from at least January 1, 2019 – December 31, 2019, the Work was published and/or displayed on the Facebook Page in such manner that it was viewable to the public at large.

   **Denied.**

9. Admit that, from at least July 1, 2018 – December 31, 2018, the Work was published and/or displayed on the Website in such manner that it was viewable to the public at large.

   **Objection, "Website" is not defined. Island Villa objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague. Objection, vague as to "in such a manner."**

10. Admit that Defendant caused the Work to be displayed on its Website(s).

**Denied. Island Villa further objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague.**

11. Admit that Defendant published and/or displayed the Work on the Website(s).

   **Denied. Island Villa further objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague.**

12. Admit that Defendant caused the Work to be displayed on the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant.

   **Denied.**

13. Admit that Defendant published and/or displayed the Work on the Facebook Page, the Instagram Page, and/or any other social media page owned by Defendant.

   **Denied.**

14. Admit that the Website(s) is/are utilized to market and/or advertise Defendant's business.

   **Island Villa objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague.**

15. Admit that Defendant has never been licensed to use or display the Work.

   **Denied.**

16. Admit that, to Defendant's knowledge, no person or entity has ever been licensed to use or display the Work on the Website(s), the Facebook Page, the Instagram Page, and/or any other social media page controlled by Defendant.

   **Denied. Island Villa objects to the definition of "Website(s)" (plural) because it is open-ended, non-specific, and therefore vague.**

17. Admit that Defendant located a copy of the Work on the internet and downloaded such copy for use on the Website(s).

   **Based on information reasonably available to it, Island Villa believes the subject image was located through a Google search result for images that could be freely used.**

18. Admit that Defendant does not know what specific website it originally found the Work on.

   **Denied. Based on information reasonably available to it, Island Villa believes the subject image was located through a Google search result for images that could be freely used.**

19. Admit that, after receipt of the Demand Letter, Defendant removed at least five (5) photographs (other than the Work) from public display on the Website, the Facebook Page, and/or any other social media page controlled by Defendant.

   **Objection, relevance. Objection, "Website" is not defined. Objection, vague as to "any other social media page."**

20. Admit that, after receipt of the Demand Letter, Defendant removed at least ten (10) photographs (other than the Work) from public display on the Website, the Facebook Page, and/or any other social media page controlled by Defendant.

   **Objection, relevance. Objection, "Website" is not defined. Objection, vague as to "any other social media page."**

21. Admit that, as of December 12, 2022, Defendant had never paid to license or display any photograph on the Website(s), the Facebook Page, and/or any other social media page owned by Defendant.

   **Denied.**

22. Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://islandvilla.com/:

   **Objection, relevance.**

23. Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://islandvilla.com/:

   **Objection, relevance.**

24. Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://islandvilla.com/florida-keys-and-travel-news/:

   **Objection, relevance.**

25. Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://www.facebook.com/photo/?fbid=1420275307994233&set=a.303816311754020:

   **Objection, relevance.**

26. Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://www.facebook.com/IslandVillaRentals/photos/pb.100063769594171.-2207520000/3994376547250750/?type=3:

   **Objection, relevance.**

27. Admit that, prior to the date of these requests, Defendant was not licensed (i.e., did not pay for a license or subscription and did not otherwise obtain permission) to use or display the following photograph, currently displayed at https://www.facebook.com/IslandVillaRentals/photos/pb.100063769594171.-2207520000/1416938001661297/?type=3:

   **Objection, relevance.**

28. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your First Affirmative Defense, that "Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the applicable statute of limitations. 17 U.S.C. § 507(b)."

   **Denied.**

29. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your First Affirmative Defense, that "Plaintiff's claim for copyright infringement damages and other legal relief is completely barred by the applicable statute of limitations. 17 U.S.C. § 507(b)."

   **Denied.**

30. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Second Affirmative Defense, that "Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office. Alternatively, Harrington was willfully blind to the inaccuracy."

   **Denied. Plaintiff and her counsel are fully aware of the factual predicates for this defense, which Harrington and her counsel has received in multiple different responses from various defendants, including Island Villa.**

31. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Second Affirmative Defense, that "Plaintiff's certificate of registration is invalid for including a material inaccuracy actually known to Blaine Harrington when he filed the copyright application with the U.S. Copyright Office.

Alternatively, Harrington was willfully blind to the inaccuracy."

**Denied.**

32. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Third Affirmative Defense, that Defendant was not aware of any facts evidencing or supporting that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

**Denied.**

33. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Third Affirmative Defense, that "Plaintiff's Complaint fails to state a claim upon which relief may be granted."

**Denied.**

34. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Fourth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection."

**Denied.**

35. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Fourth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection."

**Admitted, but discovery is ongoing and Island Villa anticipates documents will be discovered to buttress and prove the facts supporting the defense.**

36. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Fifth Affirmative Defense, that "[b]ecause the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate."

**Denied.**

37. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Fifth Affirmative Defense, that "[b]ecause the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees: any alleged infringement would have commenced prior to the effective date of registration for any new copyright certificate."

**Admitted, as this defense is a direct legal consequence of the certificate's invalidity and would not, standing alone, have documents apart from documents showing that the certificate is invalid.**

38. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Sixth Affirmative Defense, that "Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces."

**Denied.**

39. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Sixth Affirmative Defense, that "Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces."

**Denied.**

40. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Seventh Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites."

**Denied.**

41. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Seventh Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff applied no copyright notice on the work, which can be found online on a number of websites."

**Denied.**

42. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Eighth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not

use any elements that are protectable expression."

**Denied.**

43. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Eighth Affirmative Defense, that "Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*, or did not use any elements that are protectable expression."

**Denied.**

44. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Ninth Affirmative Defense, that "Plaintiff's calculated effort to initially license its images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief."

**Denied.**

45. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Ninth Affirmative Defense, that "Plaintiff's calculated effort to initially license its images at market-rates and then cease doing so in furtherance of plaintiff's litigation business model constitutes unclean hands for which plaintiff is barred in pursuing any equitable relief."

**Admitted, but discovery is ongoing and Island Villa anticipates documents will be discovered to buttress and prove the facts supporting the defense.**

46. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Tenth Affirmative Defense, that "Plaintiff's equitable relief is barred by the doctrine of laches. … Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice."

**Denied.**

47. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Tenth Affirmative Defense, that "Plaintiff's equitable relief is barred by the doctrine of laches. … Plaintiff's delay was so unreasonable that laches bars the claim even without a showing of prejudice."

**Denied.**

48. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not aware of any facts evidencing or supporting the factual basis for your Eleventh Affirmative Defense, that "Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act."

**Denied.**

49. Admit that, at the time the Answer to the Complaint was filed in this lawsuit, Defendant was not in possession of any documents evidencing or supporting the factual basis for your Eleventh Affirmative Defense, that "Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act."

**Denied.**

  __/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY I hereby certify that a true and correct copy of the foregoing was served by email, pursuant to Fed. R. Civ. P. 5(b)(2) and Local Rules 5.1(e) and 5.2(a) on May 2, 2025, on all counsel or parties of record on the Service List below.

  __/s/ Griffin Klema_____
Griffin C. Klema, Esq.

### Service List

Daniel DeSouza, Esq.
Florida BarNo.: 19291
dan@copycatlegal.com
pleadings@copycatlegal.com
hali@copycatlegal.com
Lauren M. Hausman, Esq.

Florida Bar No.: 1035947
lauren@copycatlegal.com
**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
*Attorneys for Plaintiff*

Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendant*